<i>Law Offices of</i><br>
<b>SUSAN CHANA LASK</b>

<i>244 Fifth Avenue, Suite 2369</i><br>
<i>New York, N.Y. 10001</i>

(917) 300-1958     www.appellate-brief.com

<u>Via ECF</u>
May 25, 2017

Honorable Loretta A. Preska
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: <u>Karn v. Lask, # 15-09946</u>

Dear Judge Preska:

Pursuant to your Individual Rule 2A, I request a pre-motion conference to file a motion for disqualification of Plaintiff's counsel Douglas Dollinger. Dollinger was my former counsel who obtained my secrets and confidences which this court already disqualified him for filing a similar complaint to the one at bar. The non-moving party may submit a response in 3 business days.

**Facts**

In 2011, Ms. Lask[1] retained Douglas Dollinger to represent her against a Georgette Franzone who threatened legal malpractice to extract money. Franzone has a history of filing fraudulent complaints that are all dismissed with strong opinions about her false filings.[2] After months of obtaining Ms. Lask's confidential personal, business and financial information, Dollinger switched sides to represent Franzone against Ms. Lask where together they extorted her with threats to her career unless she paid them $50,000. Ms. Lask refused their extortion and took the case to the NY District Attorney and police.

It was discovered that Dollinger repeatedly represents a client then uses their confidences to extract money from them as documented in numerous cases (see SDNY 14-cv-03043, Dkt. 20, Grossi Cert.). In SDNY 14-cv-01819, Dr. Victor Schwartz also alleged Dollinger's extortion against his career. A May 22, 2014 Reply Brief for Sanctions against Dollinger, at FN 1 noted "this would not be the first time Mr. Dollinger has been sanctioned for making reckless and frivolous misrepresentations of fact and law to a court. See, e.g., *Divot Golf Corp. v. Citizens Bank*, No. 02-CV-10654-PBS, 2003 U.S. Dist. LEXIS 187, at *4 (D. Mass. Jan. 8, 2003) ("The Court holds that sanctions are appropriate, because plaintiffs' counsel Douglas R. Dollinger failed his Rule 11 duty to make a reasonable inquiry into the facts and law before filing the Amended Complaint, despite being put on notice by defendants of serious factual and legal deficiencies in the original Complaint."). While recklessness, frivolity and bad faith were not required for these Rule 11 sanctions against Mr. Dollinger, the court's comments indicate they

---

[1] I will refer to myself in the 3rd person to for ease of reference.
[2] Franzone v. City of New York, et. al, Index 16633/11, Kings County, Supreme Court; Franzone v. City of New York, et. al., Docket 13-05282, EDNY, Franzone v. multiple parties & entities in Index Nos. 040593/2007, 040594/2007, 025674/2009 and 16633/11, Kings County Supreme Court; Case #13–01269 EDNY Franzone v. Narbone et al; Case #14-cv-03043 SDNY Franzone v. Lask. This is not a complete recitation.

were present; Dollinger's "misstatements [were] even more egregious … given that defendants had already shown them to be false." Id. at *7.

After the District Attorney, Dollinger fled to North Carolina to target other parties where court opinions dismissed and lambasted his fraudulent filings and refusal to follow the law and court rules.³ After a 2014 IRS warrant for $214,626 and an July 2016 eviction case against Dollinger were filed in North Carolina resulting in a court ordered forced entry because Dollinger defrauded that party (Dkt 2016CVM014819, Mecklenburg County, NC), he fled there.

In April, 2014, Dollinger resurfaced in this court to mock the court and his ethical duties with Franzone designated as his "Director of Legal Affairs" on the right side of his letterhead (**Exhibit "A).** There they together continued their extortion by filing Franzone v. Lask, SDNY #14-cv-03043. There Dollinger violated court orders, contemptuously violated this court's order by uploading sealed documents and he lied that he never represented Ms. Lask. After extensive briefing and an *in camera* hearing directing Dollinger to testify, this court disqualified him then dismissed that complaint he filed. *Id.* Dkts. 80,81, 146.

Temporal to that, the Federal Court found that Dollinger lied and committed fraud by filing a sham complaint naming a fake plaintiff to harass a number of parties in *Indiezone, Inc. v. Rooke*, 2014 U.S. Dist. LEXIS 122807, 2014 WL 4354122 (N.D. Cal. Sept. 2, 2014).

In December, 2015, Dollinger resurfaced to continue his extortion of Ms. Lask by filing the case at bar, while refusing to pay the filing fee. He ignored this case for over a year until Ms. Lask notified this court**.** The case at bar mimics the dismissed Franzone complaint with the same sham counts in a prolix complaint prohibited by Rule 8 of Breach of Fiduciary Duty, Negligence, False Advertising, Mail/Wire Fraud, Negligent Infliction of Emotional Distress and Unjust Enrichment.

Before this case can proceed, the law requires a determination of whether disqualification of counsel is appropriate. Considering Dollinger's history of frauds on the court and his previous sham filing against Ms. Lask after he gained her confidences as her attorney, and this court's decision to disqualify him as counsel in a similar complaint he filed against her, he should be disqualified here as well as ethically charged.

**Law and Argument**

It is Ms. Lask's duty to bring Dollinger's conflict and unethical misconduct to the attention of this court. *Cohen v. Strouch*, 2011 U.S. Dist. LEXIS 30778, FN6 (SDNY, 2011). Accordingly, this "court is under a continuing obligation to supervise the members of its Bar." *Dunton, at* 909 (2d Cir. 1984). As well "[t]he authority of federal courts to disqualify attorneys derives from their inherent power to 'preserve the integrity of the adversary process.'" *Hempstead Video, Inc. v. Inc. Vill. of Valley Stream*, 409 F.3d 127, 132 (2d Cir. 2005).

