Law Office of
Douglas R. Dollinger, P.C.
& Associates, Counselors at Law
Admitted to Both
State and Federal Practice

570 County Route 49
Middletown New York 10940
ddollingeresq@gmail.com

Telephone
845.915.6800

Mobile
845.741.9363

Affiliated Offices
San Diego California
New York City New York
Charlotte North Carolina

**ECF Filing**　　　　　　　　　　　　　　　　　　　　　　　　May 27, 2017
United States District Courthouse
500 Pearl Street
New York, New York 10007-1312
Attn: Chambers The Hon. Loretta A. Preska

　　　　　　　　　　　　　　　Re: <u>Karn vs. Lask</u>-Case No: 15-09946

Your Honor:

　　　First and foremost, each of the claims Defendant Lask presented in her May 25, 2017 letter requesting disqualification of Attorney Dollinger are false, manipulations of fact-time and sequence. They are shamefully fraudulent, a willful attempt to prejudice plaintiff and to improperly influence the Court in its ability to impartially adjudicate the Plaintiff's claims of file churning.

　　　Far worse, her letter is a faithless attempt to unreasonably and vexatiously multiply these proceedings. It is a sham attempt to delay the filing of her answer-response by insincerely seeking Counsel's disqualification. Not too surprisingly, and evidence of Defendant's insincerity is the fact that the matter of any conflict, although it could have been asserted earlier on, it was not. Effectively, it has been waived even if it did exist.

　　　For the reason that there are no pending or prior disciplinary proceedings-findings or other prohibitions, on the Defendant's claim that there are, this statement rises to the level of fraud on the Court by her intentional-reckless disregard of the truth and her bad faith-improper assignment of false facts.[1]

　　　Although not relevant, it was previously presented to the Court that Mr. Dollinger will not be directly engaged in the prosecution of the Plaintiff's claims. Mr. Kenneth Craig intends to seek admission of counsel to the firm and appear in this matter pro hac vice.

---

[1] In the matter of *Indiezone vs Indiezone, Inc. v. Rooke*, 9th Circuit Court of Appeals No. 14-16895 and 15-17339 the Appeal is pending. Again, the Court of Appeals *sua sponte* recalled its dismissal mandate finding extraordinary circumstances establishing Plaintiff's and Counsel's actual innocence to the matters sanctioned for by the district court.

In the event this Court permits Defendant to proceed with a motion to disqualify Counsel, Counsel seeks an advisory order directed to the defendant cautioning her that she **must** establish the conflict claimed through actual facts which exists in this case; facts which are substantially related to the instant matter and any prior representation by Mr. Dollinger whether joint or as claimed by her concerning the former shared client-Franzone,[2] as well as this Plaintiff and the Defendant as to her secrets and confidences.

Noteworthy, Defendant's arguments as claimed rest on the assertion that the Complaint alleges similar conduct as the conduct claimed in the Franzone case and that in some manner the facts alleged implicate access and use of her secrets and confidential information.

The basis for the advisory request is the actual knowledge by the Defendant that there is no truth to the claim of secrets and confidences supporting disqualification for the reason that at no time did Mr. Dollinger or any member of his office meet or ever have a conversation with the Plaintiff-Karn concerning the Defendant or involving her claims against the Defendant until long after Defendant's representation of her was concluded.

This means for the reason that Plaintiff and Mr. Dollinger never met until after Defendant's representation of her concluded there could be no possibility of his becoming a witness by reason of his access to, or even likely access to, relevant privileged information of a secretive or confidential nature in the course of Plaintiff's representation by Ms. Lask and the proceedings as pending before this Court.

And, notwithstanding her arguments, the case law cited by Defendant[3] is antagonistic to her claims for disqualification. While Defendant and Counsel may have jointly represented Ms. Franzone in a completely unrelated proceeding there is virtually no relationship, let alone a substantial relationship, between the factual matters in the instant lawsuit and any prior representation of the defendant involving that matter and the facts in the present lawsuit which could even remotely support a claim of secret or confidential information and that are not already in the public realm.

---

[2] The Court in the *Franzone vs Lask* matter was specific in its findings that it was not treating the disqualification as a sanction where the compelling testimony was the shared representation of Ms. Franzone.

[3] *Evans*, 715 F.2d at 791 (citing *Cheng v. GAF Corp.*, 631 F.2d 1052, 1055-56 (2d Cir. 1980), judgment vacated on other grounds, 450 U.S. 903; *Emle Indus., Inc. v. Patentex, Inc.*, 478 F.2d 562, 570-71 (2d Cir. 1973); *T.C. Theatre Corp. v. Warner Bros. Pictures, Inc.*, 113 F. Supp. 265, 268 (S.D.N.Y. 1953)).

Evidence of the truth as to the nonexistence of her claims exist in the fact that each of the allegations asserted in the Plaintiff's Complaint was composed entirely of interviews with the Plaintiff, copies of emails between her and the Defendant, application of the case law relevant to the claims, filed pleadings, and other third party correspondence-emails, letters sent by defendant to third-parties as well as orders issued by various courts, none of which implicate a secret or confidence learned from her.

This is proven true by the very fact that the Defendant fails to, because she cannot, point to a single fact which she herself has not already waived in support of her claims of successive representation involving a substantial relationship between the subject matter of any claimed prior representation of her and the issues in the present lawsuit involving this Plaintiff.

If Defendant Lask has a claim for Counsel's disqualification she should put it in writing-sign it and present it to the Court on the record. If the Court then deems the motion was made for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation it has the power to correct the situation.

For the foregoing reasons the Court should deny Defendant's request for a pretrial conference and require defendant to first provide the Court with specifics by pointing to the facts which are related-substantially related to the instant matters in this case as proof of any disclosure of a secret or confidence by letter and under seal if she so desires. This office will then provide details establishing the independent source of any fact claimed in the complaint.

This case is about Plaintiff's claims of wrongdoing against Defendant and her representation of Plaintiff, nothing more. Ms. Lask's attempt to disqualify the undersigned is in bad faith and an intended abuse of the litigation system in needlessly multiply the proceedings for the purpose of delaying the submission of her answer-response to the Plaintiff's claims.

The Court should not fall prey to these tactics. Likewise, Plaintiff should not become a victim either.

Respectfully,
*Douglas R. Dollinger, Esq.*
Douglas R. Dollinger, Esq.

DRD/jc on tape Ken Craig, Esq.

CC: S. Lask