*Law Offices of*
# SUSAN CHANA LASK

*244 Fifth Avenue, Suite 2369*
*New York, N.Y. 10001*

(917) 300-1958     www.appellate-brief.com

<u>Via ECF</u>
May 30, 2017

Honorable Loretta A. Preska
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: <u>Karn v. Lask, # 15-09946</u>

Dear Judge Preska:

 I submit this brief reply to Mr. Dollinger's response. First and foremost, I have notified this Court in my filings about Dollinger's established history of sanctions, unethical conduct and actual fraud in the Federal Court as found in *Indiezone*. His response commits yet another fraud in this federal Court by his following statement in his response:

> "*Indiezone vs Indiezone, Inc. v. Rooke*, 9th Circuit Court of Appeals No. 14-16895 and 15-17339 the Appeal is pending. Again, the Court of Appeals *sua sponte* recalled its dismissal mandate finding extraordinary circumstances **establishing Plaintiff's and Counsel's actual innocence to the matters sanctioned for by the district court**."(emphasis added).

That court never found "**actual innocence**" of Dollinger. Dollinger filed an appeal of his fraud finding. One look at that docket reveals he delayed and protracted that case too with his refusals to file documents and his numerous last minute claims of an emergency. The *Indiezone* Circuit docket reveals his lie as no order exist establishing his "actual innocence". Also, today Keiko Sugisako, Esq., attorney for appellee, confirmed that statement is patently false (**Exhibit "A"- with Order attached**). Hence, Dollinger's deceit on this court by that lie alone is extremely serious and perjury, but we must consider the compound effect that it is one of many of his frauds made here and in other venues as my previous letter and filings in this case all establish.

 Returning to his response, it is bereft of any law or fact opposing scheduling a pre-motion conference to disqualify Dollinger and anyone associated with him. In fact, it admits that he can not be counsel because of his alleged illness so a Mr. Craig from Texas will apply PHV. Notably, he made that representation to this court numerous time for months before in his filings yet there is no PHV filing. Moreover, Dollinger admits that Craig is associated with his office. That creates a Chinese Wall issue in addition to the ethical issues Craig presents that a disqualification motion must address. For instance, this court and I experienced Craig and Dollinger's previous misconduct where they filed sham motions by Craig who was not admitted here, he refused to produce the documents required by this court to grant PHV and then he disappeared after wasting the valuable time of me and this court for months, resulting in several orders against Craig and finally removing him from the docket when he unlawfully added his name to it (**Dkt. 27**, see p. 2 & Exhs. A-D).

Finally, Dollinger's response asks this court to do certain unusual things akin to an injunction before I can file my motion. That is an unsound request, accordingly without any law or fact supporting it. The purpose of the motion to disqualify will handle all issues, not some unknown "motion" before the motion to disqualify. Whatever he requests in his letter can be addressed in the actual motion proceedings.

Again, the rule in this Circuit is that any doubt as to the existence of a conflict of interest should be resolved in favor of disqualification. *Hull v. Celanese Corp.*, 513 F.2d 568, 571 (2d Cir. 1975); *Bennett Silvershein Assocs. v. Furman,* 776 F. Supp. 800, 802 (S.D.N.Y. 1991) (Mukasey J.). There is more than enough reason here, both factually and legally, to permit the disqualification motion to be filed.

I respectfully request the court (a) stay any pending schedule and (b) hold a scheduling conference as soon as possible so I may file my disqualification motion.

    Very truly yours,
    **LAW OFFICES OF SUSAN CHANA LASK**

    /s Susan Chana Lask

    **SUSAN CHANA LASK**

**From:** SCL  **EXHIBIT A**
**Sent:** Monday, May 29, 2017 12:45 PM
**To:** Keiko Sugisaka
**Subject:** 5-29-17Lask-KS_Dollinger

Today I received a letter sent by Dollinger to the SDNY judge stating the below about the case you were in.

Kindly inform me if the below is true that a Court of Appeals established Dollinger and Plaitiff's "actual innocence" from the District Court's sanctions finding as he states below:

"*Indiezone vs Indiezone, Inc. v. Rooke*, 9th Circuit Court of Appeals No. 14-16895 and 15-17339 the Appeal is pending. Again, the Court of Appeals *sua sponte* recalled its dismissal mandate finding extraordinary circumstances establishing Plaintiff's and Counsel's actual innocence to the matters sanctioned for by the district court."

Thank you.

Susan Chana Lask, Esq.

www.appellate-brief.com

917.300-1958

This e-mail is confidential and intended for a specific recipient. If received in error, please notify the sender and delete.

-------------

**From:** Keiko Sugisaka <Keiko.Sugisaka@maslon.com>
**Date:** Tuesday, May 30, 2017 at 10:37 AM
**To:** "Susan Chana Lask, Esq." <susanlesq>
**Subject:** RE: 5-29-17Lask-KS_Dollinger

Ms. Lask –

Please find attached the relevant appellate filings. On January 26, 2016, the Ninth Circuit dismissed a second appeal filed by the appellant in our matter for lack of jurisdiction. On April 15, 2016, the court sua sponte recalled the dismissal under the "extraordinary circumstances" standard without any comment on the merits of the appeal and therefore the second appeal went forward. Both appeals have been fully briefed and are awaiting notice if there will oral argument. Please let me know if you have any further questions. Thank you, Keiko

------------

**On Tue, May 30, 2017 at 10:54 AM -0500, "SCL" <susanlesq> wrote:**

Thank you for your response.
So I would be correct to represent to the court that his statement that the Circuit Court "establishing Plaintiff's and Counsel's actual innocence to the matters sanctioned for by the district court." is untrue.

Meaning, there was never a determination establishing anyone's "actual innocence", correct?

Susan Chana Lask, Esq.

www.appellate-brief.com

917.300-1958

------------------

**From:** Keiko Sugisaka <Keiko.Sugisaka@maslon.com>
**Date:** Tuesday, May 30, 2017 at 11:55 AM
**To:** "Susan Chana Lask, Esq." <susanlesq>
**Subject:** Re: 5-30-17Lask-KS_Dollinger

Correct.

Get Outlook for Android

FILED

APR 15 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| INDIEZONE, INC., and EOBUY, LIMITED,<br><br>    Plaintiffs - Appellants,<br><br>CONOR FENNELLY, CEO, and DOUGLAS RICHARD DOLLINGER, Counsel,<br><br>    Appellants,<br><br> v.<br><br>TODD ROOKE; et al.,<br><br>    Defendants - Appellees. | No. 15-17339<br><br>D.C. No. 3:13-cv-04280-VC<br>Northern District of California,<br>San Francisco<br><br>ORDER |

Before: GOODWIN, TALLMAN, and NGUYEN, Circuit Judges.

We sua sponte recall the mandate because there are "extraordinary circumstances" supporting such relief. *See Calderon v. Thompson*, 523 U.S. 538, 550 (1998).

We sua sponte vacate the January 26, 2016 order of dismissal. The December 10, 2015 order to show cause is discharged.

SL/MOATT

Appellant's request to remand this appeal is denied as unnecessary. *See* Fed. R. Civ. P. 62.1(a)(2) (the district court may entertain and deny a Rule 60(b) motion it would lack the authority to grant).

The court will set a new briefing schedule by separate order.