*Law Offices of*
# SUSAN CHANA LASK

*244 Fifth Avenue, Suite 2369*
*New York, N.Y. 10001*

(917) 300-1958                                     www.appellate-brief.com

**Via ECF**
October 16, 2017

Honorable Loretta A. Preska
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: <u>Karn v. Lask</u>, # 15-09946

[Stamp: USDC SDNY / DOCUMENT / ELECTRONICALLY FILED / DOC #: / DATE FILED: 10/19/17]

Dear Judge Preska:

I write in reply to Mr. Craig's latest letter at docket 91.

First, he does not refute the law mandating that the Karn Declaration and all exhibits attached thereto should be stricken as a prohibited filing of additional conclusory allegations and facts pursuant to *Friedl v. City of New York*, 210 F.3d 79, 83-84 (2d Cir. 2000) and other cases cited in my October 16 letter (**Dkt. 90**). In fact, he admits that affidavit is prohibited as "Plaintiff's Declaration there are many issues of fact raised" (**Dkt. 91, p.2**). It is indisputable by the declaration itself and now by Mr. Craig's admission that the declaration adds facts at the motion to dismiss stage that is prohibited by law, and is actually an attempt to amend the complaint which the court is limited at this stage to its four corners.

Next, Mr. Craig claims his apology for disobeying your rules and orders should excuse him. There is no excuse for his constant flagrant violations of your rules and orders as this docket shows, and my October 16 letter set forth. No less, there is no excuse for his prohibited 28 page memorandum and a 19 page declaration to supplement that in violation of your 20 page limit and the law. Most disturbing, he states that "In the future I will, as is my normal practice, move for permission" (**Dkt. 91, p.2**); however, a PACER search of Mr. Craig reveals that he never handled a Federal case before his *pro hac vice* here (**Exhibit "A"**). Also, I cannot find one state case where he was counsel. Accordingly, it is another deception upon this court to claim he has a "normal practice" when he does not have a practice.

Finally, his deflections about a "subpoena" discussion with an unnamed counsel and his claim that he spoke to an unnamed clerk at ECF are as false.

Considering the law and Mr. Craig's admissions in his latest letter, it is respectfully requested that (a) Docket 83-1 and every exhibit referenced therein be stricken and (b) if the court strikes that, to permit my reply at an extended 20 pages on or before November 3, 2017. I urge the court to grant today's relief considering Mr. Craig's admission and the obvious prohibited declaration to avoid further motion practice and delay by the alternative relief requested in my October 16, 2017 letter for a motion to strike before a reply can be filed.

Very truly yours,
**LAW OFFICES OF SUSAN CHANA LASK**
/s Susan Chana Lask
SUSAN CHANA LASK

[Handwritten annotation by Judge: "DENIED. Counsel are cautioned to refrain from ad hominem attacks in correspondence with the court. Failure to do so might result in filings being stricken." Signed Loretta A. Preska 10/19/17]

Loretta A. Preska
United States District Judge