UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MARGARET RHEE-KARN,

                                                                                                                     Case No. 15-cv-9946 (LAP)

             Plaintiff,

  -against-

SUSAN CHANA LASK, ESQ.,

             Defendant.
-------------------------------------------------------------X

## DEFENDANT'S REPLY MEMORANDUM OF LAW

William T. McCaffery, Esq.
L'Abbate, Balkan, Colavita & Contini, L.L.P.
Attorneys for Defendant
Susan Chana Lask, Esq.
1001 Franklin Avenue
Garden City, New York 11530
(516) 294-8844
wmccaffery@lbcclaw.com

# TABLE OF CONTENTS

Table of Authorities ...................................................................................................................ii

I. Standard of Review .................................................................................................................1

II. Clear Error and Manifest Injustice .........................................................................................3

III. Plaintiff's Negligence Claim Should have been Dismissed ...................................................4

    A. Professional Judgment Rule ..............................................................................................4

        a. Expert Witness...............................................................................................................4

        b. Federal Court Actions....................................................................................................6

    B. Proximate Cause/Speculation ............................................................................................9

# TABLE OF AUTHORITIES

*Agron v. Douglas W. Dunham, Esq. & Assocs.*,
2004 U.S. Dist LEXIS 5412, 2004 WL 691682 (S.D.N.Y. 2004) ............................................................ 2

*Berkeley v. Liddle*,
247 A.D.2d 231, 668 N.Y.S.2d 354 (1st Dep't 1998) .................................................................................. 5

*Brook Plaza Opthalmology Associates, P.C. v.*
*Fink, Weinberger, Fredman, Berman & Lowell, P.C.*,
173 A.D.2d 170, 569 N.Y.S.2d 25 (1st Dep't 1991) .................................................................................... 8

*Brookwood Companies, Inc. v. Alston & Bird LLP*,
146 A.D.3d 662, 49 N.Y.S.3d 10 (1st Dep't 2017) ...................................................................................... 8

*Diamond "D" Const. Corp. v. McGowan*,
282 F.3d 191 (2d Cir. 2002) ......................................................................................................................... 7

*Dimond v. Kazmierczuk & McGrath*,
15 A.D.3d 526, 790 N.Y.S.2d 219 (2d Dep't 2005) .................................................................................... 5

*Eschbach v. Eschbach*,
56 N.Y.2d 167, 436 N.E.2d 1260, 451 N.Y.S.2d 658 (1982) .............................................................. 5, 9

*In re Arbitration of Briamonte v. Liberty Brokerage, Inc.*,
2000 WL 666350 (S.D.N.Y. 2000) ............................................................................................................. 1

*King County, Wash. v. IKB Deutsche Industriebank AG*,
863 F.Supp.2d 317 (S.D.N.Y. 2012) ....................................................................................................... 1, 3

*Leder v. Spiegel*,
9 NY3d 836, 872 N.E.2d 1194, 840 NYS2d 888 (2007) ........................................................................... 2

*Matter of Louise E.S. v. W. Stephen S.*,
64 N.Y.2d 946, 477 N.E.2d 1091, 488 N.Y.S.2d 637 (1985) .................................................................... 9

*Palazzolo v. Herrick, Feinstein, LLP*,
298 AD2d 372, 751 N.Y.S.2d 401 (2d Dept 2002) .................................................................................... 2

*Pellegrino v. File*,
291 A.D.2d 60 (1st Dep't 2002) .................................................................................................................. 2

*Phillips-Smith Specialty Retail Group II, L.P. v.*
*Parker Chapin Flattau & Klimpl, LLP*,
265 A.D.2d 208, 696 N.Y.S.2d 150 (1st Dep't 1999) .............................................................................. 10

*Pouncy v. Solotaroff,*
100 A.D.3d 410, 953 N.Y.S.2d 497 (1st Dep't 2012).................................................................8

*Reibman v. Senie,*
302 A.D.2d 290 (1st Dep't 2003)..................................................................................................2

*Rhee-Karn v. Burnett,*
2014 U.S. Dist. LEXIS 128199 (S.D.N.Y. Sep. 12, 2014).............................................................7

*Rosner v. Paley,*
65 NY2d 736, 481 N.E.2d 553, 492 N.Y.S.2d 13 (1985) ............................................................1

