UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARGARET RHEE-KARN,

                Plaintiff,

    -against-

SUSAN CHANA LASK, ESQ., A/K/A
SUSAN LUSK, A/K/A SUSAN LESK,

                Defendant.

Case No. 15-cv-09946 (DLC)

---

## **<u>MEMORANDUM  OF LAW IN SUPPORT OF DEFENDANT'S<br>MOTION FOR SUMMARY JUDGMENT</u>**

Howard B. Mankoff, Esq.
Marshall Dennehey Warner
Coleman & Goggin
425 Eagle Rock Ave., Suite 302
Roseland, NJ  07068
(973) 618-4118

Susan Chana Lask, Esq.
Law Offices of Susan Chana Lask
244 Fifth Avenue, Suite 2369
New York, NY  10001
(917) 300-1958

**TABLE OF CONTENTS**

**Pages**

I.    PRELIMINARY STATEMENT ……………………………………………..    1

II.    STATEMENT OF MATERIAL FACTS …………………………………….    2

III.    LAW AND ARGUMENT ……………………………………………………..    2

A.    Summary Judgment for Defendant is Appropriate
Considering the Pleadings, Discovery, and Plaintiff's
Failure to Disclose an Expert All Show that Plaintiff
Cannot Establish a Prima Facie Case………………………………………..    2

B.    Plaintiff Has Failed to Establish a Prima Facie
Claim of Legal Malpractice and Cannot Prove
Her Claims Without an Expert to Explain Them to a Jury…………………..    3

     i.    Preclusion is warranted because Plaintiff failed
to timely disclose her expert report in
violation of Rule 26(a)(2)………………………………………..    4

     ii.    Plaintiff Cannot Establish Legal Malpractice
Arising From Complex Issues of Family Law
and Procedure and Federal Civil Rights Law
Without an Expert Report…………………………………….    7

C.    Plaintiff's Purported Expert Opinions Should be Barred …………………    11

     A.    Sanford F. Young, Esq. …………………………………………    13

     1.    Mr. Young's Personal Interest in the
Outcome of Litigation ………………………………………..    13

     2.    Mr. Young's Opinions will Not Assist
the Trier of Fact and Violate
Fed. R. Evid. 403 …………………………………………..    15

     3.    Mr. Young's Opinions do not Show that
Defendant Failed to Exercise the Ordinary
Reasonable Skill and Knowledge commonly
Possessed by a Member of the Legal Profession …………………..    17

     B.    Paul H. Friedlander, EA ……………………………………....    18

D.    **Plaintiff Has Failed to Establish Actual Damages
      – A Necessary Element of a Legal Malpractice Claim………………….       20**

E.    **Plaintiff's Claim Should Be Dismissed For
      Failure To Prosecute Her Legal Malpractice Claim …………………….       23**

**CONCLUSION ………………………………………………………………       25**

## TABLE OF AUTHORITIES

### FEDERAL CASES

**Pages**

*523 IP LLC v. CureMD.Com*,
    48 F. Supp. 3d 634 (S.D.N.Y. 2014) ……………………………………….    5

*Achtman v. Kirby, McInerney & Squire, LLP*,
    464 F.3d 328 [2d Cir. 2006] ………………………………………..    2

*Agence France Presse v. Morel*,
    293 F.R.D. 682 (S.D.N.Y. 2013) ……………………………………    5

*Ali v. A & G Company, Inc.*,
    542 F.2d 595 (2d Cir. 1976) ……………………………………    24

*Amorgianos v. AMTRAK*,
    303 F.3d 256 (2d Cir. 2002) ……………………………………….    12

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242, 248 (1986) ……………………………………….    2

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ……………………………………….    16

*Bell Alt. Corp. v. Twombly*,
    550 U.S. 544 (2007) ……………………………………….    16

*Carney v. Phillippone*,
    *332 F.3d 163, 167 (2d Cir. 2003)*…………………………………    *2*

*Chira v. Lockheed Aircraft Corp.*,
    634 F.2d 664 (2d Cir. 1980) ……………………………………    24

*De Los Santos v HYS Livery Serv.*,
    2014 US Dist LEXIS 67014 (S.D.N.Y. May 14, 2014) ………………………..    6

*Diamond v. Sokol*,
    468 F. Supp. 2d 626 (S.D.N.Y. 2006) ………………………………………    20, 22

*Estate of Re. Coarsely v. Jornstein Veisz & Wexler*,
    958 F. Supp. 907 (S.D.N.Y. 1997) ……………………………………    9

*Fleet Capital Corp v. Yamaha Motor Corp.*,
    2002 U.S. Dist. LEXIS 17502 (S.D.N.Y., September 19, 2002) ……………….    5

*Fulfree v. Manchester*,
　　1999 U.S. App. LEXIS 11971, *1 (2d Cir. N.Y., June 7, 1999) ……………. 8, 13, 14

*Hatfield v. Hertz*,
　　109 F. Supp. 2d 174 (S.D.N.Y. 2000) ……………………………………….  3, 9

*In re Rezulin Prods. Liab. Litig.*,
　　309 F. Supp. 2d 531 [S.D.N.Y. 2004] ………………………………………. 12, 16

*Joseph Delgreco & Co. v. DLA Piper L.L.P.*,
　　899 F. Supp. 2d 268 (S.D.N.Y. 2012) ……………………………………….   3

*Kranis v. Scott*,
　　178 F. Supp. 2d 330 (E.D.N.Y. 2002) ……………………………………….   4

*Kumho Tire Co. v. Carmichael*,
　　526 U.S. 137 (1999) ………………………………………………………  12

*Link v. Wabash Railroad Co.*,
　　370 U.S. 626 (1962) ………………………………………………………  23

*Lopez v. City of New York*,
　　2012 U.S. Dist. LEXIS 83611 (E.D.N.Y., June 15, 2012) ……………………   5

*Middle Mkt. Fin. Corp. v. D'Orazio*,
　　2002 U.S. Dist. LEXIS 17817 (S.D.N.Y. Sept. 18, 2002) ……………………   5

*Mikulec v. Town of Cheektowaga*,
　　302 F.R.D. 25 (W.D.N.Y. 2014) ………………………………………………..5

*Music Sales Corp. v. Morris*,
　　73 F. Supp. 2d 364 (S.D.N.Y 1999) …………………………………………19

*New York v. UPS*,
　　2016 U.S. Dist. LEXIS 195229 (S.D.N.Y. Sept. 8, 2016) ……………………..5

*Nimely v. City of New York*,
　　414 F.3d 381 (2d Cir. 2005) …………………………………………………10, 12, 13, 17

*Nobile v Schwartz*,
　　265 F. Supp. 2d 282 (S.D.N.Y. 2003)…………………………………..…..4

*Nordwind v. Rowland*,
　　584 F.3d 420 (2d Cir. 2009) …………………………………………………2

*Phelps v. Kapnolas,*
    308 F.3d  180 (2d Cir. 2002) …………………………………………………16, 17

*Rubens v. Mason*,
    527 F.3d 252 (2d Cir. 2008) ………………………………………….   3

*Sallam v. Nolan*,
    116 F.3d 466 (2d Cir. 1997) ………………………………………….   4

*Shannon v. General Elec. Co.*
    186 F.3d 186 (2d Cir. 1999) ………………………………………….   24

