```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
MARGARET RHEE-KARN,                     :         15cv9946 (DLC)
                                        :
                 Plaintiff,             :         MEMORANDUM OPINION
                                        :            AND ORDER
            -v-                         :
                                        :
SUSAN CHANA LASK, ESQ. A/K/A SUSAN      :
LUSK, A/K/A SUSAN LESK,                 :
                                        :
                 Defendant.             :
                                        :
----------------------------------------X
```

APPEARANCES:

For plaintiff:
Kenneth W. Craig
39 Caroline Ln.
Pisgah Forest, NC 28768
(828) 275-5532

Douglas Richard Dollinger
The Law Offices of Douglas R. Dollinger, P.C. & Associates
570 County Route 49
Middletown, NY 10940
(845) 915-6800

For defendant:
Howard B. Mankoff
Marshall, Dennehy, Warner, Coleman and Goggin
425 Eagle Rock Avenue
Roseland, NJ 07068
(973) 618-4118

Susan Chana Lask
Law Offices of Susan Chana Lask
244 Fifth Ave., Ste. 2369
New York, NY 10001
(917) 300-1958

DENISE COTE, District Judge:

On March 18, 2020, defendant Susan Chana Lask moved for reconsideration of the Court's March 4, 2020 Opinion, which granted summary judgment to Margaret Rhee-Karn on her claim for legal malpractice in connection with a 2012 federal court action in which Lask was counsel to Rhee-Karn. Rhee-Karn v. Lask, No. 15cv9946 (DLC), 2020 WL 1046596 (S.D.N.Y. March 3, 2020) (the "March Opinion").[1] The March Opinion is incorporated by reference, and familiarity with it is assumed. For the reasons that follow, Lask's March 18 motion for reconsideration is denied.

The standard for granting a motion for reconsideration is "strict." Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." Id. (citation omitted). "A motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear

---

[1] The March Opinion granted summary judgment to Lask on Rhee-Karn's legal malpractice claims in connection with a second federal court action filed in 2013, as well as for her representation of Rhee-Karn in the Family Court of the State of New York, County of New York.

2

error or prevent manifest injustice." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted). It is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." Analytical Surveys, 684 F.3d at 52 (citation omitted).

In arguing for reconsideration of the March Opinion, Lask contends that evidence in the record on summary judgment was overlooked. But, in opposing Rhee-Karn's motion for summary judgment, Lask did not cite any of the evidence on which she now relies to argue that reconsideration of the March Opinion is warranted, either in her opposition brief or her Rule 56.1 counter-statement. In deciding a motion for summary judgment, a district court is not required to "scour the record on its own in a search for evidence" where the non-moving party fails to adequately present it. CILP Assocs. LP v. Price WaterHouse Coopers LLP, 735 F.3d 114, 125 (2d Cir. 2013) (citation omitted). "The purpose of Local Rule 56.1 is to streamline the consideration of summary judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the parties." Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 74 (2d Cir. 2001). The evidence that Lask failed to bring to the Court's attention in opposing Rhee-Karn's

summary judgment motion, therefore, is not a basis to reconsider the March Opinion.

In any event, there is a second, independent reason to deny the motion for reconsideration. The evidence which Lask now cites does not change the determination that Rhee-Karn is entitled to summary judgment on her legal malpractice claim in connection with the 2012 federal action. As described in the March Opinion, only after Lask voluntarily dismissed that 2012 action in February 2013, did she adequately research the legal issues underlying the case. She conducted that research in May 2013. At that point, Lask advised Rhee-Karn against filing a second federal action. For this very reason the March Opinion granted Lask summary judgment on Rhee-Karn's legal malpractice claims in connection with the filing of the second federal action.

## Conclusion

The defendant's March 18, 2020 motion for reconsideration is denied for each of the two reasons set forth above.

Dated:   New York, New York
         March 24, 2020

```
                              _____
                                    DENISE COTE
                              United States District Judge
```