**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARGARET RHEE-KARN,  )<br>　　　　　　　　　　Plaintiff,  )<br>　　　　　　　　　　　　　　)<br>-against-　　　　　　　　　　)<br>　　　　　　　　　　　　　　)<br>SUSAN CHANA LASK, ESQ., A/K/A  )<br>SUSAN LUSK, A/K/A SUSAN LESK,  )<br>　　　　　　　　　　　　　　)<br>　　　　　　　　　　Defendant.  )<br>　　　　　　　　　　　　　　) | Case No. 15-cv-09946 (DLC)<br><br>**[PROPOSED]**<br>**PLAINTIFF'S PRETRIAL STATEMENT** |

The parties to the above-captioned action submit this Proposed Joint Pre-Trial Order, pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Court's Individual Rules.

**i.	The Full Caption of the Action:**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARGARET RHEE-KARN,  )<br>　　　　　　　　　　Plaintiff,  )<br>　　　　　　　　　　　　　　)<br>-against-　　　　　　　　　　)<br>　　　　　　　　　　　　　　)<br>SUSAN CHANA LASK, ESQ., A/K/A  )<br>SUSAN LUSK, A/K/A SUSAN LESK,  )<br>　　　　　　　　　　　　　　)<br>　　　　　　　　　　Defendant.  )<br>　　　　　　　　　　　　　　) | Case No. 15-cv-09946 (DLC) |

**ii.	Contact Information for Trial Counsel:**

Attorneys for Plaintiff Margret Rhee-Karn

Law Office of Douglas R. Dollinger, Esq., PC.
570 County Rt, 49
Middletown, New York 10940
Telephone: (845) 741-9363
E-mail ddollingeresq@gmail.com

1

Attorneys for Defendant Susan Chana Lask

Alexander M. Dudelson, Esq.
26 Court Street - Suite 2306
Brooklyn, New York 11242
Telephone: (718) 855-5100
E-mail: adesq@aol.com

Susan Chana Lask
Law Offices of Susan Chana
244 Fifth Avenue, Suite 2369
New York, NY 10001
Telephone: 917−300−1958
Email: scl@appellate−brief

**iii.     Jurisdiction:**

This action asserts claims legal malpractice which occurred within the district of this court with the Court under federal diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff was and is a citizen and resident of New York State. Defendant was and is a citizen and resident of the State of New Jersey. The amount in controversy is in excess of $75,000, exclusive of interest and costs.

**iv.     Brief Summary of Claims and Defenses:**

**(a) The Plaintiff's Summary:**

The Defendant Susan Chana Lask has been found liable for legal malpractice as a matter of law by the Second Circuit Court of Appeals. the Court held the Defendants advice was sufficiently deficient as to constitute malpractice as a matter of law, as it fell below the ordinary and reasonable skill and knowledge commonly possessed by a member of the profession because the defendant negligently failed to conduct adequate legal research or advise plaintiff about any of the substantial risks that bringing a federal action entailed. In particular, the Defendant improperly advised that the Plaintiff could not raise her constitutional claims in family court. The

Circuit court held the advice was plainly unreasonable under the circumstances, since family courts are unequivocally competent to consider constitutional challenges.

**(b)     The Law:**

Necessary Elements of a Legal Malpractice Claim  Rule:  There are three necessary elements for a plaintiff to prove a legal malpractice case in New York: (1) negligence, (2) proximate cause, and (3) damages.   Authority: "In an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages" *(Rudolf v. Shayne, Dachs, Stanisci, Corker & Sauer,* 8 N.Y.3d 438, 442, 835 N.Y.S.2d 534, 867 N.E.2d 385 [internal quotation marks omitted]; see Verdi v. Jacoby & Meyers, LLP, 154 A.D.3d 901, 902, 63N.Y.S.3d 71*; Ferrigno v Jaghab, Jaghab & Jaghab, P.C.,* 152 A.D.3d 650, 652, 59 N.Y.S.3d 115)." *Iannucci v. Kucker & Bruh*, LLP, 161 A.D.3d 959, 960, 77 N.Y.S.3d 118 (2d Dep't 2018) [internal quotation marks omitted].  Negligence  Rule: Negligence in a legal malpractice action is when an attorney fails to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession. Authority: "In an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney 'failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession' [citation omitted]."  *Rudolf v. Shayne, Dachs, Stanisci, Corker & Sauer,* 8 N.Y.3d 438, 442, 867 N.E.2d 385, 387, 835 N.Y.S.2d 534, 536 (2007).

**(c)     Damages**: Where the injury suffered is the loss of a cause of action, the measure of damages is generally the value of the claim lost.  Authority: "Damages in a legal malpractice

3

action are designed 'to make the injured client whole' [citation omitted]." *Rudolf v. Shayne, Dachs, Stanisci, Corker & Sauer,* 8 N.Y.3d 438, 443, 867 N.E.2d 385, 388, 835 N.Y.S.2d 534, 537 (2007). "The object of compensatory damages is to make the injured client whole. Where the injury suffered is the loss of a cause of action, the measure of damages is generally the value of the claim lost [citations omitted]." *Campagnola v. Mulholland, Minion & Roe,* 76 N.Y.2d 38, 42, 555 N.E.2d 611, 556 N.Y.S.2d 239 (1990).The jury must determine which of the Defendants billing entries constitute work performed concerning the first federal action as presented in Defendant's billing invoices. Plaintiff's proof of payment has not been contested.

