*Law Offices of*
## SUSAN CHANA LASK

*244 Fifth Avenue, Suite 2369*
*New York, N.Y.  10001*

(917) 300-1958                           www.appellate-brief.com

**VIA ECF**

April 21, 2023

Honorable Robert W. Lehrburger
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: Rhee-Karn v. Lask No. 15-cv-9946

Dear Honorable Magistrate Lehrburger:

   As the court will recall, at your initial conference I raised the lack of jurisdiction issue and informed I would  file a motion in the future.  Your Honor responded you would want to see a legal brief on the issue.  Your informing that a brief was needed is consistent with the law, explained below, making it mandadtory that the ocurt hear jurisdiction.  Your later April 20, 2023 Order rejecting my request to file a motion in not consistent with the law. I renew my re uest as follows.

  In *Henderson v. Shinseki*, 562 U.S. 428,435, 131 S. Ct. 1197 (2011), the Supreme Court holds:

> "Objections to subject-matter jurisdiction, however, may be raised at any time. Thus, a party, after losing at trial, may move to dismiss the case because the trial court lacked subject-matter jurisdiction. Arbaugh, 546 U.S., at 508, 126 S. Ct. 1235, 163 L. Ed. 2d 1097. Indeed, a party may raise such an objection even if the party had previously acknowledged the trial court's jurisdiction. Ibid."

 See also Kontrick v. Ryan, 540 U.S. 443,456, 124 S. Ct. 906 (2004) citing *Mansfield, C. & L. M. R. Co. v. Swan*, 111 U.S. 379, 382, 28 L. Ed. 462, 4 S. Ct. 510 (1884) (challenge to a federal court's subject-matter jurisdiction may be made at any stage of the proceedings, and the court should raise the question *sua sponte*).

   In  face of a challenge to subject-matter jurisdiction, there "must be a decision by the district court on jurisdiction." *Grancio v. De Vecchio*, 572 F. Supp. 2d 299 (E.D.N.Y. 2008) citing *Crawford v. United States*, 796 F.2d 924, 929 (7th Cir. 1986). In *Crawford*, Judge Posner explained that:

> "...no case can properly go to trial if the court is not satisfied that it has jurisdiction. The fact that the summary judgment proceeding may not resolve a jurisdictional issue definitively is no ground for assuming jurisdiction and proceeding to trial. The jurisdictional issue must be resolved first." Id. at 928."

1

This court can not be satisfied with jurisdiction when I raised the issue after reviewing the law and facts and the court invited briefing (not to say the courty will grant it) but it understands its duty).  Thus,  "it is a court's duty to resolve disputed jurisdictional facts." Gaston v. New York City Dep't of Health, 432 F.Supp.2d 321, 326 (S.D.N.Y. 2006)(citing *Cargill Int'l S.A. v. M/T Pavel Dybenko*, 991 F.2d 1012,1019 (2nd Cir.1993)).

This Court's Individual Rules for trial include a jurisdictional statement in the Joint Pretrial Order ("JPTO") because the court understands it can not proceed in face of a jurisdiction issue. Defendant will state in the JPTO that this court lacks jurisdiction because the amount in controversy is far below the $75,000 amount in controversy, as admitted by plaintiff, and has always been below that amount since the day the complaint was filed, according to Defendant. In the motion to dismiss for lack of jurisdiction, Defendant will show that the complaint never had a good faith basis to allege the jurisdictional amount, and a review of this court's 2019 dismissal and 2020 summary judgment decisions support that there was no case filed from the start.

Based on the above, I respectfully request the court allow me to file the motion on May 19, 2023, opposition May 26 and any reply by May 30, 2023, which allows plenty of time before the trial starting July 25, and coordinates with my work and personal schedule that I previously informed the court.

Last, with due respect to the court and in defense of my reputation which the law in this Circuit supports, I disagree with yesterday's order including me in its admonishment to Mr. Dollinger as communications being "ad hominem" and unprofessional.  The definition of ad hominem is an argument directed against a person rather than the position they are maintaining.  My letters were based on facts and law to support my sanctions and disqualification.  There is no other way to support that position then to refer to prior acts as case law dictates, i.e. a pattern of misconduct.  My pre-motion letter explaining misrepresentations and threats by plaintiff's counsel was no different than the pre-motion letter for disqualification of David Boise, Esq. by Alan Dershowitz, Esq. complaining of Boise's "tone", "hostile" emails, being uncooperative, and exposing a client's confidential information (ethics violation), among other things. See Case No. 19-03377, DE 14 et seq..  The dispute between Tim Parlatore, Esq. and Joe Tacopina, Esq. in this court included raging accusations of false allegations to damage their reputations, drug abuse, sexual misconduct and ethics violations, including illegal fees.  See Case No. 14-08379, DE 24 et seq.   This court did not characterize those filings of those attorneys as ad hominem and unprofessional.

I thank this court for its attention.

                                                Very truly yours,

                                                **LAW OFFICES OF SUSAN CHANA LASK**

                                                /s Susan Chana Lask

                                                **SUSAN CHANA LASK**