UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MARGARET RHEE-KARN,                               :
                                                  :
                      Plaintiff,                  :
                                                  :
          - against -                             :
                                                  :
SUSAN CHANA LASK, ESQ.,                           :
                                                  :
                      Defendant.                  :
-----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/24/2023

15-CV-9946 (RWL)

**DECISION AND ORDER:
MOTIONS IN LIMINE**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

On March 4, 2020, Judge Cote issued an opinion and order granting in part and denying in part the parties' respective motions for summary judgment. As relevant here, the Court found that Defendant Susan Chana Lask had committed malpractice with respect to the so-called First Federal Action but had not committed malpractice with respect to the so-called Second Federal Action. (Dkt. 226.) Granting summary judgment to Plaintiff Rhee-Karn with respect to the First Federal Action, the Court found that Lask was negligent in failing to "research, much less advise on, any of the pitfalls of bringing an action in federal court prior to the filing of the First Federal Action." (*Id.* at 16.) The Court further found that "Lask's negligence … was the but for cause of all of the legal expenses Rhee-Karn incurred in connection with the First Federal Action" and that "Rhee-Karn is therefore entitled to damages for the legal fees she incurred in connection with the First Federal Action." (*Id.* at 16-17.) A jury trial to determine damages is scheduled to begin in July 2023. The parties each have filed motions in limine. As set forth below, Plaintiff's motion (Dkt. 331) and Defendant's motion (Dkts. 360-61) are each GRANTED IN PART and DENIED IN PART.

1

## Plaintiff's Motion In Limine (Dkt. 331)

1.     **Malpractice:**     Rhee-Karn seeks to preclude Lask from arguing or presenting evidence that Lask has not committed malpractice and that she is not liable for damages (in the form of legal fees paid) for the period of May 2012 to May 15, 2013, rather than the shorter period advocated by Lask of October 24, 2012 to February 5, 2013. Rhee-Karn argues that Judge Cote's summary judgment decision is the law of the case and precludes Lask from disputing the merits at trial.  Lask contends that Judge Cote's decision was in error.  The Court agrees with Rhee-Karn with respect to the liability issue but not the damages issue.

Judge Cote not only granted summary judgment finding Lask liable for malpractice, but she also denied Lask's motion for reconsideration.  (Dkt. 229.)  On appeal, the Second Circuit affirmed Judge Cote's decision.[1]  *Rhee-Karn v. Lask*, Nos. 20-1577-cv, 20-1580-cv, 2022 WL 619695 (2d Cir. March 3, 2022).  Lask has not presented to the Court any basis for disregarding or departing from Judge Cote's decision.  Accordingly, Lask is precluded from arguing or presenting evidence at trial that Lask did not commit malpractice in connection with the First Federal Action.

As to the damages period, the parties disagree about the relevant dates of billing entries that are attributable to the First Federal Action.  Judge Cote extensively explored the relevant dates with the parties.  On August 2, 2022, Judge Cote issued an order finding that "the fees incurred by plaintiff in connection with the First Federal Action

---

[1] Despite having initiated the appeal and having informed the Court of Appeals in her briefing that the Court had jurisdiction over the appeal, Lask recently filed a motion to withdraw the Second Circuit's mandate based on lack of jurisdiction.  This Court's ruling with respect to the issues herein is not dependent on the Second Circuit's decision.

*appear* to be a portion of those recited in the invoices for work done on dates between October 24, 2012 and February 5, 2013," the date when the First Federal Action was dismissed.  (Dkt. 244 at 2 (emphasis added).)  After soliciting the parties' contentions with respect to the billing entries at issue (*see* Dkts. 278-79), Judge Cote held a conference on October 28, 2022 to discuss that subject and to narrow the damages at issue for trial. (*See generally* Transcript of Hearing, Oct. 28, 2022 at Dkt. 373 ("Oct. 28, 2022 Transcript").)  As Rhee-Karn acknowledges, "the very purpose of the October 28, 2022, hearing … was to establish and narrow the one remaining issue before the Court to find the period allowing a calculat[ion] of damages attributable to the First Federal Action." (Pl. Opp. Mem. at 10.[2])

At the October 28, 2022 hearing, the parties confirmed the relevant date range of the billing entries at issue.   Whereas Rhee-Karn initially indicated that certain billing entries before October 24, 2012 and after February 5, 2013 were in play, she conceded at the hearing that those entries were not included within the damages sought.  The Court asked Plaintiff's counsel, "But, I take it the position of the plaintiff is if I accept that [Defendant's identification of billing records on appeal] as an admission, that the plaintiff's isn't seeking anything above that.  You have relied on that and the defendant['s] filing before the Court of Appeals."  Plaintiff's counsel responded "Yes, your Honor," followed by further explanation. (*See* Oct. 28, 2022 Transcript at 15-16.)   The Court then specifically addressed some of the specific entries outside the period of October 24, 2012

