```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/28/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MARGARET RHEE-KARN,              :

                         :

           Plaintiff,    :

                         :

     - against -        :

                         :

SUSAN CHANA LASK, ESQ.,    :

                         :

          Defendant.    :
-------------------------------------------------------------X

15-CV-9946 (RWL)

**DECISION AND ORDER:
DAMAGES ISSUES FOR TRIAL**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

Pursuant to this Court's order on the parties' motions in limine (Dkt. 378), the parties have briefed certain issues with respect to damages that will determine what the parties may argue and present to the jury.  (*See* Dkts. 380, 384, 385.)  Having considered the parties' arguments and all prior proceedings, the Court orders as follows.

1.    **Second Federal Action:**  Defendant Lask may present evidence and argue that particular tasks and corresponding fees performed in connection with the First Federal Action would have been incurred in connection with filing the Second Federal Action and therefore should not be awarded to Plaintiff Rhee-Karn as damages.

The appropriate measure of damages for malpractice is the amount the client would have possessed "but for" the malpractice.  *Rudolf v. Shayne, Dachs, Stanisci, Corker &* Sauer, 8 N.Y.3d 438, 442, 835 N.Y.S.2d 534, 536 (2007)  "Damages in a legal malpractice case are designed to make the injured client whole," *id.*, 8 N.Y.3d at 443, 835 N.Y.S.2d at 536 (internal quotation marks omitted), and not to provide the client with a "windfall."  *EVIP Canada, Inc. v. Schnader Harrison Segal & Lewis LLP*, No. 18-CV-11456, 2021 WL 964943, at *17 (S.D.N.Y. March 15, 2021).

1

Judge Cote previously held, and the Second Circuit affirmed, that Lask had committed malpractice in connection with the First Federal Action, and that Lask's negligence in connection with the First Federal Action was the but for cause of the legal expenses Rhee-Karn incurred in connection with the First Federal Action.  Dkt. 226 at 15-17); *aff'd*, *Rhee-Karn v. Lask*, Nos. 20-1577-CV, 20-1580-CV, 2022 WL 619695 (2d Cir. March 3, 2022).  But Judge Cote also held, and the Second Circuit affirmed, that Lask was not liable for malpractice in connection with the Second Federal Action as Lask, by that time, had researched and advised Rhee-Karn about issues that Lask had not previously researched or advised on with respect to the First Federal Action.  Dkt. 226 at 17-18; *Rhee-Karn*, 2022 WL 619695 at *2.

If work performed in connection with the First Federal Action was later used for the Second Federal Action in place of work that otherwise would have been performed in connection with the Second Federal Action, then requiring Lask to refund payment made for that work would produce an impermissible windfall for Plaintiff.  *Cf. Ocean Ships, Inc. v. Stiles*, 315 F.3d 111, 119-20 (2d Cir. 2002) (vacating damages award for malpractice resulting in plaintiff's liability in connection with first action because there was evidence that plaintiff would have incurred the same liability in a second action).  Accordingly, Lask will be permitted to advance this theory – based on the relationship between the work performed for the two federal actions – to the jury as a reduction to the damages claimed by Rhee-Karn, and the Court's orders on the parties' motions in limine should not be construed otherwise.

**2.     Reduction Based On Allocation Of Discounted Fees:**  Lask also seeks to assert a theory of recoupment or offset that would reduce damages by the extent to

which Lask voluntarily discounted her fees in connection with the Second Federal Action and the Family Court Action for both of which there was no finding of malpractice.  (Dkt. 380 at 6-8.)  The Court rejects this theory, at least as framed by Lask.  The fees at issue are only those paid by Rhee-Karn for tasks in connection with the First Federal Action that would not otherwise have been incurred in the Second Federal Action.  Whatever Rhee-Karn paid for those tasks is what she paid and is the amount she should be reimbursed to make her whole.  That she may have received discounts in connection with the Second Federal Action (or the Family Court Action) is irrelevant.  The cases cited by Lask on this point are inapt, having nothing to do with malpractice actions or discounted fees.  Accordingly, Lask may not advance her theory based on allocation of discounted fees.

To be clear, however, Lask may advance the theory and present evidence, if any, that she reduced, forgave, or discounted fees invoiced in connection with the First Federal Action, resulting in payment by Rhee-Karn that may have been different from what an invoice otherwise may show.  Again, whatever Rhee-Karn paid for the tasks performed is what she paid and therefore is the measure of any reimbursement that may be due.

3.	**Plaintiff's Forfeiture And Disgorgement Argument:**  Rhee-Karn's brief contends that Lask is not entitled to any reduction of damages, because Lask was discharged for cause and, in any event, her retainer agreement with Rhee-Karn violated New York's Rules of Professional Conduct for a variety of reasons.  (Dkt. 384 at 2-10.)  Rhee-Karn goes further, and argues that Lask should be required to disgorge all amounts

Rhee-Karn paid in excess of $100,000 because Lask "agreed to cap her fees to a minimum fee with a cost of 'as much as' between $70-100,000."[1]  (Dkt. 384 at 6.)

Those arguments are moot and entirely irrelevant to the damages issues before the Court.   All of Rhee-Karn's claims, except for malpractice, were dismissed on September 30, 2018.  (Dkt. 97.)  On March 4, 2020, the Court dismissed and granted summary judgment against Rhee-Karn with respect to any remaining claims concerning the Second Federal Action and the Family Court Action.  (Dkt. 226.)  Accordingly, Plaintiff is precluded from making any argument or presenting any evidence that Lask's retainer agreement violates any rules of professional conduct or that Lask in any way misled Plaintiff about the fees she would be required to pay.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: June 28, 2023
       New York, New York

Copies transmitted this date to all counsel of record.

---

[1] Rhee-Karn cites to a declaration of she submitted in 2017 in response to a motion to dismiss.  (Dkt. 83-1 ¶ 6.)  That affidavit in turn cites to the retainer agreement attached to the Third [mis-numbered Second] Amended Complaint.  (Dkt. 57-1.)  The actual language in the retainer reads:  "Client understands after consulting with Attorney that this matter can cost as much as $70-100,000.00."  (Dkt. 57-1 at ECF 3.)