The facts are serious. They show Dollinger uses the Federal courts to serially file sham complaints to harass and extort people and entities using the convenience of ECF. This court

---

³ In re Charbel Elias, 2014 WL 1248042 (EDNY, 2014) details Dollinger and Franzone deceiving the court and in January 2013, #05-03097 SDNY, Judge McMahon dismissed Dollinger's pro se complaint after he defied a court order to appear yet he dragged that frivolous case on for seven years. He defied the same court order before Judge Preska in 96 Broadway LLC, et al v. City of Newburgh et al, #07-06689. See also his misconduct in Sexauar v. Intellicel, SDNY #14-4314 and #15-2469.

held an *in camera* hearing where Dollinger admitted he files false complaints against Ms. Lask because he said she ruined his life. That admission derives from the fact that after he attempted to extort her as his client then she became a witness against him in a criminal complaint and in a recent SEC case involving Dollinger's sale of fake China Bonds to poor people by taking their life savings, stealing millions of dollars. Hence, the present second sham retaliatory complaint.

Notwithstanding the above brief summary of his serious unethical misconduct and frauds warranting this court's attention, is the fact of his irrefutable conflict of serial filings against Ms. Lask after gaining her confidences and secrets as her attorney. Disqualification is necessary when an attorney's successive representation of adverse interests raises the possibility that in the present matter **that attorney will improperly use confidences gained in the prior representation to the detriment of the former client**. For example, Disciplinary Rule 5-108 of the New York Code of Professional Responsibility provides:

Except with the consent of a former client after full disclosure a lawyer who has represented the former client in a matter shall not:

1. Thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client.
*United States Football League v. National Football League*, 605 F. Supp. 1448, 1452 (S.D.N.Y. 1985).

Under the "successive representation" test, an attorney should be disqualified from representing a client in a particular case if:

(1) the moving party is a former client of the adverse party's counsel;

(2) there is a substantial relationship between the subject matter of the counsel's prior representation of the moving party and the issues in the present lawsuit; and

(3) the attorney whose disqualification is sought had access to, or was likely to have had access to, relevant privileged information in the course of his prior representation of the client.
See *Evans*, 715 F.2d at 791 (citing Cheng v. GAF Corp., 631 F.2d 1052, 1055-56 (2d Cir. 1980), judgment vacated on other grounds, 450 U.S. 903; *Emle Indus., Inc. v. Patentex, Inc.*, 478 F.2d 562, 570-71 (2d Cir. 1973); *T.C. Theatre Corp. v. Warner Bros. Pictures, Inc.*, 113 F. Supp. 265, 268 (S.D.N.Y. 1953)).

This court already disqualified Dollinger because he filed the exact same complaint as the one at bar when he was formerly Ms. Lask's counsel who obtained her confidences, both personal, business and financial, to protect her from exactly such complaints regarding her practice. As her former counsel, he has all of her confidential information that will taint any trial, no less every proceeding herein. The Court of Appeals has recognized that "[i]f an attorney has represented a client in an earlier matter and then attempts to represent another in a substantially related matter which is adverse to the interests of the former client, the presumption of disqualification is irrebuttable". *Solow v. W.R. Grace & Co .,* 83 N.Y.2d 303, 313 (1994). The rule in this Circuit is that any doubt as to the existence of a conflict of interest should be resolved in favor of disqualification. *Hull v. Celanese Corp.*, 513 F.2d 568, 571 (2d Cir. 1975); *Bennett Silvershein Assocs. v. Furman,* 776 F. Supp. 800, 802 (S.D.N.Y. 1991) (Mukasey J.). Dollinger completely disregards his obligation to protect his client's, Ms. Lask's, confidences and secrets even after the attorney-client relationship ended. *Louima v. The City of New York,* No. 98 CV 5083 (SJ), 2004 WL 2359943, at *69 (E.D.N.Y. Oct. 18, 2004).

There is more than enough reason here, both factually and legally, to permit the disqualification motion to be filed. I respectfully request the court to permit a scheduling conference as soon as possible.

Very truly yours,
**LAW OFFICES OF SUSAN CHANA LASK**

/s Susan Chana Lask

**SUSAN CHANA LASK**

**Douglas R. Dollinger, P.C.**
**& Associates**
**Counselors at Law**
Admitted to Both
State & Federal Practice

Miguel R. San Jose, Esq.
Admitted in New Jersey

50 Main Street
Suite 1000
White Plains, New York 10606
ddollingerlaw.com

EXHIBIT A

Telephone
845.915.6800
Facsimile
845.845.6801
Affiliate Offices
San Diego-California
New York City-New York
Charlotte-North Carolina

Georgette Franzone
Director of Legal Affairs
845.206.9211

June 6, 2014

Hon. Gregory Woods USDCJ
U.S. District Court Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007-1312

Re: *Franzone, et al. v. Susan Lask-Case No. 14-03043-GHW*

Your Honor:

At the telephonic conference held in this matter on June 4, 2013, Defense Counsel Mr. Grossi indicated that he would be seeking to have portions of Plaintiff's Response letter redacted.

In response to the matter the parties were directed to attempt and fashion an agreement on the matter which was to be placed in writing and provide the Court with a copy of the agreement.

Although I have attempted to reach Mr. Grossi by both telephone and e-mail I have not been successful. It may be that he is engaged and fell behind. I simply wanted to respect the Court's direction and comply with its orders. Once communication has been established I will notify the Court.

Respectfully,

Douglas R. Dollinger, Esq.

CC: Edward R. Gossi via Email.