*Rosner v. Paley,*
65 N.Y.2d 736, 481 N.E.2d 553, 492 N.Y.S.2d 13 (1985) ..........................................................8

*Salichs v. Tortorelli,*
2004 WL 602784 (S.D.N.Y. Mar. 29, 2004)................................................................................2

*Shaub & Williams, L.L.P. v. Augme Techs., Inc.,*
No. 13 Civ. 1101 (GBD), 2014 U.S. Dist. LEXIS 23917,
2014 WL 625390 (S.D.N.Y. Feb. 14, 2014) ...............................................................................2

*Sitomer v. Goldweber Epstein, LLP,*
139 A.D.3d 642, 34 N.Y.S.3d 8 (1st Dep't 2016).......................................................................6

*Stonewall Corp. v. Conestoga Title Ins. Co.,*
678 F.Supp.2d 203 (S.D.N.Y. 2010) ............................................................................................2

*Strook & Strook & Lavan v. Beltramini,*
157 A.D.2d 590, 550 N.Y.S.2d 337 (1st Dep't 1990).................................................................2

*Terracino v. McGarriy,*
2017 U.S. Dist. LEXIS 79722 (SDNY 2017)................................................................................2

*Younger v. Harris,*
401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971)......................................................................6

*Zelnik v. Zelnik,*
196 A.D.2d 700, 601 N.Y.S.2d 701 (1st Dep't 1995)..................................................................9

# I. STANDARD OF REVIEW

In opposition to the instant motion, plaintiff argues that the defendant is advancing "new theories," which is inappropriate for a motion to reargue. (*See*, p. 1 of plaintiff's Memorandum of Law [Dkt. 108].) Plaintiff's contention is incorrect.

To succeed on a motion for reargument, the moving party must demonstrate that the Court overlooked controlling decisions or factual matters that were placed before the Court in the underlying motion. *In re Arbitration of Briamonte v. Liberty Brokerage, Inc.*, 2000 WL 666350 (S.D.N.Y. 2000). A motion for reargument is also appropriate where there is a need to correct a clear error or prevent manifest injustice. *King County, Wash. v. IKB Deutsche Industriebank AG*, 863 F.Supp.2d 317, 319 (S.D.N.Y. 2012).

First, defendant seeks reargument based upon the language of the Court's Order of September 30, 2018 (Dkt. 97), which affirmatively states that the defendant was negligent and that such negligence was the proximate cause of certain damages claimed by the plaintiff. Where it was clearly not the intent of the Court to award summary judgment to the plaintiff, there is a need to correct this error in order to prevent manifest injustice.

Second, defendant seeks reargument on the grounds that in rendering its decision of September 30, 2018 (Dkt. 97), the Court overlooked controlling decisions on the Professional Judgment Rule and proximate cause. These are not "new theories" raised for the first time on defendant's motion to reargue. Indeed, with regard to the Professional Judgment Rule, defendant's original motion to dismiss raised that argument and cited such case law:

- "The other allegations are about an error of judgment by an attorney or the 'selection of one among several reasonable courses of action [that] does not constitute malpractice.' *Rosner v. Paley*, 65 NY2d 736, 738, 481 N.E.2d 553, 492 N.Y.S.2d 13 (1985)." (*See*, p. 15 of defendant's Memorandum of Law in support of original motion to dismiss [Dkt. 76].)

- "Nevertheless, a client's legal malpractice claim amounting only to criticism of counsel's strategy may be dismissed as insufficient. *Palazzolo v. Herrick, Feinstein, LLP,* 298 AD2d 372, 751 N.Y.S.2d 401 (2d Dept 2002)." (*See,* p. 16 of defendant's Memorandum of Law in support of original motion to dismiss [Dkt. 76].)

Defendant's original motion to dismiss also raised proximate cause and cited such case law:

- "Proximate cause is proven as 'but for the attorney's negligence, what would have been a favorable outcome was an unfavorable outcome.' *Stonewall Corp. v. Conestoga Title Ins. Co.,* 678 F.Supp.2d 203, 209 (S.D.N.Y. 2010). In other words, plaintiff must show that she would have achieved a particular result but for the negligence. *Agron v. Douglas W. Dunham, Esq. & Assocs.,* 2004 U.S. Dist LEXIS 5412, 2004 WL 691682 (S.D.N.Y. 2004)....The plaintiff's claims should be dismissed. They are conclusory, speculative and contradicted by the documentary evidence." (*See,* p. 14 of defendant's Memorandum of Law in support of original motion to dismiss [Dkt 76].)