*Smartix Int'l Corp. v. Garrubbo, Romankow & Capese, P.C.,*
    2009 U.S. Dist. LEXIS 29114, (S.D.N.Y., March 31, 2009) …………………   4

*Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc.,*
    118 F.3d 955 (2d Cir. 1997) ……………………………………………   5

*Trilegiant v. Sitel Corp.,*
    272 F.R.D. 360 (S.D.N.Y. 2010) …………………………………………..   21

*U.S. Bank National Association v. PHL Variable Insurance Co.,*
    2013 U.S. Dist. LEXIS 143398  (Oct. 3, 2013) ………………………………   21

*United States v. Duncan*,
    42 F.3d 97 (2d Cir. 1994) ………………………………………………….12, 15, 17

*United States v. Tin Yat Chin,*
    371 F.3d 31 (2d Cir. 2004) ……………………………………………   12, 19

*United States v. Williams,*
    506 F.3d 151 (2d Cir. 2007) …………………………………………..   10

*Wilson v. Kellogg Co.*,
    628 Fed.Appx. 59 (2d Cir. 2016) …………………………………………..   16

*Withrow v. Larkin*,
    421 U.S. 35, 47 (1975) …………………………………………………   10

## FEDERAL RULES OF CIVIL PROCEDURE

<u>**Rule**</u>

    5(d)(1)…………………………………………………………………   5
    12(b)(6)…………………………………………………………………   16

26…………………………………………………………………………..21, 24

26(a)……………………………………………………………………… 5, 21

26(a)(1)(A)(iii)………………………………………………………… 21

26(a)(2)…………………………………………………………………. 4

26(a)(2)(B)……………………………………………………………... 4

26(2)(B)………………………………………………………………... 14

34………………………………………………………………………. 21

37 (c)(1)……………………………………………………………….. 5

41(b)…………………………………………………………………... 23

56…………………………………………………………………….… 2

## FEDERAL RULES OF EVIDENCE

## Rule

403………………………………………………………………12, 13, 15, 17

702……………………………………………………………4, 10, 11, 12, 15

703………………………………………………………………….… 4

705………………………………………………………………….… 4

## STATE CASES

*Arnav Indus., Inc. Retirement Trust v Brown,*
*Raysman, Millstein, Felder & Steiner,*
        96 N.Y.2d 300 [3d Dept 2009] ………………………………………. 8

*Bixby v Somerville,*
        62 A.D.3d 1137, 1140 [3d Dept 2009] ………………………………….. 8

*Brown v. Brown,*
        97 A.D.3d 568, 570 [2nd Dept., 2012] ………………………………….. 9

*Creative Inception, Inc. v Andrews,*
        50 A.D. 2d 553 [1st Dept 1975] …………………………………………. 3

*Eschbach v. Eschbach,*
        56 N.Y.2d 167, 172 (1982) ……………………………………………. 9

*Gibson v. Berryhill,*
        411 U.S. 564, 577-79 (1973)…………………………………………… 10

*Greene v. Payne, Wood and Littlejohn,*
        197 A.D.2d 664 [2nd Dep't 1993] …………………………………….. 4, 10

*Janker v. Silver, Forrester & Lesser, P.C.*
        24 N.Y.S.3d 182 (2d Dept. 2016) ……………………………………21, 22

*Lindenman v Kreitzer*,
   7 A.D. 3d 30, 775 N.Y.S.2d 4, [1st Dept 2004] …………………………………..   3

*Luniewski v. Zeitlin*,
   188 A.D. 2d 642 (2d Dep't 1992) ……………………………………………   22

*Matter of Louise E.S. v. W. Stephen S.*,
   64 NY2d 946, 947 [1985]…………………………………………………………..   9

*Mendoza v Schlossman*,
   87 A.D. 2d 606, 448 N.Y.S.2d 45 [2d Dept 1982] …………………………….   3

*Northrop v. Thorsen*,
   848 N.Y.S.2d at 308, 46 A.D.3d 780, 848 (2d Dep't 2007) …………………..   4

*Postel v. Jaffe*,
   237 A.D.2d 127 (1st Dept. 1997) …………………………………………….   22

*Russo v. Feder, Kaszovitz, Isaacson, Weber, Skala & Bass, LLP*,
   301 A.D.2d, 63 (1st Dept. 2002) ……………………………………………...18, 20

*Schwartz v. Olshan Grundman Frome & Rosenzweig*,
   302 A.D. 2d 193 [1st Dept. 2003] …………………………………………….   3

*Sevey v. Friedlander*,
   83 A.D.3d 1226 (3d Dep't 2001) ……………………………………………   22

*Zarin v. Reid & Priest*,
   585 N.Y.S.2d 379 (1st Dept. 1992) …………………………………………..20, 21, 22

*Zelnik v. Zelnik*, 1
   96 A.D.2d 700 [1st Dept., 1993] ……………………………………………. 8

**STATE STATUTES**

**22 NYCRR 1400, et seq**…………………………………………………………. 20

**LOCAL CIVIL RULES**

**Rule**
   **5.1** …………………………………………………………………….. 5
   **33.3** ……………………………………………………………………… 21

**33.3(a)** …………………………………………………………………………………... **21**

**NYCLS CPLR § 3211** …………………………………………………………………. **22**

## ECF RULES

### Rule

**5.2**………………………………………………………………………… **5**

## TEXTS

**Moore's Federal Practice 26.27[2][d])** ………………………………………………  **5**

## I.    PRELIMINARY STATEMENT

This is a legal malpractice claim, which should be dismissed because the Plaintiff failed to timely serve the report of a qualified expert.    Plaintiff commenced this action in 2015, alleging defendant committed malpractice in the handling of her child custody matter.  Plaintiff contends (1) that defendant failed to call an expert during a family court custody case and (2) that defendant erred in filing a federal civil rights action during a family court custody action.

It is unequivocal that plaintiff cannot establish a *prima facie* claim of attorney malpractice, for actions involving complex legal principals, without expert testimony.   In the near four year history of this litigation, plaintiff failed to timely disclose an expert.  Instead, plaintiff disregarded the case management order, and ambushed defendant by waiting until 10:38 P.M. on the last date of discovery in this matter to produce two procedurally improper and substantially deficient expert reports.  These reports should be precluded due to their untimely and procedurally improper nature.  Further, the reports should be precluded because the experts have either a direct personal interest in the outcome of the litigation or lack the requisite qualifications to render the opinions contained therein. Without an expert, plaintiff cannot establish that defendant acted negligently as required to prove her claim.

Plaintiff has also failed to present any evidence of actual damages sustained.   The Plaintiff offers no evidence of damages, a crucial element of a malpractice claim, other than plaintiff's own speculation.

Based on the above, plaintiff cannot establish a prima facie claim of legal malpractice, and summary judgment in defendant's favor is appropriate.

## II.     STATEMENT OF MATERIAL FACTS

The facts are set forth in the Rule 56.1 Statement submitted herewith, and we are incorporated here as if fully set forth.