(d) **Proximate Cause "But For" Causation Rule**: In order to establish the element of proximate cause, the plaintiff in a legal malpractice action must demonstrate that he/she would have prevailed or had a better result in the underlying matter "but for" the attorney's negligence. Authority: "'To establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer's negligence' (*Rudolf v. Shayne, Dachs, Stanisci, Corker & Sauer*, 8 N.Y.3d at 442, 835 N.Y.S.2d 534, 867 N.E.2d 385; see *Burbige v. Siben & Ferber,* 152 A.D.3d 641, 642, 58 N.Y.S.3d 562)." Betz v. Blatt, 160 A.D.3d 696, 697, 74 N.Y.S.3d 75 (2d Dep't 2018). "Proximate cause requires a showing that 'but for' the attorney's negligence, the plaintiff would either have been successful in the underlying matter or would not have sustained any ascertainable damages [citation omitted]." *Barbara King Family Trust v. Voluto Ventures LLC*, 46 A.D.3d 423, 424, 849 N.Y.S.2d 41 (1st Dep't 2007).

(e) **Recoverability of Legal Fees Rule:** Legal fees for the prosecution of the legal malpractice action are not recoverable, but legal fees incurred in an effort to correct the attorney's negligence in the underlying matter may be recoverable. Authority: "A plaintiff's

damages may include 'litigation expenses incurred in an attempt to avoid, minimize, or reduce the damage caused by the attorney's wrongful conduct' [citation omitted]." *Rudolf v. Shayne, Dachs, Stanisci, Corker & Sauer,* 8 N.Y.3d 438, 443, 867 N.E.2d 385, 388, 835 N.Y.S.2d 534, 537 (2007).

**(f)** **Prejudgment Interest:** In New York a plaintiff in a legal malpractice action is entitled to pre-judgment interest, which runs at 9% per year, from the date of the malpractice. Authority: "'CPLR 5001 operates to permit an award of prejudgment interest from the date of accrual of the malpractice action in actions seeking damages for attorney malpractice' [citations omitted]. In relevant part, CPLR 5001(b) provides: '[I]nterest shall be computed from the earliest ascertainable date the cause of action existed, except that interest upon damages incurred thereafter shall be computed from the date incurred. Where such damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date.'" *Barnett v. Schwartz,* 47 A.D.3d 197, 208, 848 N.Y.S.2d 663, 671 (2d Dep't 2007).

Plaintiff has identified billing entries she claims are admission and otherwise constitute damages in excess of Fifty Thousand ($50,000,00) Dollars excluding interest and legal fees resulting from the Defendants malpractice and meet the Plaintiffs duty of proof by a preponderance of the evidence that she paid the invoices to include fees concerning the first federal cause of action.

By reason of the judicial findings and Defendant admissions, Plaintiff may prove she sustained damages for legal services she improperly billed Plaintiff in pursuing an improper federal action between May 2012 and March 2013 and that she has sustained legal fees to be

made whole again. In addition to her actual damages Plaintiff is entitled to recovery of legal fees and prejudgment interest.

The Defendant must now prove her affirmative defenses by a preponderance of the evidence that the billing revenue was generated for matters other than the amounts paid related to the first federal action.

The Defendants Affirmative Defenses include:

### FIFTEENTH AFFIRMATIVE DEFENSE

71. Defendant Lask repeats and re-alleges all of the foregoing paragraphs as if fully set forth herein.
72. Any recovery to the Plaintiff, which Defendant denies is appropriate, is subject to set-off by Defendant's proof of claim.

**Defendant's Summary: Declined.**

iv. **Marked Pleadings:**

Exhibit "A" Plaintiff Second Amended Complaint; Exhibit "B" Defendant's Answer.

v. **Jury Trial Statement and Estimated Number of Trial Days:**

This case is to be tried to a jury.

Plaintiff the anticipates that the trial will last 2 trial day and takes the position that a timed trial granting 6 hours to each of the parties would be appropriate. Plaintiff request time for opening statement of 30 minutes.

vi. **Trial by Magistrate Judge:**

The parties have not consented to trial of this case by a magistrate judge.

vii. **Stipulations:**

A list of stipulations is attached as Exhibit "C" to the Joint Proposed Pre-Trial Order.

viii. **Witness Lists:**

A copy of each Plaintiff's witness list is attached to this Joint Pre-Trial Order.

For Plaintiff Exhibit "D".

**ix**.   A copy of each Plainff's's exhibit list is attached to this Joint Pre-Trial Order.

For Plaintiff Exhibit "E".

The parties are continuing to meet and confer with regard to their respective exhibit lists and anticipate providing these lists to the Court at the Pre-Trial Conference.

Dated: April 19, 2023

                                                    Respectfully submitted,

                                                    *Douglas R. Dollinger, Esq.*
                                                    Law Office of Douglas R. Dollinger, Esq., PC.
                                                    570 County Rt, 49
                                                    Middletown, New York 10940
                                                    Telephone: (845) 741-9363
                                                    E-mail ddollingeresq@gmail.com

                                                    <u>Attorneys for Plaintiff Margret Rhee-Karn</u>


                                                    _____
                                                    Alexander M. Dudelson, Esq.
                                                    26 Court Street - Suite 2306
                                                    Brooklyn, New York 11242
                                                    Telephone: (718) 855-5100
                                                    E-mail: adesq@aol.com
                                                    <u>Attorneys for Defendant Susan Chana Lask</u>


                                                    _____
                                                   Susan Chana Lask-Pro Se
                                                    Law Offices of Susan Chana
                                                    244 Fifth Avenue, Suite 2369
                                                    New York, NY 10001
                                                    Telephone: 917−300−1958
                                                    Email: scl@appellate−brief

SO ORDERED:

The Honorable Robert W. Lehrburger


_____
United States District Court
Judge Magistrate