---

[2] "Pl. Opp. Mem." refers to Plaintiff's Memorandum In Response And Objections To The Defendant's Omnibus Motion, Pretrial Statements And Submissions, dated May 22, 2023, at Dkt. 377.

to February 5, 2013, and Plaintiff's counsel agreed with their removal from the list of claimed damages.  (*Id.* at 16-18.)  The Court took Plaintiff's counsel at his word and stated that the damages period was limited to the October 24, 2012 to February 5, 2013 period: "We have the plaintiff withdrawing a request for reimbursement for items that fall outside the October 24th to February 5th framework."  (*Id.* at 19.)  Rhee-Karn did not object to the Court's pronouncement.  The relevant period of damages thus is not, as Rhee-Karn now contends, May 2012 to May 15, 2013, but instead is October 24, 2012 to February 5, 2013.

Following the October 28, 2022 hearing, at Judge Cote's direction (Dkt. 280), the parties submitted their contentions with respect to whether and to what extent Lask made admissions in her appeal of the summary judgment order as to billing record entries that related to the First Federal Action.  (Dkts. 281, 282.)  In her submission, Rhee-Karn took the position that the relevant period should be July 13, 2012 to February 5, 2013.  (Dkt. 281.)  Shortly thereafter, the parties consented to my jurisdiction for all purposes.  (Dkt. 284.)

Given the concessions Rhee-Karn made at the October 28, 2022 hearing, and Judge Cote's reliance on those concessions, the relevant period of billing entries was and remains October 24, 2012 to February 5, 2013.  Rhee-Karn is subject to the same principles of judicial estoppel and law of the case that she invokes against Lask with respect to the finding of liability for malpractice.  (*See* Pl. Opp. Mem. at 8-9, 10-11.)  It is irrelevant that Lask has not agreed that her representations on appeal are admissions of what Rhee-Karn says they mean or that the Court has not taken them as such, instead leaving it to the jury to assess Lask's credibility (as discussed further below).  Nor is it

relevant that Judge Cote found that Lask did not conduct adequate research into a federal action until May 2013.  Were it otherwise, Rhee-Karn's counsel would not have withdrawn Plaintiff's contentions as to the post-February 5, 2013 entries.  (*See* October 28, 2022 Transcript at 16-17 (Rhee-Karn's attorney agreeing with Court's reasoning as to why post-February 5, 2013 entries were not relevant).)  Rhee-Karn contends that the issue of the relevant time period is a jury question and notes that on October 31, 2022, Judge Cote issued an order stating that "to the extent the issue of the appropriate amount of damages is not resolved earlier, trial in this action will" go forward.  (Pl. Opp. Mem. at 6; *see* Dkt. 280.)  The Court agrees that the issue of damages will be tried by the jury – indeed, it is the only issue – but the task for the jury will be to determine which entries between October 24, 2012 and February 5, 2013 reflect work performed in connection with the First Federal Action.

It bears keeping in perspective the limited number of entries, and associated fees, that separate the two periods of time.  As set forth in Plaintiff's Computation of Damages (Dkt. 377-2), Rhee-Karn seeks recovery of legal fees paid for a total of 93.25 hours of work, which totals $60,612.50 in fees (not including costs) in connection with the First Federal Action.  Her computation includes only four entries pre-dating October 24, 2013, totaling 13.75 hours, and four entries post-dating February 5, 2013, totaling 4.25 hours,[3] for a grand total of 18 hours.  At Lask's then billing rate of $650 per hour in connection with the First Federal Action, the dollar amount at issue comprised by the entries outside

---

[3] *See* Oct. 28, 2022 Transcript at 18 ("The Court: 'And then you have entries on March 30th, April 3rd, April 30th, and May 2nd. … So, those four indications plaintiff is withdrawing.' … Mr. Dollinger: 'Your Honor, to speed things along, yes we will remove them.'").

the relevant time frame is $11,700.  Subtracting that amount brings Rhee-Karn's claimed damages to $49,612.50 (exclusive of costs).