- "As well, nothing in the October 21, 2014 Family Court decision suggests that defendant's representation would have resulted in a different decision. *Strook & Strook & Lavan v. Beltramini,* 157 A.D.2d 590, 550 N.Y.S.2d 337 (1st Dep't 1990)." (*See,* p. 15 of defendant's Memorandum of Law in support of original motion to dismiss [Dkt. 76].)

- "There is no proof that any alleged failures of defendant even plausibly were the proximate cause of damages sustained by the plaintiff. *Leder v. Spiegel,* 9 NY3d 836, 872 N.E.2d 1194, 840 NYS2d 888 (2007)." (*See,* p. 16 of defendant's Memorandum of Law in support of original motion to dismiss [Dkt. 76].)

- "'The failure to establish proximate cause mandates the dismissal of a legal malpractice action, regardless of the negligence of the attorney.' *Reibman v. Senie,* 302 A.D.2d 290, 291 (1st Dep't 2003); *accord Salichs v. Tortorelli,* 2004 WL 602784, at *4 (S.D.N.Y. Mar. 29, 2004) (*quoting Pellegrino v. File,* 291 A.D.2d 60, 63 (1st Dep't 2002))." (*See,* p. 17 of defendant's Memorandum of Law in support of original motion to dismiss [Dkt. 76].)

- "Although a wholly false allegation, plaintiff still fails to allege even plausibly that she would have prevailed but for defendant's failure to call that expert. *Terracino v. McGarriy,* 2017 U.S. Dist. LEXIS 79722 (SDNY 2017). 'Counsel's alleged misconduct is not the proximate cause of the harm if the client cannot demonstrate its own likelihood of success absent such misconduct.' *Shaub & Williams, L.L.P. v. Augme Techs., Inc.,* No. 13 Civ. 1101 (GBD), 2014 U.S. Dist. LEXIS 23917, 2014 WL 625390, at *5 (S.D.N.Y. Feb. 14, 2014)." (*See,* p. 17 of

defendant's Memorandum of Law in support of original motion to dismiss [Dkt. 76].)

Clearly, the issues of the Professional Judgment Rule and proximate cause were asserted in defendant's original motion to dismiss (Dkt. 76); they are not new theories.

## II. CLEAR ERROR AND MANIFEST INJUSTICE

As noted above, a motion for reargument is appropriate where there is a need to correct a clear error or prevent manifest injustice. *King County, Wash. v. IKB Deutsche Industriebank AG,* 863 F.Supp.2d 317, 319 (S.D.N.Y. 2012). The Court's affirmative language that the defendant was negligent in her representation of the plaintiff and that such negligence was the proximate cause of certain damages claimed by the plaintiff clearly presents such a circumstance.

The fact that the language of the Court's decision of September 30, 2018 is construed to award summary judgment to the plaintiff on the issues of proximate cause and damages is evident in plaintiff's counsel's opposition to the instant motion wherein he argues that "The Court's rulings are conclusions of law based on the record of procedural facts and do not constitute manifest injustice" and that "This Court concluded that Lask's decision to commence two federal lawsuits challenging the propriety of the Family Court proceedings while the Family Court proceeding was still pending constituted legal malpractice" and that "This Court held that Defendant's conduct fell below the ordinary and reasonable skill and knowledge commonly possessed by an attorney." (*See,* p. 4 and pp. 9-10 of plaintiff's Memorandum of Law in opposition to the instant motion [Dkt. 108].) Clearly, plaintiff argues that these affirmative statements made by the Court in its September 30, 2018 Order (Dkt. 97) are law of the case and that negligence and proximate cause have been determined by the Court against the defendant.

However, as detailed in defendant's original Memorandum of Law in support of the instant motion, the Court clearly did not intend to affirmatively hold that the defendant was

negligent in pursuing the Federal Court actions and that such negligence was the proximate cause of certain damages claimed by the plaintiff. In order to prevent the September 30, 2018 Order from being interpreted as awarding summary judgment to the plaintiff on the above discussed issues, a result that would be manifestly unjust, it is respectfully requested that the Court grant reargument and that upon reargument, the erroneous language of the subject Order be corrected.