## III.     LAW AND ARGUMENT

### A. Summary Judgment for Defendant is Appropriate Considering the Pleadings, Discovery, and Plaintiff's Failure to Disclose an Expert All Show that Plaintiff Cannot Establish a Prima Facie Case.

Summary judgment is warranted when the pleadings, depositions, answers to interrogatories, admissions, and affidavits reveal no genuine issue as to any material fact. Fed. R. Civ. P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).

For a defendant in a legal malpractice action to succeed on a motion for summary judgment, evidence must be presented in admissible form establishing that the plaintiffs are unable to prove at least one of the essential elements of a legal malpractice cause of action. *Carney v. Philippone*, 332 F.3d 163, 167 (2d Cir. 2003). "To prevail on a claim for legal malpractice under New York law, a plaintiff must establish: '(1) attorney negligence; (2) which is the proximate cause of a loss; and (3) actual damages." *Nordwind v. Rowland*, 584 F.3d 420, 429 (2d Cir. 2009) (emphasis in original) (quoting *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 337 (2d Cir. 2006)).[1]  Plaintiff must establish **each element** in order to succeed in a legal malpractice claim. *Id.* (emphasis added).

The defendant meets her burden for summary judgment in her favor because, for the entire almost four years of this case, the plaintiff (a) failed to identify an expert in violation of the rules and court ordered deadlines and (b) refused to specify damages, which of course, cannot be identified without first establishing causation.

---

[1] This is a diversity action. "In a diversity action based on attorney malpractice, state substantive law, here that of New York, applies." *Rubens v. Mason*, 527 F.3d 252, 254 (2d Cir. 2008).

**B. Plaintiff Has Failed to Establish a Prima Facie Claim of Legal Malpractice and Cannot Prove Her Claims Without an Expert to Explain Them to a Jury.**

Considering the requisite three elements of legal malpractice identified above, all of which must be proved, a plaintiff must first prove negligence by showing the attorney "failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession." *Rubens v. Mason*, 387 F.3d 183, 189 (2d Cir. 2004). Second, "to establish proximate cause, 'the client must meet a case within a case requirement," and must demonstrate that a reasonable fact-finder in the underlying suit would have arrived at a different result but for the attorney's negligence.'" *Joseph Delgreco & Co. v. DLA Piper L.L.P.*, 899 F. Supp. 2d 268, 277 (S.D.N.Y. 2012) (quoting *Rubens v. Mason* (*Rubens II*), 527 F.3d 252, 254 (2d Cir. 2008)). "The failure to establish proximate cause requires dismissal of the legal malpractice action, regardless of whether it is demonstrated that the attorney was negligent." *Schwartz v. Olshan Grundman Frome & Rosenzweig*, 302 A.D. 2d 193, 198 [1st Dept. 2003]. Third, it is well settled that "an essential element" in any legal malpractice action is "actual damages, i.e., the injuries he suffered and their value." *Lindenman v Kreitzer*, 7 AD3d 30, 34, 775 N.Y.S.2d 4, [1st Dept 2004], citing *Mendoza v Schlossman*, 87 AD2d 606, 607, 448 N.Y.S.2d 45 [2d Dept 1982]). Such damages must be established with "reasonable certainty." *Creative Inception, Inc. v Andrews*, 50 AD2d 553, 554, 377 N.Y.S.2d 1 [1st Dept 1975].

The jury in this case needs an expert to explain the legal standards and causation. A "malpractice claim can survive summary judgment only if a jury could reasonably conclude, **on the basis of their ordinary experience**, that defendant's conduct was so negligent as to fall below *any* standard of care." *Hatfield v. Hertz*, 109 F. Supp. 2d 174, 180 (S.D.N.Y. 2000) (emphasis added). "Even where an attorney's performance 'may not have been optimal,' he shall be entitled

3

to summary judgment for a plaintiffs failure to proffer 'any evidence from which a trier of fact could conclude that defendant[s'] choice was malpractice." *Id.*

It is only in rare and limited situations that expert testimony is not required to establish legal malpractice. "Unless (1) a juror's ordinary experience provides sufficient basis to assess the adequacy of the professional service, or (2) the attorney's conduct falls below any standard of due care, expert testimony is necessary to establish that the attorney acted negligently." *Sallam v. Nolan,* 116 F.3d 466 (2d Cir. 1997) (citing *Greene v. Payne, Wood and Littlejoh*n, 197 A.D.2d 664, 602 N.Y.S.2d 883, 885 (2d Dep't 1993). This limited exception is reserved for the unusual case, in which the facts are "so egregious" as to make expert evidence unnecessary. *Nobile v Schwartz,* 265 F Supp 2d 282, 290 (S.D.N.Y 2003); *Kranis v Scott,* 178 F Supp 2d 330,335 (EDNY 2002) (exception reserved for "obviously negligent" conduct). Examples include failure to follow direct orders from a court, *Smartix Int'l Corp. v. Garrubbo, Romankow & Capese,* 2009 U.S. Dist. LEXIS 29114 at *4 (S.D.N.Y. Mar. 31, 2009), and the "disregard or ignorance of . . . a clearly defined and firmly established rule." *Northrop v. Thorsen,* 46 A.D.3d 780, 848 (2d Dept. 2007). None of those examples apply here, and without an expert then this case must be dismissed.

> **i.    Preclusion is warranted because Plaintiff failed to timely disclose her expert report in violation of Rule 26(a)(2).**

Pursuant to Federal Rule of Civil Procedure 26(a)(2), parties are required to "disclose to other parties the identity of expert witnesses it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). This disclosure "must be accompanied by a written report – prepared and signed by the witness – if the witness is one retained or specially employed to provide expert testimony in the case," and among other things, include the fee paid to the expert and his publications and testimony on the past four years. Fed. R. Civ. P. 26(a)(2)(B). "The purpose of Rule 26 disclosures is 'to avoid surprise or trial by

ambush.'" *Mikulec v. Town of Cheektowaga*, 302 F.R.D. 25, 29 (W.D.N.Y. 2014) (*Lopez v. City of New York*, 2012 U.S. Dist. LEXIS 83611 (E.D.N.Y., June 15, 2012)). "The 'automatic sanction' for a violation of Rule 26(a) is preclusion." *Middle Mkt. Fin. Corp. v. D'Orazio*, 2002 U.S. Dist. LEXIS 17817 (S.D.N.Y. Sept. 18, 2002); *New York v. UPS*, 2016 U.S. Dist. LEXIS 195229 (S.D.N.Y. Sept. 8, 2016) (quoting Fed. R. Civ. P. 37 (c)(1)).

"The party that violates Rule 26 bears the burden of showing that its violation was either substantially justified or harmless." *523 IP LLC v. CureMD.Com*, 48 F. Supp. 3d 634 (S.D.N.Y. 2014) (quoting *Agence France Presse v. Morel*, 293 F.R.D. 682, 685 (S.D.N.Y. 2013)). "A failure to disclose witness information is 'harmless' if the other party was well aware of the identity of the undisclosed witness and the scope of their knowledge well before trial." *Fleet Capital Corp v. Yamaha Motor Corp.*, 2002 U.S. Dist. 2002 U.S. Dist. LEXIS 17502 (S.D.N.Y., September 19, 2002) (quoting Moore's Federal Practice 26.27[2][d])).