      2.    **Billing Record Admissions**:  In her briefing on appeal to the Second Circuit, Lask made certain statements about her invoices and particular tasks that were or were not associated with the First Federal Action.  Rhee-Karn asks that Lask be precluded from denying those statements as "admissions" of proof of work performed in connection with the First Federal Action that are subject to recovery.  Lask disputes that the statements in her appeal briefing are admissions of what Rhee-Karn says they are. The Court denies Rhee Karn's request.  The jury will make factual determinations about credibility, and Rhee-Karn will be able to confront Lask with her prior statements, including those made in her appellate briefing, excerpts of which will be admissible at trial.

### Defendant's Omnibus Motion In Limine (Dkts. 360-61)

      1.    **Pre-trial Order**:  The parties were not able to agree on the contents of a pre-trial order.  Lask asks that the Court strike Rhee-Karn's proposed pre-trial order and instead adopt Lask's proposed pre-trial order in full.  The request is denied.  The Court will not strike either proposed pre-trial order, will not so-order either proposed order, and will instead issue its own orders as warranted.

      2.    **Defenses**:  In her motion, Lask makes reference to several affirmative defenses she may raise, including (i) ratification, (ii) unclean hands, (iii) waiver, and (iv) set-off.  There is no basis for Lask to assert ratification, unclean hands, or waiver.  Liability has been determined, and the only issue for trial is the legal fees expended in connection with the First Federal Action.  During a conference held on May 17, 2023, Lask explained her set-off defense as referring to any "credits" she extended to Rhee-Karn for work in

connection with the First Federal Action.  In other words, if Lask did not charge for certain billing entries in connection with the First Federal Action, then any damages figure should reflect that as a set-off.  That may be a viable theory, which the Court will not preclude at this time, subject to there being evidence to support it.  During the same conference, Lask also clarified that she is not contending that Rhee-Karn did not pay her bills.  Accordingly, Lask may not present any argument or evidence at trial regarding ratification, unclean hands, waiver, or failure to pay.

       **3.**     **<u>Fees For This Litigation</u>:**  Lask asks to preclude Rhee-Karn from presenting any argument or evidence that fees expended by Rhee-Karn for the instant litigation are recoverable as damages.  In response, Rhee-Karn suggests that she may be entitled to recover as consequential damages the fees expended on Lask's appeal of the summary judgment decision, at least with respect to those portions that Lask appealed.  (Pl. Opp. Mem. at 19.)  Recovery of such fees is theoretically possible.  *See Baker v. Dorfman*, 239 F.3d 415, 426 (2d Cir. 2000).  As a factual and practical matter, however, Rhee-Karn's pursuit of such damages is dubious given that Rhee-Karn filed her own cross-appeal on the portions of the summary judgment decision that went against her.  She thus would have incurred much of the same expenses of appeal regardless of whether Lask appealed as well.  In any event, this issue is more appropriately resolved by the Court if and when there is an attorneys' fees application made after trial.  Accordingly, the Court does not rule on the issue at this time.

       **4.**     **<u>Pre-Judgment Interest</u>:**  Rhee-Karn seeks an award that includes pre-judgment interest pursuant to NY CPLR 5001.  Lask moves to preclude Rhee-Karn from being awarded pre-judgment interest on whatever damages may be found.   Lask

contends that Rhee-Karn may not seek pre-judgment interest because (i) Rhee-Karn did not ask for it in the ad damnum clause of her complaint; (ii) NY CPLR 5001 permits recovery of pre-judgment interest only in contract and property cases; and (iii) pre-judgment interest is not recoverable in legal malpractice cases.  In support of her first argument, Lask cites *Silge v. Merz*, 510 F.3d 157 (2d Cir. 2007), for the proposition that catch-all ad damnum clauses, such as the one included in Rhee-Karn's complaint, are insufficient to encompass a claim for pre-judgment interest.  But Lask overlooks that *Silge* was decided in the context of a default judgment and Fed. R. Civ. P. 54, which expressly provides that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  Fed. R. Civ. P. 54(c).  The Rule goes on to provide that "[e]very other final judgment should grant the relief to which each party is entitled, even if a party has not demanded that relief in its pleadings."  *Id*.  The instant case does not involve a default judgment.  Accordingly, the complaint's omission of an express reference to pre-judgment interest is of no moment.

The question of whether pre-judgment interest may be awarded in a malpractice case such as this one is less easily answered.  In any event, the question is one for the Court, not the jury.  The Court will address the issue in connection with post-trial briefing.