### III. PLAINTIFF'S NEGLIGENCE CLAIM SHOULD HAVE BEEN DISMISSED

Plaintiff's claim of negligence (Count II of the third amended complaint) is the only claim in this action that was not dismissed. As defendant's original Memorandum of Law in support of the instant motion details (Dkt. 107), had the Court not overlooked controlling decisions on the "Professional Judgment Rule" and proximate cause, then plaintiff's negligence claim would have been dismissed.

The Court's Order of September 30, 2018 (Dkt. 97) holds that plaintiff has alleged two potential claims for legal malpractice: (1) that defendant was negligent in failing to call an appropriate expert witness to rebut the testimony of the Court appointed psychiatrist, which allegedly caused her to lose the underlying Family Court proceeding; and (2) that defendant was negligent in pursuing two federal actions on plaintiff's behalf, which allegedly caused her to incur otherwise unnecessary legal fees. Both of these claims should have been dismissed.

**A. Professional Judgment Rule**

**a. Expert Witness**

As detailed in defendant's original Memorandum of Law in support of the instant motion (Dkt. 107), as a matter of law, defendant cannot be liable to the plaintiff for her choice of expert witness or for electing not to call an expert to rebut the testimony of the Court appointed neutral expert as such decisions are protected by the Professional Judgment Rule.

In opposition, plaintiff cites *Berkeley v. Liddle,* 247 A.D.2d 231, 668 N.Y.S.2d 354 (1st Dep't 1998), which was cited in the Court's decision of September 30, 2018. Contrary to plaintiff's contention and this Court's Order of September 30, 2018, *Berkeley v. Liddle* is not applicable to the instant action. In *Berkeley,* the therapist-expert retained by the attorney-defendant was not licensed in New York and her testimony also could not be introduced because the therapist-expert's notes were not made available to the other side. Such is not the case in the instant action; nothing prohibited the testimony of the expert, Dr. Gould, retained by the defendant in the underlying Family Court proceeding and plaintiff does not allege that he was prohibited from testifying in the underlying Family Court proceeding. Moreover, *Berkeley* does not involve a Family Court appointed neutral expert as was the case here. The law is established that a Family Court appointed neutral expert opinion **is not determinative** as the court must evaluate the record as a whole and make a decision based upon the totality of the circumstances, including the plaintiff's demeanor and testimony (*Eschbach v. Eschbach,* 56 N.Y.2d 167, 172 436 N.E.2d 1260, 451 N.Y.S.2d 658 (1982)). Accordingly, the underlying decision affirms it was made upon numerous factors, not based upon the expert report. (*See* p. 9 below for additional case law on this issue.)

Plaintiff argues that defendant was negligent in retaining Dr. Gould because he was only a Ph.D., whereas the court appointed neutral expert was an M.D. (*See,* p. 9 of plaintiff's Memorandum of Law in opposition to the instant motion [Dkt. 108].) However, the fact that Dr. Gould had a Ph.D. degree and not an M.D. degree did not disqualify him or prohibit him from testifying in the Family Court proceeding in any way. As discussed in defendant's original Memorandum of Law, the instant action is akin to *Dimond v. Kazmierczuk & McGrath,* 15 A.D.3d 526, 790 N.Y.S.2d 219 (2d Dep't 2005) (an attorney's selection of an expert witness is

protected by the "Professional Judgment Rule") and *Sitomer v. Goldweber Epstein, LLP,* 139 A.D.3d 642, 34 N.Y.S.3d 8 (1st Dep't 2016) (an attorney cannot be held liable for electing not to call an expert to rebut the testimony of a Court appointed expert). Plaintiff did not refute or even address this controlling case law in opposition to the instant motion.

As plaintiff has not refuted or even addressed the case law cited in defendant's original Memorandum of Law that defendant's selection of the expert witness and choice not to call an expert to rebut the testimony of the Court appointed psychiatrist is protected by the Professional Judgment Rule, plaintiff's claim in this regard should be dismissed.

### b. Federal Court Actions

Defendant's original Memorandum of Law in support of the instant motion also argued that plaintiff's claim that defendant was negligent in pursuing the Federal Court actions should have been dismissed as defendant's actions in this regard were also protected by the Professional Judgment Rule. In opposition, plaintiff argues that defendant's pursuit of the Federal Court action on plaintiff's behalf was not an error in judgment, but rather was "purely error in law" constituting negligence. (*See,* pp. 5-6, Dkt. 108.) Plaintiff's argument in this regard is incorrect.