Plaintiff's illegitimate attempt to file on this docket an expert report at 10:38 P.M. on September 27 as a Rule 26 disclosure is unjustified[2]. Clearly, defendant was not aware of who the expert would be as plaintiff went out of her way to conceal the identity of her expert for the entirety of this almost four year case. The Plaintiff offers no explanation for this unwarranted gamesmanship. In this context, the Courts consider the following: "(1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997) (citations omitted). In *Fleet*, supra, where a

---

[2] Fed. R. Civ. P. 5(d)(1), Local Civil Rule 5.1 and ECF Rule 5.2 prohibit uploading discovery to the docket.

plaintiff failed to make a timely expert disclosure, the court held the defendant "was deprived of a chance to take the deposition of [plaintiff's] expert or to retain an expert of its own to rebut [plaintiff's] accounting expert."   2002 U.S. Dist. LEXIS 17502, *9.   On this basis, the court concluded defendant was clearly prejudiced and that plaintiff's "failure to disclose that it had an expert and the substance of his testimony was not harmless." *Id.*   In *De Los Santos v HYS Livery Serv.*, 2014 US Dist LEXIS 67014 (S.D.N.Y. May 14, 2014), this court granted summary judgment for the defendant and precluded plaintiff's expert report because plaintiff failed to disclose the expert "within the discovery period."

As applied here, plaintiff's failure to timely disclose her expert report constitutes the exact "trial by ambush" scenario specially condemned by Rule 26, and warrants the preclusion of the expert report.    This Court's initial March 20, 2019 Order required the parties to "confer and submit to the Court the exact dates for designation of experts and service of expert reports, rebuttal expert reports, and any other subsidiary issues." [Exhibit L at p. 2].   It further provided that "[d]epositions of expert witnesses, shall be completed no later than September 27, 2019."  *Id.* Thereafter, an August 28, 2019 Order, this Court ordered that motions for Summary Judgment and/or the filing of a Pre-Trial Order, shall take place by October 18, 2019. [Exhibit N]. A third Order, dated September 27, 2019, reiterated that the dates set forth in the March 20, 2019 and August 28, 2019 Orders remained firm, expressly denied any extension of the prior Orders' discovery dates, required expert discovery, inclusive of expert depositions, to conclude on September 27, 2019.  [Exhibit O].  Plaintiff, in fact, admits in her June 24, 2019 discovery responses, page 4, paragraph 6,  that she required an expert in accordance with the Court's discovery deadlines as "Plaintiff reserves the right to introduce expert testimony on the issue" and "in accordance with the time period for exchanging expert reports set by the Court." [Exhibit M,

at p. 4, ¶6].    Despite her express affirmations to do so, Plaintiff failed to make any expert disclosure. Instead, the Plaintiff served a report quite literally at the eleventh hour in violation of the case management order, which clearly contemplated that the parties would exchange the expert reports and have the opportunity to depose the experts. It was surely not the intent of the Court to allow one party to serve a report, preclude a response and deprive the parties of the opportunity to conduct expert depositions.

Accordingly, plaintiff has failed to timely produce her expert report, and the reports should be precluded.

> **ii.    Plaintiff Cannot Establish Legal Malpractice Arising From Complex Issues of Family Law and Procedure and Federal Civil Rights Law Without an Expert Report.**

The plaintiff's claim that the defendant is liable because the defendant did not retain an expert in the underlying matrimonial case.  First, the plaintiff cannot even make that argument in the legal malpractice context without an argument.  Second, the claim is factually incorrect. Plaintiff blames defendant for not having an expert when nationally renowned family court custody expert Dr. Jonathan Gould, was retained, defendant filed his report with the court, then plaintiff refused to pay him and terminated him. [Exhibit E]  Nonetheless, in an abundance of caution, the alleged failure to have a qualified expert is addressed below.

Plaintiff cannot establish that defendant acted negligently in the handling of the family law and civil rights matter without an expert report.  Family law is a specialty practice that requires a lawyer specializing in it. The specialization is underscored by the fact that this area of law has its own Family Courts in every county which adhere to their own special set of laws and procedures set forth in The Family Court Act, NY CLS Family Ct Act §111, et seq., including its unique rules and laws of Articles 1-12 and specialized forms entitled "General Forms".    Considering this

specialized court and its laws, an expert is needed to explain any alleged negligence of an attorney practicing in Family Court.

Plaintiff's complaint proves she needs an expert by virtue of alleging that defendant failed to retain a family law expert in plaintiff's underlying Family Court case.  If plaintiff required an expert in Family Law in the underlying case, then she would need the same expert in this case because "a party must show that an attorney failed to exercise the reasonable skill and knowledge commonly **possessed by a member of the legal profession**." *Arnav Indus., Inc. Retirement Trust v Brown, Raysman, Millstein, Felder & Steiner*, 96 N.Y.2d 300, 303-304 [3d Dept 2009] (emphasis added).  That requires a comparable qualified family law expert to explain the legal standards and causation applicable to a custody case.  Accordingly, in *Bixby v Somerville*, the court dismissed a legal malpractice action against an attorney because "there is nothing in this record, **such as a family law expert's opinion**, to show that defendant's failed quest for sole custody was caused by inadequate representation." 62 A.D.3d 1137, 1140 [3d Dept 2009] (emphasis added).

As well, Plaintiff's claim that defendant failed to call a qualified expert in a custody matter requires a fact finder to understand the legal complexities of child custody matters.  As articulated in *Fulfree v. Manchester,* 1999 U.S. App. LEXIS 11971, *1, the decision to call an expert witness is the precise type of "matter of judgment unique to the legal profession" which warrants expert testimony.  For instance, an expert could explain what most people do not understand-- the function of the family court appointed neutral expert that plaintiff complains was not rebutted by an expert in her underlying case.  Namely, in family law, it is well established that the court is not required to follow, or to agree with, the recommendations of a court appointed expert. *Zelnik v. Zelnik*, 196 A.D.2d 700, [1st Dept., 1993].  That expert opinion, while relevant, is not determinative as the court must evaluate the record as a whole and make a decision based upon the totality of the

8

circumstances. *Eschbach v. Eschbach*, 56 N.Y.2d 167, 172 (1982), which includes evaluating which parent will best provide for the child's "emotional and intellectual development, the quality of the home environment, and the parental guidance to be provided." *Matter of Louise E.S. v. W. Stephen S.*, 64 NY2d 946, 947 [1985]; *Brown v. Brown*, 97 A.D.3d 568, 570 [2nd Dept., 2012] ["The court must consider various factors, ranging from the quality of each parent's home environment and ability to provide for the child financially, emotionally, and intellectually, to the determination of which parent is more likely to foster future contact with the noncustodial parent"]. Here, all of those considerations were made in Referee Barnett's decision, including an in camera meeting with the child, and she found that it was plaintiff's misconduct during trial, including her contempt of court orders, and her serious parenting problems before and during the trial that warranted denying custody to her. No expert could have changed that decision; and if so, then it was plaintiff's burden to produced one.