5.   **Revised Caption**:  Lask requests that the caption of the case be modified to remove references to "AKA" and alternate names.  Rhee-Karn consents, while at the same time reserving her right, subject to first obtaining permission from the Court, to reference the spelling variations on Lask's name in order to challenge Lask's credibility. (Pl. Opp. Mem. at 12.)  The Court agrees revising the caption is warranted.  Accordingly, the Clerk of Court is respectfully requested to revise the official caption of this case so

that Defendant is identified solely as SUSAN CHANA LASK, ESQ. Rhee-Karn may not reference Lask as having other names at trial absent prior order of the Court.

6. **Statements Regarding "Legal Malpractice"**: Lask seeks to preclude Rhee-Karn from making any statements that Lask has committed legal malpractice. For the reasons explained above in connection with Rhee-Karn's motion in limine, this request is denied.

7. **Second Circuit Mandate**: Lask seeks to preclude any statements that the Second Circuit's mandate (affirming Judge Cote's summary judgment decision) is the law of the case. As noted above, Lask has filed a motion to recall the mandate. The request is granted with respect to what may be argued before the jury; the jury does not need to be told what the Court of Appeals held or did not hold. At the same time, Lask is precluded from presenting any argument or evidence that the Court of Appeals did not have jurisdiction to hear the appeal or that the Court of Appeals erred. To be clear, however, the jury will be informed that it already has been determined that Lask committed malpractice in connection with the First Federal Action. Further, Rhee-Karn will be permitted to use excerpts of Lask's appeal briefing as evidence of what Lask represented as to billing entries made in connection with the First Federal Action.

8. **Damages**: Lask moves to preclude Rhee-Karn from suggesting any particular amount or even presenting any evidence of damages to the jury. Lask bases her request on Rhee-Karn's failure to provide a definitive damages calculation as required during discovery and this Court's individual rule V(B)(6) for pre-trial filings. To be sure, Rhee-Karn failed to timely disclose or provide a definitive calculation of alleged damages, instead providing varied amounts at different junctures, and not providing a definitive

computation in connection with her initial pre-trial filings.  Rather, Rhee-Karn provided her computation only after the Court noted her failure to do so and gave her the opportunity to provide one in responding to Lask's in limine motion.  Now that the computation, including identification relevant billing entries, has been provided, Rhee-Karn may suggest a particular amount and present evidence of damages, provided it is within the confines of the time period set forth above.  Lask's preclusion request therefore is denied.

9.    **Friedlander Report And Testimony**:  Rhee-Karn has included on her witness list Paul H. Friedlander, who was the author of an expert report that Rhee-Karn served on the very last day of expert discovery, September 27, 2019.  (*See* Dkt. 203 (Friedlander Report) and Dkt. 209-6 (Friedlander Declaration).)  Lask moves to exclude Friedlander as a witness.  Lask cites to Judge Cote's August 2, 2022 Order denying Rhee-Karn's request to reopen discovery.  (Dkt. 244.)  That order, however, merely declined to reopen discovery and rejected the filing of any "additional" expert reports.  (*Id*. at 2.)  The Court agrees with Rhee-Karn that Judge Cote's August 2, 2022 Order did not address or rule with respect to Friedlander.  (Pl. Opp. Mem. at 17.)

Nonetheless, the motion is granted for two principal reasons.  First, the report was filed late.  The Court's scheduling order (Dkt. 155) required the parties to set interim dates for designation of experts, service of expert reports, rebuttal expert reports, and any other subsidiary dates.  The parties apparently never set such interim dates.  By serving the Friedlander report on the last day of expert discovery, Rhee-Karn deprived Lask of the opportunity to take Friedlander's deposition as well as to serve a rebuttal expert report.

But even if the Friedlander report were timely, it should be excluded because the report will not be helpful to, and will instead likely confuse, the jury.  *See* Fed. R. Ev.

702(a) (expert opinion must "help the trier of fact to understand the evidence or to determine a fact in issue"); *Doe v. Colgate University*, 760 F. App'x 22, 29 (2d Cir. 2019) (summary order) (affirming exclusion of expert testimony because it unhelpful because it "would not help a jury 'understand the evidence or to determine a fact in issue'") (quoting Fed. R. Ev. 702(a)).  Friedlander's opinions merely critique Rhee-Karn's billing records as insufficiently detailed; Friedlander does not offer a damages analysis.  More particularly, Friedlander offers two opinions: (1) Lask's billing records do not comply with general accounting principles, and it was unreasonable to expect others to rely on them as proof of the tasks undertaken; and (2) the billing invoices "improper[ly]" mixed entries for two separate legal undertakings.  (Dkt. 203 at ECF 5.)  Neither of those opinions is an analysis of damages or germane to the issue to be tried.