Defendant's pursuit of the Federal Court actions was not an error of law. Such actions are permissible. Pursuant to *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), Federal Courts are generally required to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings.

> *Younger* abstention is required when three conditions are met: (1) there is an ongoing state proceeding; (2) an important state interest is implicated in that proceeding; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims. *Grieve v. Tamerin,* 269 F.3d 149, 152 (2d Cir.2001). The parties here agree that all three conditions are satisfied.

> Despite the strong policy in favor of abstention, a federal court may nevertheless intervene in a state proceeding upon a showing of "bad faith, harassment or any other unusual circumstance that would call for equitable relief." *Younger,* 401 U.S. at 54, 91 S.Ct. 746. However, a plaintiff who seeks to head off *Younger* abstention bears the burden of establishing that one of the exceptions applies. *See Kirschner v. Klemons,* 225 F.3d 227, 235–36 (2d Cir.2000).

*Diamond "D" Const. Corp. v. McGowan,* 282 F.3d 191, 198 (2d Cir. 2002).

Plaintiff would have this Court believe that any attorney that commences a Federal Court action and attempts to demonstrate an exception to the *Younger* abstention is liable to her client for legal malpractice. Clearly, this is not so; there are circumstances where *Younger* exceptions can be granted and it is not malpractice for an attorney to seek a *Younger* exception, even if the exception is not granted by the Court. Holding an attorney liable in malpractice for seeking a *Younger* exception would have a chilling effect upon attorneys and would inhibit attorneys from seeking such exceptions where such an exception may be warranted. Could an attorney then be held liable in malpractice for failing to seek a *Younger* exception where one might be warranted? This very question demonstrates that defendant's pursuit of the Federal Court actions cannot be deemed negligence.

Based upon the foregoing, while the Federal Court action was not ultimately successful, it was not premature or without legal merit. At no time did Judge Oetken in *Rhee-Karn v. Burnett,* 2014 U.S. Dist. LEXIS 128199 at *18 (S.D.N.Y. Sep. 12, 2014) find that the defendant acted frivolously, that her filing was baseless, nor did he sanction her in any way. In fact, Judge Oetken acknowledged the defendant's argument that extraordinary circumstances existed:

> [t]he Court is mindful of the seriousness of Plaintiffs' allegations, particularly given the Appellate Division's findings regarding Burnett and the documented issues involving the New York Family Court system. *See In re Rodger W., II v. Samantha S.,* 95 A.D.3d 743, 945 N.Y.S.2d 90 (1st Dep't 2012); *Patricia C. v.*

> *Bruce L.*, 46 A.D.3d 399, 848 N.Y.S.2d 102 (1st Dep't 2007); Report to the Chief Judge of the State of New York, located at www.courts.state.ny/reports/matrimonialcommission.pdf. However, it must also give due consideration to the State of New York and its authority over family law matters.

*Id.* at *18.

It is well settled that a client's disagreement with her attorney's strategy does not support a claim for legal malpractice, even if the strategy had its flaws. *See, Brookwood Companies, Inc. v. Alston & Bird LLP*, 146 A.D.3d 662, 49 N.Y.S.3d 10 (1st Dep't 2017). "While other options may have been available to defendants, their choice of one of several reasonable alternatives certainly does not amount to malpractice [citation omitted]." *Brook Plaza Opthalmology Associates, P.C. v. Fink, Weinberger, Fredman, Berman & Lowell, P.C.*, 173 A.D.2d 170, 171, 569 N.Y.S.2d 25 (1st Dep't 1991). "Construing the third-party complaint liberally in favor of the third-party plaintiffs, it alleges no more than an error of judgment by [third-party defendant-attorney], which does not rise to the level of malpractice [citations omitted]." *Rosner v. Paley*, 65 N.Y.2d 736, 738, 481 N.E.2d 553, 492 N.Y.S.2d 13 (1985). Plaintiff's claims of negligence against the defendant in the instant action are nothing more than retrospective complaints about the outcome of defendant's strategic choices and tactics. It is well settled that such complaints fail to state a claim for legal malpractice. *See, Pouncy v. Solotaroff*, 100 A.D.3d 410, 953 N.Y.S.2d 497 (1st Dep't 2012).