The law also permits an attorney's decision whether to call a witness as one of reasonable trial strategy that generally does not constitute legal malpractice. *Estate of Re Coarselv. Kornstein Veisz & Wexler*, 958 F. Supp. 907, 923 (S.D.N.Y. 1997) ("An attorney's reasonable decisions relating to . . . witness presentation . . . are not subject to second guessing in an action for malpractice."). While a client may disagree with her counsel's decision not to present a witness, this difference of opinion as to optimal trial strategy does not raise a genuine issue of material fact. *Hatfield*, 109 F. Supp. at 174. Absent expert testimony, plaintiff is unable to establish a legal malpractice claim, including whether defendant even needed an expert in a family court custody case after counsel conducted a four-day rigorous cross-examination of the court appointed neutral expert.

9

Expert testimony is similarly required to establish whether the filing of a federal civil rights action was proper.  Evaluation of this claim requires the understanding of various complex legal doctrines such as Younger abstention, constitutional rights to due process, absolute immunity, and the legalities of familial association.  Issues involving legal complexities of this magnitude extend well beyond the average juror's ordinary experience, and are a far cry from matters involving facts "so egregious" such that a juror's ordinary experience is sufficient to evaluate attorney conduct.

In facts similar to this case, the court in *Greene v. Payne, Wood & Littlejohn*, *supra*, held that expert opinion is necessary in a legal malpractice case against an attorney where a federal civil rights case filed in United States Southern District of New York was dismissed because a federal civil rights case is too complex for the ordinary juror to understand. 197 A.D. 2d at 666.   Likewise, plaintiff needs an expert here to explain the complex federal civil rights and constitutional issues of familial association, including the right of the parent and child not to be separated by state courts, and arguing irreparable damage under the Younger exception.

On the Younger exception alone, plaintiff needs an expert to explain that complex law, its exceptions and how it would not apply in plaintiff's underlying case.   Although a federal court is normally required to abstain if the prongs of the Younger test are satisfied, abstention is inappropriate in certain circumstances.  *Gibson v. Berryhill*, 411 U.S. 564, 577-79 (1973) (finding abstention inappropriate where a state tribunal is incompetent by reason of bias).  Defendant pursued plaintiff's complicated cause in federal court in face of (a) plaintiff's unpopular position against the Family Court and (b) that establishing bias is no minor hurdle as "one who alleges bias 'must overcome a presumption of honesty and integrity in those serving as adjudicators." *Withrow v. Larkin*, 421 U.S. 35, 47 (1975).  Now plaintiff unreasonably complains that she should not pay

10

for defendant's valiant efforts while plaintiff still complaints in her Third Amended Complaint that the Family Court was biased.

Furthermore, defendant prosecuted the federal complaint after extensive consultations and review of the Bridgette Marks case, also filed in the Southern District by civil rights attorney, Thomas Shannahan.  [Ex. H] A positive result occurred in the Marks case wherein Judge Daniels indicated his displeasure with the state's Family Court delays and he invited Marks to return to the federal court if the state court did not promptly giver her a custody decision. *Id.*    Defendant followed Marks' lead, but only after expressly warning plaintiff numerous times that a federal case would likely be dismissed, and plaintiff insisted over defendant's warnings on filing. [Exhibit G]

Without expert testimony, Plaintiff cannot establish that defendant failed to exercise the reasonable skill and knowledge of a member of the profession, for decisions involving complex issues of legal application, without expert testimony, motion for summary judgment in defendant's favor is warranted.

### C.  Plaintiff's Purported Expert Opinions Should be Barred

As set forth above, the plaintiff's purported experts, Sanford F. Young, Esq., and Paul H. Friedlander, EA, should be precluded from testifying as a result of their untimely disclosure. Furthermore, they should be barred from testifying because their opinions do not comport with Federal Rule of Evidence 702.

"It is a well-accepted principle that Rule 702 embodies a liberal standard of admissibility for expert opinions . . . ." *Nimely v. City of New York*, 414 F.3d 381, 395 (2d Cir. 2005). Nevertheless, the district court must act as a gatekeeper against unreliable expert testimony. *United States v. Williams*, 506 F.3d 151, 160 (2d Cir. 2007).   The proffering party bears the burden of establishing admissibility under Rule 702 by showing that (1) the expert is qualified; (2) the

11

proposed opinion is based on reliable data and methodology; and (3) the proposed testimony would be helpful to the trier of fact. *Nimely*, 414 F.3d at 397.

To determine whether an expert is qualified, "courts compare the area in which the witness has superior knowledge, education, experience, or skill with the subject matter of the proffered testimony." *United States v. Tin Yat Chin*, 371 F.3d 31, 40 (2d Cir. 2004). To ascertain reliability, "the district court must 'make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field.'" *Amorgianos v. AMTRACK*, 303 F.3d 256, 265-66 (2d Cir. 2002) (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999).

To determine whether expert opinion will assist the trier of fact, courts must consider whether the purported expert's "scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. Proffered testimony is not helpful to the jury if it "usurp[s] either the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying that law to the facts before it." *Nimely*, 414 F.3d at 397 (citation omitted). An expert's opinion must be precluded if it "undertakes to tell the jury what result to reach" and "attempts to substitute the expert's judgment for the jury's." *United States v. Duncan*, 42 F.3d 97, 101 (2d Cir. 1994). As set forth in *In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 541 [S.D.N.Y. 2004]:

> [E]xperts should not be permitted to "supplant the role of counsel in making argument at trial, and the role of the jury in interpreting the evidence." Examples of "expert" testimony that courts have excluded on this basis include factual narratives and interpretations of conduct or views as to the motivation of parties. [internal citations omitted]

Finally, "[i]n addition to the requirements of Rule 702, expert testimony is subject to Rule 403, and 'may be excluded if its probative value is substantially outweighed by the danger of unfair

prejudice, confusion of the issues, or misleading the jury.'" *Nimely*, 414 F.3d at 397 (quoting Fed. R. Evid. 403). Courts have recognized "the uniquely important role that Rule 403 has to play in a district court's scrutiny of expert testimony, given the unique weight such evidence may have in a jury's deliberations." *Id.*

### A.  Sanford F. Young, Esq.

For a number of reasons, Mr. Young's opinions should be precluded.  First and foremost, Mr. Young has a personal interest in the outcome of this litigation.  In addition, his opinions will not assist the trier of fact.  Moreover, to allow Mr. Young's testimony would be a violation of Fed. R. Evid. 403, which, based on the inflammatory and conclusory statements in the report, and presumably when he testifies, will greatly prejudice the defendant and confuse the jury.  Fed. R. Evid. 403.  Finally, his opinion does not show that the defendant acted outside of the generally accepted and reasonable practices of attorneys handling these types of actions, thereby rendering his opinions personal and inappropriate for the court to consider as an expert opinion.