In her opposition to Lask's motion in limine, Rhee-Karn asserts that at trial, after Lask testifies, Friedlander "will reconcile what the plaintiff paid via check and wire payments in relation to the alleged worked [sic.] performed involving the payment made for the First Federal Action and the lack of any documentation by the Defendant that she conducted the research she billed for."  (Pl. Opp. Mem. at 18.)  Putting aside that Friedlander did not include the substance of any such opinions in his disclosures, the first subject is not relevant.  The only issue for the jury is to determine what work Lask billed in connection with the First Federal Action; from that, damages can be ascertained based on the total hours, Lask's billing rate, and, possibly, credits given for the work at issue.  No expert testimony is required for that.  On the second proposed subject, Friedlander is an accountant and not qualified to evaluate what research Lask did or did not do; and,

whether or not there is documentation supporting the work performed is a factual matter that the jury is well equipped to handle should the issue even arise.

Accordingly, the report and testimony of Paul Friedlander are excluded.

10.   **Plaintiff's Witness List**:   Rhee-Karn's witness list includes three witnesses: Rhee-Karn, Lask, and Friedlander.  Lask seeks to strike all witnesses due to Plaintiff's failure to identify the sum and substance of each witness's testimony. Friedlander already has been excluded as per above.  The request to strike is otherwise denied.  The history and record of the litigation, particularly given the context of the narrow scope of trial (damages), provides Lask with ample notice of what Rhee-Karn can be expected to testify about, and what Lask may be asked on cross-examination.   In any event, Rhee-Karn has represented she will amend her witness list disclosure.  (Pl. Opp. Mem. at 22.)

11.   **Plaintiff's Exhibit List**:   Lask raises objections to each of Rhee-Karn's listed exhibits.  Rhee-Karn did not address these in her response to Lask's motion.

a.   Marked Third Amended Complaint: The objection is sustained.  The marked Third Amended Complaint may not be used as an exhibit with the jury.

b.   Lask's Amended Answer:  The objection is sustained.  However, Rhee-Karn may use the Amended Answer for impeachment.

c.   Lask's Second Circuit Brief:  The objection is sustained in part. Excerpts from the appellate brief regarding specific billing entries made in connection with the First Federal Action are admissible.  Any copy must be legible.

d.   Lask's Invoices:  The Court cannot resolve this issue without a further discussion of relevancy.  The Court will address this issue with the parties closer to trial.

e.      Interrogatories:  The Court cannot resolve this issue without knowing which specific interrogatory answers are at issue.  The Court will address this issue with the parties closer to trial.

f.      Family Court Transcript:  The Court cannot resolve this issue without Rhee-Karn having identified the transcript's purported relevancy.  The Court will address this issue with the parties closer to trial.

g.      Second Circuit Mandate:  The objection is sustained.  The Second Circuit decision and mandate shall not be included as evidence or in argument to the jury.

**12.    Jury Instructions:**  Lask's motion in limine includes objections to various aspects of Rhee-Karn's proposed jury instructions.  The Court will resolve jury instruction issues when it holds a charging conference.

<u>**Issues For Additional Briefing**</u>

During the May 17, 2023 conference, Lask raised certain damages theories that, if valid, potentially could reduce damages.

One theory posits that filing of the First Federal Action was a strategic maneuver to spur the state family court to action in Rhee-Karn's divorce proceedings, and therefore no damages were incurred in connection with the First Federal Action.  That theory is a non-starter as it is predicated on the filing of the First Federal Action not having been malpractice, but rather an appropriate legal strategy.  The theory is incompatible with the summary judgment determination that Lask committed legal practice in filing the First Federal Action without conducting appropriate research.  Accordingly, the Court will not permit argument or evidence of this theory.

A second theory posits set-off for credits given to Rhee-Karn in connection with invoices in connection with the First Federal Action.  As stated above in connection with Lask's in limine motion, a set-off theory may be permissible so long as there is evidence to support there being any actual credits that were given.

A third theory posits that any work that was done for the First Federal Action was or would have been used in the Second Federal Action (for which there was no malpractice and which Rhee-Karn decided to file despite Lask's advice).  Whether this theory is viable has not been briefed by the parties.  Accordingly, by June 7, 2023, Defendant shall file a brief of no more than 10 pages in support of its application for set-off; by June 21, 2023, Plaintiff shall file any opposition of no more than 10 pages; any reply from Defendant must be filed by June 28, 2023 and shall be limited to no more than 5 pages.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: May 24, 2023
         New York, New York

Copies transmitted this date to all counsel of record.