Based upon the foregoing, it is respectfully submitted that plaintiff's negligence claim (Count II of the third amended complaint) should have been dismissed because defendant's decisions are protected by the Professional Judgment Rule.

## B. Proximate Cause/Speculation

Defendant's original Memorandum of Law in support of the instant motion also argued that plaintiff's negligence claim should have been dismissed because the claim is based upon the pure speculation of what might have happened in the underlying Family Court proceeding if the defendant had called an expert witness to rebut the testimony of the Court appointed psychiatrist. Such speculation is wholly insufficient to state a claim for legal malpractice.

In opposition to the instant motion, plaintiff argues that "plaintiff['s] claims were lost by the defendant's failure to qualify the expert before employing him." (*See*, p. 8, Dkt. 108.) Plaintiff offers no basis or support for this conclusory statement and does not refute the speculative nature of this claim in any way in opposition to the instant motion. Plaintiff's failure to oppose this issue is clearly because it is well established that the court in a custody case is **not** required to follow, or to agree with, the recommendations of a court appointed expert. *Zelnik v. Zelnik*, 196 A.D.2d 700, 601 N.Y.S.2d 701 (1st Dep't 1995). The expert opinion, while relevant, **is not determinative** as the court must evaluate the record as a whole and make a decision based upon the totality of the circumstances (*Eschbach v. Eschbach*, 56 N.Y.2d 167, 172, 436 N.E.2d 1260, 451 N.Y.S.2d 658 (1982)), which includes evaluating which parent will best provide for the child's "emotional and intellectual development, the quality of the home environment, and the parental guidance to be provided." *Matter of Louise E.S. v. W. Stephen S.*, 64 N.Y.2d 946, 947, 477 N.E.2d 1091, 488 N.Y.S.2d 637 (1985). Those factors, and more, were all considered in Family Court Referee Burnett's decision, which proves that custody was **not** dependent on any expert, but upon various factors (*See*, Dkt. 107, pp. 19-21).

As discussed in defendant's original Memorandum of Law, "Contentions underlying a claim for legal malpractice which are couched in terms of gross speculations on future events

and point to the speculative nature of plaintiffs' claim, are insufficient as a matter of law to establish that defendants' negligence, if any, was the proximate cause of plaintiffs' injuries." *Phillips-Smith Specialty Retail Group II, L.P. v. Parker Chapin Flattau & Klimpl, LLP*, 265 A.D.2d 208, 210, 696 N.Y.S.2d 150, 151-152 (1st Dep't 1999) (internal quotations omitted).

Even assuming that the defendant in the instant action was negligent in the selection of the expert or in electing not to call an expert to rebut the testimony of the Court appointed psychiatrist in the underlying Family Court proceeding, plaintiff cannot establish that such negligence was a proximate cause of her loss in the Family Court, since the hypothetical course of events of what would have happened in that proceeding if a qualified expert had been called constitutes such gross speculation on future events that it is incapable of proof.

Plaintiff also argues that "The issue of its [not calling an expert in the underlying proceeding] impact on the hearing officer's decision is open to interpretation of the facts before the Court and should, at the very least be presented to a jury." (*See,* p. 7, Dkt. 108) Plaintiff's contention that the impact of defendant not calling an expert witness "is open to interpretation" demonstrates the wholly speculative nature of plaintiff's claim in this regard.

Based upon the foregoing and for the reasons set forth in defendant's original Memorandum of Law, it is respectfully submitted that plaintiff's negligence claim (Count II of the third amended complaint) should have been dismissed because it is based upon the pure speculation of what might have happened if defendant had called a qualified expert witness to rebut the testimony of the Court appointed psychiatrist. As a matter of law, a claim for legal malpractice cannot be based upon such speculation. Accordingly, plaintiff's negligence claim, and the case in its entirety, should have been dismissed.

Dated: Garden City, New York
November 16, 2018

L'ABBATE, BALKAN, COLAVITA
& CONTINI, L.L.P.

By: William T. McCaffery, Esq.
Attorneys for Defendant
1001 Franklin Avenue, 3rd Floor
Garden City, New York 11530
(516) 294-8844
wmccaffery@lbcclaw.com