### 1.  <u>Mr. Young's Personal Interest in the Outcome of Litigation.</u>

In Mr. Young's September 27, 2019 report, he states, "I also reviewed the Family Court papers which I utilized in the prosecution of the appeal from the Decision and Order After Trial of the Family Court entered on or about October 15, 2014 (Referee Marva Burnett, presiding)…" [Exhibit M].  As a result of Mr. Young's intimate involvement as her advocate in the underlying Family Court matter casts doubt on his ability to give to give expert testimony unaffected by his advocacy.  See *Fulfree v Manchester, supra.*

The Second Circuit *Fulfree*, supra, prohibited an expert who was also the lawyer in the underlying case, as follows:

> . . . Wekstein was intimately involved in the present case as an advocate in that he drafted the complaint and wrote a pretrial

13

memorandum of law, a role that cast doubt on his ability to give expert testimony unaffected by his advocacy. The court noted further that Wekstein had also "actually participated in the litigation that is now the subject of this malpractice case"; that part of Manchester's defense was that Fulfree's failure to achieve greater success on her Dalkon Shield claims was attributable in part to the fact that after Manchester was discharged, Richard Fulfree took over Fulfree's representation and, assisted by Wekstein, "did a lousy job" in handling the case; and that in evaluating Manchester's performance Wekstein would have been called upon "to defend his own work." Thus noting that Wekstein was "doubly involved" in the present matter on a personal level, the district court concluded that if he testified as an expert his testimony would be "unfairly prejudicial, misleading and confusing."

*Fulfree* at \*6 - \*7.

Mr. Young's attempt to act as an expert suffers the same pitfalls as Wekstein's in *Fulfree*. Like Wekstein, Mr. Young represented the plaintiff in the appeal of the custody decision. [Exhibit R]. Mr. Young's appeal was unsuccessful. *Id*. Mr. Young's attempt to act as an expert for plaintiff could certainly be attributed to his concerns of his own potential legal malpractice in losing that appeal. In addition, there is the possibility that he may not have been paid in his role as the plaintiff's attorney in the underlying case, and his interests here are to testify against defendant to redeem himself and obtain his fees. In fact, in violation of FRCP 26(2)(B), Mr. Young's report conveniently omits the required statement of his fees paid for this matter or any proof of his publications relevant to the issues in this matter. (i.e., Family Law and Federal Civil Rights Law). He also omits any listing of his expert testimony in the last four years. Considering this, naturally, plaintiff refused to timely disclose him to prevent defendant from deposing him on these crucial issues. His omissions alone regarding his fees and qualifications prohibit his report. Mr. Young's personal and pecuniary interests disqualify him to act as an expert on behalf of plaintiff because his testimony would be "unfairly prejudicial, misleading and confusing." *Fulfree* at \*7.

14

**2. Mr. Young's Opinions will Not Assist the Trier of Fact and Violate Fed. R. Evid. 403**

To assist the trier of fact, an expert's opinion must help the jury understand the evidence or determine a fact in issue  Fed. R. Evid. 702.  An expert's opinion that "undertakes to tell the jury what result to reach" and "attempts to substitute the expert's judgment for the jury's" must be precluded. *United States v. Duncan*, 42 F.3d 97, 101 (2d Cir. 1994).

Mr. Young's opinions are inflammatory and his report is riddled with unsupported conclusory statements:

- "[T]he Federal Actions that Lask recommended and filed **were doomed to fail**." [Exhibit M at p. 3](emphasis added.)

- "If Lask is given the benefit-of-the-doubt and it can be assumed that Lask's decision and recommendation to file and prosecute the Federal Actions was **not a purposeful effort to churn the file and generate unnecessary legal fees…**" *Id*. at p. 4 (emphasis added).

- "The **futility and wasted resources** of Lask's strategy. . ." *Id*. at p. 6 (emphasis added).

- "Aside from **the wasted effort**, a comparison of the Complaint in the First Action with those of the Second Action. . ." *Id*. at p. 6-7. (emphasis added).

- "Nevertheless, both Actions were **doomed**."  *Id*. (emphasis added).

- "In other words, Ms. Karn is suing to recover back from Lask the legal fees and expenses that Lask extracted from her **to file and prosecute two baseless. . .Federal Actions**.  *Id*. at p. 9 (emphasis added).

- "Based on the foregoing, there can be no question that Lask was negligent in recommending, filing and prosecuting **two pointless federal Actions**. . " *Id*.

- Numerous times throughout his "report" he makes personal statements regarding defendant's "expertise" without any proof, i.e.-"Lask professes to have expertise in civil rights law and complex state and federal litigations". *Id*. at p. 6.

15

The above statements are clearly Mr. Young's personal interpretations of the defendant's conduct and views as to her motivation for her actions. *In re Rezulin, supra.* Allowing Mr. Young to testify to these conclusory and inflammable opinions will allow him to "supplant the role of counsel in making argument at trial, and the role of the jury in interpreting the evidence." *Id*. As a result, Mr. Young should be barred from testifying to these opinions.

In addition, Mr. Young improperly relies on prior opinions of this Court in this action. Specifically, he relies on the September 20, 2018 opinion of District Court Judge Loretta A. Preska rendered as a result of a motion to dismiss for failure to state a claim for relief under Fed. R. Civ. P. 12(b)(6). The standard of proof for a motion to dismiss is low and the documentation utilized in making the determination is limited. First, the court must "accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Phelps v. Kapnolas*, 308 F.3d 180, 184 (2d Cir. 2002). Courts may look only to facts "stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice is taken." *Wilson v. Kellogg Co.*, 628 Fed.Appx. 59, 60 (2d Cir. 2016). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relieve that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 768 (2009)(quoting *Bell Alt. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Mr. Young relies on certain findings in Judge Preska's opinion based on her review of the complaint alone. The opinion was a ruling on a 12(b)(6) motion, which requires the Court to Rule on the pleadings, and not the evidence. . Therefore, Mr. Young's reliance on the Judge Preska's statement that "Lask's decision to file two lawsuits in federal court while the Family Court proceeding was ongoing falls below the ordinary and reasonable skill and knowledge commonly possessed by an attorney" is misplaced. Young Report, p. 3, Discussion section A, citing Preska

16

Decision, September 30, 2018 at p. 21.  This further demonstrates his misunderstanding of basic law regarding the standards for a motion to dismiss that raises questions regarding his qualifications.  At the motion to dismiss stage, the court was required to accept everything stated in the complaint **as true** in order to determine if enough "facts" were plead to support a claim for which relief.  *Phelps, supra.*  Thus, any statement or "holding" in Judge Preska's opinion is not supported by a complete record and is not a reliable source for use in an expert report.  As a result, Mr. Young should be barred from relying on this statement as it is both inflammatory and not properly supported by the entire record.

For these same reasons, Mr. Young's opinions should be barred because they fail to comport with Fed. R. Evid. 403.  As set forth above, expert testimony is also subject to Fed. R. Evid. 403 and "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.'" Fed. R. Evid. 403. Courts have recognized "the uniquely important role that Rule 403 has to play in a district court's scrutiny of expert testimony, given the unique weight such evidence may have in a jury's deliberations." *Nimely*, 414 F.3d at 397.

Mr. Young's conclusory and inflammatory opinions are simply an avenue to tell the jury what the result should be by substituting his judgment for that of theirs.  See *United States v. Duncan*, 42 F.3d 91, 101 (2d Cir. 1994). This will both confuse the jury in their directive to interpret the evidence and greatly prejudice the defendant.  As such, Mr. Young's opinions should be barred.

**3. <u>Mr. Young's Opinions do not Show that Defendant Failed to Exercise the Ordinary Reasonable Skill and Knowledge commonly Possessed by a Member of the Legal Profession.</u>**

17

To determine whether an attorney's actions fall to the level of legal malpractice, these actions must be measured against the objective standard of the profession's commonly prevailing practices. *Russo v. Feder, Kaszovitz, Isaacson, Weber, Skala & Bass, LLP*, 301 A.D.2d, 63, 69 (1st Dept. 2002). "An expert may not be utilized to offer opinion as to the legal standards which he believes should have governed a person's conduct." *Id*.

In Mr. Young's report, he states the certain alleged failures of defendant "constituted a clear and manifest departure from the appropriate standard of care. . ." [Exhibit R at p. 4]. However, no where in the report does he set forth a standard of care, and he abandons any opinion on the allegation of negligence for failing to have a qualified expert.[3]  There is no case law or extrinsic standard of care cited that sets forth that given the facts in this situation, other attorneys would generally act differently. Moreover, Mr. Young does not provide any proof that he is an expert in Family Law and Federal Civil Rights law. Without this, Mr. Young is simply setting forth his own personal opinion as to how the case should have been handled, not how other attorneys generally would have handled this matter. As a result, Mr. Young does not show a breach in any standard of care and his opinions should be barred.

**B. Paul H. Friedlander, EA**

Mr. Friedlander claims to provide an expert opinion as to whether the billing invoices presented to the plaintiff by the defendant meet the standard for an itemized statement for the purposes of determining the actual sum paid for the legal tasks undertaken by her for the period of June 2011 to June 2014.  [Exhibit Q at p. 3].

---

[3] This abandonment is likely because the record shows nationally recognized family law expert Dr. Jonathan Gould's certification and resume proving that he was qualified, retained then terminated by plaintiff. [Ex. E]  Also, the record shows there were four days of cross-examination of the Family Court's neutral forensic expert, Dr. Brandt, by plaintiff's former counsel David Scott, Esq.-which supplants an expert's testimony [Ex. D]

18

To determine whether an expert is qualified, "courts compare the area in which the witness has superior knowledge, education, experience, or skill with the subject matter of the proffered testimony." *United States v. Tin Yat Chin*, 371 F.3d 31, 40 (2d Cir. 2004).  Pursuant to his curriculum vitae, Mr. Friedlander claims to be an "Enrolled Agent", listing an unidentified license number, with purported expertise in accounting and taxation.  [Exhibit Q at p. 8]..  He is not a member of the legal profession.  No where in his CV does it state that he has any special knowledge, education, experience or skill related to legal billing processes.  As such, he is not qualified to opine as to the "ordinary practices of those engaged in the business of law, legal studies, or law-related fields, or as to trade customs and usages of those so employed.  *Music Sales Corp. v. Morris*, 73 F. Supp. 2d 364, 381 (S.D.N.Y 1999).

In addition, Mr. Friedlander's decisions are not based upon reliable data. His report states in a number of places that he reviewed "billing statements" and "invoices" without ever identifying those documents.    [Exhibit Q at pp. 1, 3, 5].  This begs the question as to what documents Friedlander relied upon to support his opinion.

Friedlander speciously states later in his report that the "invoices appear[] to have violated basis [sic] accounting principles but the terms of the Retainer Agreement . . . and requirements of New York 22 NYCRR 1400 et seq."  [Exhibit Q at p. 5].  He states that the defendant's

> billing statements without some other means of record keeping do not meet an acceptable standards [sic] of itemized billing statements because they do not define the activity performed with the degree of clarity to be certain of verification concerning the task performed and the hours necessary which would be required **to compare them with the services of an attorney undertaking the same or similar task**.

*Id*. (emphasis added).

He goes on to opine:

> Opinion 1: Given the documents inadequacy of identifying accounting controls establishing the task undertaken in my review of the invoices and discovery, it was unreasonable for Ms. Lask to have other [sic] rely on her billing statements as proof of any task undertaken by her as they do not comply with general accounting principles **and the applicable guidelines as required of an attorney engaged in a domestic relations matters [sic]. New York 22 NYCRR 1400 et seq.**

*Id*. (emphasis added).

As set forth above, Mr. Friedlander is not a lawyer. Thus, he is unqualified to opine as to any alleged violations of legal documents (the Retainer Agreement) or legal standards, (22 NYCRR 1400 et seq). His lack of expertise relevant to the underlying matter is further evidenced by his improperly citing 22 NYCRR 1400, when that law is unrelated to "accounting" as he puts forth. Part 1400 is limited to providing a retainer and client's rights statement and the terms therein. He is also not qualified to compare any of the defendant's time expenditures, assuming he knew them, with the services of another attorney undertaking the same or similar task as he is not an attorney in the first place to make that opinion.

For these reasons, Mr. Friedlander's opinions should be barred.

### D. Plaintiff Has Failed to Establish Actual Damages – A Necessary Element of a Legal Malpractice Claim.

The final element of a legal malpractice claim "requires plaintiff at the summary judgment stage to show the possibility of proving that an actual, identifiable loss resulted from defendant's negligence." *Diamond v. Sokol*, 468 F. Supp. 2d 626, 633 (S.D.N.Y. 2006). "The rule in a legal malpractice action is that a plaintiff must demonstrate not only that actual damages have been sustained, but also that counsel's negligence was the proximate cause of the loss[.]" *Zarin v. Reid & Priest*, 184 A.D.2d 385, 387 (1st Dept. 1992). This requires a plaintiff to demonstrate that "but for counsel's alleged malpractice, the plaintiff would not have sustained some ascertainable damages." *Russo v. Feder, Kasvovitz, Isaacson, Weber, Skala & Bass, LLP*, 301 A.D. 2d 63, 66-

67 (1ˢᵗ Dep't 2002). "The test is 'whether a proper defense would have altered the result of the prior action.'" *Zarin,* 184 A.D.2d at 386-87.

The Federal Rules of Civil Procedure explicitly establish a party's right to ascertain alleged damages. Federal Rule 26(a) requires a party—in addition to providing a calculation of damages—to make available for inspection and copying as under Rule 34 the documents or other evidentiary material . . . on which such computation is based." As well, Local Civil Rule 33.3 specifically permits an interrogatory seeking "the computation of each category of damage alleged." *Local Rules of the United States District Courts for the Southern and Eastern Districts of New York* 33.3; *Trilegiant v. Sitel Corp.*, 272 F.R.D. 360, 368 (S.D.N.Y. 2010) (interrogatory seeking computation of damages was "appropriate and timely under Local Civil Rule 33.3(a) and Rule 26 of the Federal Rules of Civil Procedure"). This information is also required to be included in initial disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 26(a)(1)(A)(iii). Even where damages will be provided by experts, such disclosures are required. *U.S. Bank National Association v. PHL Variable Insurance Co.*, Nos. 12 Civ. 6811, 13 Civ. 1580, 2013 U.S. Dist. LEXIS 143398, 2013 WL 5495542, at *3 (Oct. 3, 2013) ("[I]n cases in which damages will be proved by experts[,] the disclosing party still has the responsibility to provide each category of required disclosures based on the information it has at the time, and to supplement those disclosures as more information is gained.").

In order to establish actual damages, plaintiff must produce more than merely conclusory or speculative damages calculations. "Conclusory allegations of damages or injuries predicated on speculation cannot suffice for a malpractice action, and dismissal is warranted where the allegations in the complaint are merely conclusory and speculative." *Janker v. Silver, Forrester & Lesser*, P.C. 24 N.Y.S.3d 182, 185 (2d Dept. 2016); *Zarin v. Reid & Priest*, 585 N.Y.S.2d 379,

21

388 (1st Dept. 1992) (affirming motion to dismiss pursuant to CPLR § 3211 where the damages claimed were "too speculative and incapable of being proven with any reasonable certainty"). "Mere speculation of a loss resulting from an attorney's alleged omissions is insufficient to sustain a prima facie case sounding in legal malpractice." *Diamond,* 468 F. Supp. at 633-34 (quoting *Luniewski v. Zeitlin*, 188 A.D. 2d 642 (2d Dep't 1992)); *Sevey v. Friedlander*, 83 A.D.3d 1226, 1227 (3d Dep't 2001) (dismissing a legal malpractice claim where the plaintiff failed to establish actual damages); *Postel v. Jaffe*, 237 A.D.2d 127 (1st Dept. 1997) (dismissing plaintiffs' legal malpractice action where plaintiff failed to designate experts and "plaintiffs' claim of damages remains speculative[.]")

In accordance with the Federal and Local Rules, defendant requested a damages calculation and documentation in her Interrogatories and Request for Production of Documents. In the nearly four years that this matter has been ongoing, plaintiff has provided nothing more than conclusory, unsupported, and inconsistent damages calculations which fail to specifically quantify plaintiff's alleged harms as required by the federal rules. For example, in plaintiff fails in her discovery responses to establish her damages with any reasonable degree of certainty. [Exhibit M] Instead, plaintiff provides an inconsistent and speculative damages calculation and fails to produce any documents substantiating the damages she claims. [Id.]

Based on the above, plaintiff has woefully failed to establish that she sustained actual damages – a required element of a legal malpractice claim. Despite her claim in response to Interrogatory No. 4, which seeks a computation of each category of damages alleged by plaintiff, that she would amend her response at the conclusion of discovery, no such amendment was ever made. Plaintiff further fails to cite to any specific documentation evidencing her alleged damages, instead document dumping by reference to the 1,473 pages of documents – none of which includes

any evidence of a bill, invoice, or any payment to establish damages in the form of legal fees paid by plaintiff specifically related to any alleged failure to have an expert in the Family Court custody case or a federal action.   This simply does not meet the standard of establishing actual damages under New York law as articulated above.

Further, plaintiff's damages calculations have been both inconsistent and unsubstantiated throughout the course of this litigation.  For example, plaintiff at times claims that her damages were in excess of $315,000 in her Third Amended Complaint, departing from her subsequent $305,000 computation in discovery without any specification as to how these damages were calculated, nor a specific direction as to the documentation relied upon in arriving at same.  This constitutes the precise type of "conclusory" and "speculative" damages calculation that was explicitly prohibited in *Janker* and *Zarin*.  Indeed, similar to *Zarin*, plaintiff's damages calculations are too speculative to be proven with any degree of reasonable certainty.  Based on plaintiff's representations, it is impossible to ascertain her alleged damages, and the speculative nature of same warrants dismissal.  Accordingly, as plaintiff cannot establish actual damages, plaintiff's action for legal malpractice must be dismissed with prejudice.

### E. Plaintiff's Claim Should Be Dismissed For Failure To Prosecute Her Legal Malpractice Claim

Not limited to the above reasons, summary judgment is appropriate in this matter because plaintiff has failed to prosecute her claim.

Under Rule 41, a defendant may move for dismissal of an action for plaintiff's failure to prosecute. See FED.R.CIV.P. 41(b).  It is well established that "a district court has the power to dismiss an action for failure to prosecute and that such a dismissal will be reviewed only for abuse of discretion." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 632-33 (1962).  Five factors are used to determine whether dismissal is warranted: (1) the duration of plaintiff's failures; (2)

23

whether plaintiff had received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether the district judge has taken care to strike the balance between alleviating court congestion and protecting a party's right to due process and a fair chance to be heard, and (5) whether the judge has adequately assessed the efficacy of lesser sanctions. *Shannon v. General Elec. Co*. 186 F.3d 186, 193 (2d Cir. 1999).

Considering the factors, throughout the course of this almost four-year case and discovery in this matter, plaintiff has committed repeated discovery violations and flouted this court's rules and court ordered deadlines.  Dismissal is appropriate where there has been complete intransigence in the face of a clear-cut order, *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 666 (2d Cir.1980); or where there has been a total failure to complete discovery as directed, *Ali v. A & G Company, Inc.*, 542 F.2d 595 (2d Cir. 1976).   As detailed above, plaintiff has refused to provide initial Rule 26 discovery or even certified discovery responses, and further violated Rule 26 and discovery deadlines in this court's numerous orders by concealing her "expert" until 10:38 PM on September 27, when expert discovery ended and just two weeks before motions for summary judgment were due.  Plaintiff's misconduct was deliberate considering the expert plaintiff ultimately, but improperly, identified was Sanford Young, the attorney who represented plaintiff in the appeal of her underlying case, and whose personal interests in the case are suspect, among other reasons why he is not an appropriate expert.  The other expert plaintiff identified is not qualified by any means.

Plaintiff also refused to answer any of defendant's discovery served in compliance with local rules that requested proof and calculation of damages.  Rather, plaintiff objected to every one of defendant's discovery demands, then gave a document dump of over 1,400 pages and refused to identify what document.  All of this was done in violation of several discovery orders

24

directing plaintiff to disclose discovery by certain dates. Those orders were fair warning that if plaintiff did not comply then she could lose her case.  Plaintiff prejudiced defendant by preventing defendant from taking depositions of her purported expert and preventing any rebuttal expert on defendant's behalf.   Further prejudice occurred by forcing defendant to defendant herself, wasting her valuable time and money, in this almost four-year ruse that plaintiff could not sustain by any expert opinion.  Plaintiff further congested this court's dockets with this case of over 200 filings on the docket, and interfering with the court's caseload.  Of plaintiff's many discovery violations, concealing her "expert" in the outrageous way that plaintiff did by flouting every order of this court, mandates dismissal, with prejudice.

**CONCLUSION**

For the above stated reasons, defendant respectfully requests this Court grant summary judgment in her favor.

Dated:   Roseland, New Jersey
         October 18, 2019

> Marshall Dennehey Warner
> Coleman & Goggin
> Attorneys for Defendant
> Telephone: 973-618-4118
> E-mail: hbmankoff@mdwcg.com
>
> */s/ Howard B. Mankoff*
> By: _____
>      Howard B. Mankoff, Esq.