UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/12/2023
```

-------------------------------------------------------------------X

MARGARET RHEE-KARN,                    :
                                       :          15-CV-9946 (RWL)
                      Plaintiff,       :
                                       :          **ORDER**
            - against -                :
                                       :
SUSAN CHANA LASK, ESQ., A/K/A SUSAN    :
LUSK, A/K/A SUSAN LESK,                :
                                       :
                      Defendant.       :
-------------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

The Court has considered the parties' submissions regarding voir dire, jury instructions, and the verdict form. Attached to this order are the Court's drafts of those materials. The parties should be prepared to raise any objections at the final pre-trial conference currently scheduled for July 20, 2023.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated:      July 12, 2023
            New York, New York

Copies transmitted this date to all counsel of record.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
**MARGARET RHEE-KARN,**

                                                                                **19 Civ. 0610 (RWL)**

                              **Plaintiff,**

                   **-against-**                                  **15 Civ. 9946 (RWL)**

**SUSAN CHANA LASK,**

                              **Defendant.**
----------------------------------------------------------------X

**JURY VOIR DIRE**

## Background

Our system of justice deems all litigants as equals and requires that they be treated fairly and impartially.  That requires having fair and impartial jurors.  To that end, I and the lawyers are going to ask you some questions to determine if you should be a juror in this particular case.  So, please listen carefully and answer truthfully.

Before the questions, however, I am going to provide you with a brief description of the case.  This is a civil lawsuit, not a criminal one.  As I will instruct later, the standard of proof in a civil case is different than in a criminal case.

This case involves claims of legal malpractice.  The plaintiff is Margaret Rhee-Karn.  The defendant is Susan Chana Lask.  Ms. Lask is an attorney.  In 2012, Rhee-Karn retained Lask to represent her in child-custody proceedings against Rhee-Karn's husband in New York State family court.  With Rhee-Karn's approval, Lask also filed two actions in federal court in an attempt to speed up proceedings in the family action.  Those federal actions will be referred to as the First Federal Action and the Second Federal Action.

The legal proceedings did not end the way Rhee-Karn had hoped.  Rhee-Karn then sued Lask for legal malpractice – that is, negligence in providing legal services.  This Court has already ruled on the merits of that claim.  In particular, the Court held that Lask was liable for malpractice with respect to the First Federal Action but had not committed malpractice with respect to either the Second Federal Action or the state family court action.

Because the Court already has ruled on the merits of Rhee-Karn's legal malpractice claims, the only issue being decided at this trial is damages.  That is,

what amount of monetary damage, if any, did Rhee-Karn incur because of Lask's malpractice in filing the First Federal Action.  The measure of damages will be determined based on legal fees paid, and you will be asked to determine the amount of legal fees, if any, paid by Rhee-Karn in connection with the First Federal Action that should be reimbursed to Rhee-Karn.



Draft July 12, 2023

## TO THE PANEL

### Knowledge Of Parties And Witnesses

1.      Do any of you have any personal **knowledge of the allegations** in the case as I have described them?

2.      Are any of you familiar with the plaintiff **Margaret Rhee-Karn**?

3.      Are any of you familiar with the defendant **Susan Chana Lask**?

4.      The plaintiff Margaret Rhee-Karn is represented by attorney **Douglas Richard Dollinger** of Douglas R. Dollinger, P.C. & Associates.  Are any of you familiar with Mr. Dollinger or his firm?

5.      The Defendant Susan Chana Lask is represented by **Richard Henry Dolan** of Schlam, Stone & Dolan LLP, as well as by **Alexander Dudelson** of the Law Offices of Alexander M. Dudelson.  Are any of you familiar with Mr. Dolan, Mr. Dudelson, or their law firms?

6.      Have any of you ever **read, seen, or heard anything** about this lawsuit other than what I have told you today?

### Ability to Follow the Proceedings

7.      Do any of you have any problem hearing or seeing, or any problem reading, speaking or understanding the **English** language?

4

Draft July 12, 2023

8.      Do any you have any **medical**, physical or psychological condition that would make it difficult for you to serve as a juror?

9.      Do any of you have any **specific problems** at home or at work that would interfere with your ability to concentrate on the case during trial?

10.     Trial of this case is expected to last about **2 days**.  Is there any reason you cannot serve on the jury for that period of time?

11.     If selected as a juror, you will be **instructed by me not to talk** to anyone about the case until it is over.  And you will not be allowed to speak with other jurors about the case until the trial ends and you and the other jurors begin your deliberations.  Does anyone think they cannot follow that instruction?

### **Ability to Render an Impartial Verdict Generally**

12.     Given the nature of the allegations in this case, does anyone believe that he or she could not be a **fair and impartial** juror?

13.     As a juror, you must **keep an open mind** about this case until hearing all of the evidence, the arguments of both sides and the instructions on the law I will give.  Do any of you think you will not be able to keep an open mind?

14.     Do any of you have any **religious or ethical beliefs** that would prevent you from passing judgment on another person based on the evidence presented?

Draft July 12, 2023

15.     As a result of any of your **life experiences**, do any of you believe there is anything that would cause you to lean in favor of either the plaintiff or the defendant in this case?

16.     Have any of you, a family member, or close personal friend ever worked for or with a **law office or a lawyer**?

17.     Have you, a family member, or close personal friend ever **studied or practiced law**?

18.     Have any of you, a family member, or close personal friend ever been involved as a plaintiff, defendant, or witness in a lawsuit involving claims of **legal malpractice**?

19.     Have any of you, a family member, or close personal friend ever been involved as a plaintiff, defendant, or witness in a lawsuit in **family court or custodial proceedings**?

### Ability to Apply the Law as Given by the Court

20.     Under our system of justice, for the claims that are being submitted to a jury, the decisions concerning the facts of the case are the responsibility of the jury, and decisions concerning the law are the responsibility of the Court.  At the close of this trial, I will instruct you as to the law that you are to apply and you are required to accept it as stated. With this in mind, do any of you feel that for any reason you may not be willing or may not be able to **apply the law as instructed by me**?

6

21.     Do any of you believe that you would not be able to follow my instructions regarding the law to be applied **if you disagree** with my instructions or feel that the law ought to be something different from what I tell you?

### INDIVIDUAL QUESTIONS

22.     What is your **educational** background?

23.     How are/were you **employed**?

24.     Do you have a spouse or partner? What does your **spouse/partner** do for a living?

25.     Do you have any grown **children**? What do they do?

26.     How do you learn about the **news**?

27.     What do you like to do in your **spare time**?

28.     Have you, a family member, or close personal friend ever retained the **services of a lawyer** before?  Were you satisfied or dissatisfied with the services provided?  If dissatisfied, what did you do about it?

29.     Have you, or has any member of your family or a close personal friend, ever been a party in a **lawsuit**?  Did the case end to your (or their) satisfaction?  If not, did you feel that trial was conducted fairly?

30.     Have you ever testified as a **witness** in a lawsuit?  What was your experience like?

31.     Have you ever served on a **jury** before?  What did you think of the experience?

32.     Is there **any matter not covered** by my questions that should be brought to my attention because it would affect your ability to be a juror in this case and to render an impartial verdict?

Dated:  New York, New York
            July \_\_, 2023

                                            SO ORDERED.


                                            _____
                                            ROBERT W. LEHRBURGER
                                            UNITED STATES MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

**MARGARET RHEE-KARN,**

**Plaintiff,**

**-against-** **15 Civ. 9946 (RWL)**

**SUSAN CHANA LASK,**

**Defendant.**
-----------------------------------------------------------------X

**JURY INSTRUCTIONS**

# TABLE OF CONTENTS

A.  Pre-Trial Instructions ............................................................................... 1

    1.  Jury Instruction No. 1 (Introduction to the Case) .............................. 1
    2.  Jury Instruction No. 2 (Order of Trial) ............................................... 4
    3.  Jury Instruction No. 3 (Schedule) ..................................................... 5
    4.  Jury Instruction No. 4 (Juror Conduct) .............................................. 6

B.  Pre-Trial (Except No. 5) And Pre-Deliberation Instructions — General ..................... 9

    5.  Jury Instruction No. 5 (Introduction to Deliberations) ....................... 9
    6.  Jury Instruction No. 6 (Impartiality) ................................................. 10
    7.  Jury Instruction No. 7 (Jury and Court Function) ............................. 11
    8.  Jury Instruction No. 8 (Evidence) .................................................... 12
    9.  Jury Instruction No. 9 (Evidence—Reasonable Inferences) ........................ 14
    10. Jury Instruction No. 10 (Direct Evidence and Circumstantial Evidence)........ 15
    11. Jury Instruction No. 11 (Credibility and Weight of Evidence)...................... 16
    12. Jury Instruction No. 12 (Burden of Proof—Preponderance of Evidence) ...... 18

C.  Pre-Deliberation Instructions — Substantive ................................................ 20

    13. Jury Instruction No. 13 (Damages)................................................. 20

D.  Pre-Deliberation Instructions — Concluding ................................................. 22

    14. Jury Instruction No. 14 (Duty to Deliberate) ................................... 22
    15. Jury Instruction No. 15 (Foreperson and Return of Verdict)........................ 23

## PRE-TRIAL INSTRUCTIONS

### Jury Instruction No. 1
### (Introduction to the Case)

Members of the jury, we are about to begin the trial of the case that you heard about during jury selection.  Before the trial begins, I am going to give you instructions that will help you to understand what will be presented to you and how you should conduct yourself during the trial.

First, I am going to provide you with a brief description of the case.  The plaintiff is Margaret Rhee-Karn.  The defendant is Susan Chana Lask.  Ms. Lask is an attorney.  In or about 2012, Ms. Rhee-Karn retained Lask to represent her in child-custody proceedings against Rhee-Karn's husband in New York State family court.

Rhee-Karn explained to Lask that her child-custody case had been pending in the family court for more than two years without a trial.  During that time, the family court had issued a temporary order against Rhee-Karn that limited her visitation rights with her child.  Rhee-Karn told Lask that she wanted to obtain a final result in the family court action as soon as possible.

For strategic reasons, Lask recommended to Rhee-Karn that in addition to the proceedings in family court, she also file an action in federal court specifically to address issues of federal constitutional law, arguing that delays in the family court proceedings denied Rhee-Karn her right of familial association with her child.  Lask advised Rhee-Karn that the family court did not have the authority to rule on the constitutional claim and that such a claim would have to be pursued in federal court.  With Rhee-Karn's consent, Lask filed the federal action on December 21, 2012.  That action will be referred to as the First Federal Action.

Five weeks after filing the First Federal Action, on February 5, 2013, Lask, with Rhee-Karn's consent, voluntarily dismissed the First Federal Action.  [WHY?]

During the ensuing months, Rhee-Karn and Lask discussed filing a second federal action.  Lask advised Rhee-Karn that filing another federal action before the family court matter had concluded likely would be dismissed because a federal would not interfere with a state family court matter.  Even so, Rhee-Karn elected to proceed with filing a second federal action.  So, nine months after the First Federal Action was dismissed, Lask filed the Second Federal Action on August 30, 2013.  Six months later, the federal court dismissed the Second Federal Action on the basis that it would not interfere with the state court family matter.

While pursuing the Federal Court Actions, Lask continued to represent Rhee-Karn in the state family court action.  Eventually, the family court issued a decision granting legal and physical custody of the child to the father, while providing Rhee-Karn with visitation rights.

Following the end of the various legal actions, Rhee-Karn sued Lask for legal malpractice.  This Court has already ruled on the merits of that claim.  In particular, the Court held that Lask was liable for malpractice for filing the First Federal Action without having sufficiently researched and advised Rhee-Karn that the federal constitutional claim could have been made in the State Court action without having to also file a federal action. The Court did not, however, find that Lask had committed malpractice with respect to the Second Federal Action, finding instead that Lask had sufficiently researched and advised Rhee-Karn of the risks in filing the Second Federal Action.  The Court also found that Lask had not committed malpractice in connection with the state family court proceedings.

Because the Court already has ruled on the merits of Rhee-Karn's claim, the only issue being decided at this trial is damages.  That is, what amount of monetary damage, if any, did Rhee-Karn incur because of Lask's malpractice in filing the First Federal Action. The measure of damages will be determined based on legal fees paid, and you will be asked to determine the amount of legal fees, if any, paid by Rhee-Karn to Lask in connection with the First Federal Action that should be reimbursed to Rhee-Karn.

**Jury Instruction No. 2**
**(Order of Trial)**

The case will proceed as follows:

First, the lawyers for each side may make opening statements.  What is said in the opening statements is not evidence but is simply an outline or summary to help you understand what each party expects the evidence to show.  A party is not required to make an opening statement.

After the opening statements, the plaintiff Margaret Rhee-Karn will present evidence in support of her claim, and the lawyer for defendant Susan Chana Lask may cross-examine witnesses.  In this case, plaintiffs and defendants intend to call some of the same witnesses, though these witnesses will generally only be called once, for their convenience and yours.

At the conclusion of plaintiff Rhee-Karn's case, the lawyer for the defendant Lask may introduce evidence, and the lawyer for Rhee-Karn may cross-examine any remaining witnesses.

After the evidence is presented, the parties' lawyers will make closing arguments explaining what they believe the evidence has shown.  What is said in the closing arguments is not evidence.

Finally, I will instruct you on the law that you are to apply in reaching your verdict. You will then decide the case.  At the end of the trial, you will have to make your decision based on what you recall of the evidence.  I urge you to pay close attention to the testimony as it is given.

DRAFT July 12, 2023

**Jury Instruction No. 3**
**(Schedule)**

Let me say a few words about scheduling:

Our trial day will begin at 9:30 a.m. each day and will last until approximately 4:30-5:00 in the afternoon.  We generally will break for lunch somewhere between 12:30 and 1:00.  I also will try to have a short 10 or 15 break or so mid-morning and mid-afternoon.

It is essential that you be on time in the mornings and returning from lunch and breaks.  We cannot start until all of you are here.  If one of you is late, we will have to wait until you arrive.  So, I ask that you all arrive on time.

That said, there may be occasions when I will need you to wait before we resume. Each day, there are various matters concerning the trial that I need to discuss with the lawyers.  I try to do that before and after trial each day, but sometimes it may be unavoidable that those issues may take up more time than expected.  I expect the lawyers to work with me in minimizing any such intrusions into our trial day.

**Jury Instruction No. 4**
**(Juror Conduct)**

I will address with you a few "dos" and "don'ts":

1.      If you would like, you may take notes during the trial. You have a pad of paper and a pencil or pen for that purpose.  Please write your name on the cover.  Unless instructed to the contrary, the notepad should be left on your seat anytime you leave the courtroom.  Of course, if you prefer not to take notes, that is fine.  But if you do take notes, remember that any notes you take are for your use only, and they are only to be used as an aid to memory.  Your memory controls.  If you do take notes, be careful not to get so involved in taking notes that you are not listening to  or looking at the evidence.  Once you are in deliberations, if there is a disagreement between one juror's notes and another juror's notes, or between one juror's notes and another juror's recollection, you can ask to have the court reporter read back the testimony.  The controlling record of the evidence is the official court transcript, not any particular juror's notes.

2.      During the course of trial, exhibits will be received into evidence.  They will be marked by exhibit number and will be discussed by the witnesses and/or shown to you.  If there is an exhibit that you are interested in seeing, you can ask to see the exhibit once you are in deliberations.  So, you may find it helpful to write down the exhibit number during trial.

3.      You will not be able to ask questions of the witnesses or their attorneys.  If you have a problem or a particular need, please let our Courtroom Deputy know.

4.      From now and all during the trial you are not to communicate about the case with anyone.  This means that you cannot discuss the case with your co-jurors until the

6

trial is over and you begin deliberations.  Once you do begin deliberations, you may only discuss the case if all jurors are present.

5.      Other than your co-jurors during deliberations, you are not to communicate about the case with anyone (partner, family, friend, or anyone else) until after the jury has reached its verdict and you have been discharged.  This prohibition also applies to electronic communication.  You may not post any information on the internet or through any other medium about your participation on this jury or about this trial.  This means that you may not use social media or email, tweet, text or use any other form of electronic communication to identify the trial, to disclose the identity of any person involved in the trial, or to disclose the nature of the controversy, what occurs in the trial, or what you or others think about the evidence presented.  Similarly, do not read, watch, or listen to anything reported by the media or press that relates to this case – this includes newspapers, TV, radio, or internet commentary.  If any person asks or tries to contact you about this case, politely but firmly tell them that the judge has directed you not to do so. If any person does contact you about the case, or if you receive information about the case from any person or through any medium, please provide a note to the Courtroom Deputy, who will pass it on to me.

6.      Also, while you are serving as jurors, please do not have any conversations with the parties, the attorneys, or any witnesses in this case, whether in the courtroom, in the hallways, in the elevator, outside, or anywhere else.  By this, I mean not only to avoid talking about the case; do not talk at all, even to say "good morning" or to acknowledge any of these people.  Someone seeing a juror in conversation with a party, lawyer or witness might think that something improper was being discussed even if it wasn't.  To avoid even the appearance of impropriety, avoid any such contact or conversations.

7

Similarly, when the parties, lawyers, or witnesses pass you in the halls without even acknowledging your presence, they do not mean to be rude – they are simply following my instruction.

7.     Do not do any research or make any investigation about the case.  Do not consult books, visit sites or search on the internet for information about any party, counsel, witness, event or other information concerning this controversy or trial.  To do so would violate the solemn oath that you took to limit yourself to the evidence presented in the courtroom.

8.     Finally, do not form an opinion about the case until all the evidence is in.  A case can be presented only step-by-step, witness-by-witness, until all the evidence is before you.  Keep an open mind throughout trial.

**PRE-TRIAL (Except No. 5) AND PRE-DELIBERATION INSTRUCTIONS—GENERAL**

**Jury Instruction No. 5**
**(Introduction to Deliberations)**

Members of the jury, we come now to that portion of the trial where you are instructed on the law applicable to the case and you then retire for your final deliberations. You have now heard all the evidence introduced by the parties, and through arguments of their attorneys you have learned the conclusions that each party believes should be drawn from the evidence presented to you.  This charge is divided into roughly two parts: the first part consists of general principles of law applicable to all civil cases; the second part consists of charges directed specifically to the law you must follow in this case.

**Jury Instruction No. 6**
**(Impartiality)**

A lawsuit is a civilized method of determining differences between people.  It is basic to the administration of any system of justice that the decision on both the law and the facts be made fairly and honestly.  As jurors, you are here to administer justice according to the law and the evidence.  You are to perform this task with complete fairness and impartiality, and without bias, prejudice, or sympathy for or against the Plaintiffs or the Defendants.

**Jury Instruction No. 7**
**(Jury and Court Function)**

As the jurors, your fundamental duty is to decide, from all the evidence that you have heard and the exhibits that have been submitted, what the facts are.  You are the sole, exclusive judges of the facts: you pass judgment upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you have determined them.

On the other hand, and with equal emphasis, you are required to accept the law as it is given to you in this charge and in any charges that I have given to you during the course of the trial.  Whether you agree with the law as given to you by me or not, you are bound by it.  The process by which you arrive at a verdict is, first, to decide from all of the evidence what the facts are; and second, to apply the law as I give it to you, to the facts as you have decided them to be.  The conclusion thus reached will be your verdict.

**Jury Instruction No. 8**
**(Evidence)**

The evidence in this case consists of the following:

1.      The sworn **testimony** of the witnesses, regardless of which side called the witness.

2.      The evidence includes all **exhibits** received in evidence, regardless of which party produced the exhibit.  Some exhibits are designated as Plaintiff's exhibits and some as Defendant's exhibits.  That is for administrative purposes, and you should not draw any inference from whether an exhibit is identified as Plaintiff's or Defendant's.

3.      The evidence includes any factual **stipulations** that you must take as true for purposes of this case.  A "stipulation" is an agreement between both sides that a particular fact is true.  When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

4.      Any facts or events I take **judicial notice** of must also be taken as true for purposes of this case, even though no direct evidence has been introduced proving them to be true.  I will let you know if and when I take judicial notice of a fact as true.

5.      **Deposition testimony** may also be received in evidence.  A deposition is a proceeding in which lawyers have the opportunity to question a witness under oath before trial.  Deposition testimony is transcribed by a court reporter so that there is a transcript that can be read from.  Sometimes the parties will also visually record a deposition.   Deposition testimony thus may be read or shown at trial.  Deposition testimony may be accepted, or discounted, by you, subject to the same charges that apply to witnesses testifying in open court.

By contrast, certain things are not evidence and may not be considered by you in reaching a verdict.  These include the following:

1.      Statements, arguments, and questions by the lawyers are not evidence, nor are my own statements to you.

2.      Second, objections by the lawyers are not evidence.  The lawyers have an obligation to their clients to make an objection when they believe evidence offered is improper under the rules of evidence.  The Court's ruling on an objection should not influence you.  If I sustain the objection, then you should ignore the question asked.  If I overrule the objection, then you should treat the answer like any other.

3.      Third, testimony that the Court has stricken or told you to disregard is not evidence and must not be considered.  Sometimes evidence may be admissible for limited purposes.  If I instruct you that an item of evidence is received for a limited purpose only, you must follow that instruction.

4.      Fourth, statements that I may have made concerning the evidence are not evidence.  Nothing that I say or do during the course of the trial is intended to indicate, and should not be taken by you as indicating, what your verdict should be.

5.      Lastly, anything you may have seen or heard outside the courtroom is not evidence and must be disregarded.  You are to decide the case solely on the evidence presented here in the courtroom.

**Jury Instruction No. 9**
**(Evidence – Reasonable Inferences)**

You are to consider only the evidence in the case, but in your consideration of the evidence you are not limited to the testimony and exhibits.  You are permitted to draw reasonable inferences based on facts that you find have been proved.  Inferences are deductions or conclusions that reason and common sense lead you to draw from facts that have been established by the evidence in the case.  Inferences are not, however, guesswork made without a reasonable basis in the evidence.  In drawing inferences, you should exercise your common sense.  So, while you are considering the evidence presented to you, you are permitted to draw, from the facts you find to be proven, any reasonable inferences that you think are justified in light of your common sense and life experiences.

DRAFT July 12, 2023

### Jury Instruction No. 10
### (Evidence - Direct and Circumstantial)

You are to consider both direct and circumstantial evidence in reaching your verdict.  One kind of direct evidence is witnesses' testimony about something they know by virtue of their own senses—something they have seen, felt, touched, or heard.  Direct evidence may also be in the form of an exhibit.

Circumstantial evidence is evidence that tends to prove one fact by proof of other facts.  There is a simple example of circumstantial evidence that is often used in this courthouse.  Assume that when you came into the courthouse this morning the sun was shining and it was a nice day.  Assume that the courtroom blinds are drawn and you cannot look outside.  As you are sitting here, someone walks in with an umbrella that is dripping wet.  Somebody else then walks in with a raincoat that is also dripping wet.  You cannot look outside the courtroom and see whether or not it is raining, so you have no direct evidence of that fact.  Yet on the combination of the facts I have asked you to assume, it would be reasonable and logical for you to conclude that between the time you arrived at the courthouse and the time these people walked in, it had started raining.

That is all there is to circumstantial evidence.  You infer on the basis of reason and experience and common sense from an established fact the existence or the non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence.  It is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that you, the jury, decide the facts in accordance with the preponderance of all the evidence, both direct and circumstantial.

15

## Jury Instruction No. 11
## (Credibility and Weight of Evidence)

In deciding what the facts are in this case, you must consider all the evidence that has been offered.   But that does not mean you must accept all evidence as true. You must decide which testimony to believe and which testimony not to believe.  You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You  [will have] [have had] the opportunity to observe the witnesses.  It is your job to decide how believable each witness [is] [was] in his or her testimony.  Your determination of the issue of credibility will depend upon the impression that a witness made upon you as to whether or not that witness was telling the truth or giving you an accurate version of what occurred.  You may choose to disbelieve all or part of any witness's testimony.  Often it is not what a person says but how he or she says it that moves us.  In making that decision, you may take into account any number of factors, including but not limited to the following:

- The witness's opportunity to see, hear, and know about the events he or she described;

- The witness's ability to recall and describe those things;

- The witness's manner in testifying— was the witness candid and forthright or did the witness seem as if he or she was hiding something or being evasive or suspect in some way;

- How the witness's testimony on direct examination compared with the witness's testimony on cross-examination;

- The reasonableness and probability of the witness's testimony in light of other evidence in the case;

- Whether the witness has any possible bias, any relationship to a party, any hostility towards any party, any motive to testify falsely, or any possible interest in the outcome of the trial; and

16

- Whether a witness's testimony was contradicted by his or her other testimony, the testimony of other witnesses, or other evidence.

In other words, what you must try to do in deciding credibility is to size up a witness in light of his or her demeanor, the explanations given, and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment, and your own life experience. Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit testimony. In weighing the effects of a discrepancy, you should consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from an innocent error or intentional falsehood.

If you find that any statement made by a witness on the stand is false, in whole or part, you may disregard the particular part you find to be false or you may disregard the witness's entire testimony as not worthy of belief.

It is entirely within your discretion to judge the credibility of each witness, to weigh the relative truth and falsity of each witness's testimony, and to determine the weight to be given to each witness's testimony as a whole.

**Jury Instruction No. 12**
**(Burden of Proof – Preponderance of the Evidence)**

The Plaintiff, Rhee-Karn, has the burden to prove her claim for damages by a preponderance of the evidence.

To establish a claim by a preponderance of the evidence means to prove that something is more likely so than not so.  In other words, a preponderance of the evidence means that there is evidence that, when considered and compared with the evidence opposed to it, produces in your minds the belief that what is sought to be proved is more likely true than not true.

A preponderance of the evidence means the greater weight of the evidence.  It does not mean the greater number of witnesses for each side or the greater length of the time taken by either side.  Instead, you must make this determination based on the quality and persuasiveness of the evidence—the weight and effect it has on your minds.

In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is in balance or evenly divided between the parties—in other words, that it is equally probable that one side is right as it is that the other side is right—or that the evidence produced by the party having the burden of proof is outweighed by evidence against his or her claim, then you must decide that issue against the party having the burden of proof.  So long as you find that the scales tip, however slightly, in favor of the party with the burden of proof—that what

the party claims is more likely true than not true—then the element will have been proved by a preponderance of the evidence.

Some of you may have heard of proof "beyond a reasonable doubt," which is the proper standard in a criminal trial.  That requirement does not apply to a civil case such as this, and you should put it out of your mind.

### PRE-DELIBERATION INSTRUCTIONS—SUBSTANTIVE

### Jury Instruction No. 13
### (Damages)

I am now going to provide substantive instructions about the law of damages. Again, the only issue you are being asked to determine is the amount of damages, if any, to be awarded.

Rhee-Karn seeks an award of compensatory damages. Compensatory damages are meant to make an injured party whole for the damage caused by a defendant's wrongful actions. A party is not entitled to a damages award that would provide her with a windfall; that is, more than the amount needed to make her whole.

As I've mentioned, the Court already has determined that Ms. Lask was negligent in filing the First Federal Action without providing adequate advice. You now will determine what losses, if any, were incurred by Rhee-Karn as a result of Lask's negligence in failing to sufficiently research or advise Rhee-Karn in connection with the First Federal Action. In particular, your task is to determine the amount of fees, if any, for which Rhee-Karn should be reimbursed by Lask because of Lask's negligence in connection with the First Federal Action.

Put another way, you are to determine which fees, if any, Rhee-Karn would not have paid but for Ms. Lask's negligence. That requires you to determine the work Lask performed in connection with the First Federal Action; the amounts paid by Rhee-Karn for that work; and the extent to which, if any, work Lask performed in connection with the First Federal Action was also used for the Second Federal Action. Rhee-Karn is not entitled to recover fees paid for work that Lask performed for the First Federal Action that was also used in the Second Federal Action.

20

You have seen and heard evidence about the tasks performed and legal fees billed by Lask for her legal services.  The parties dispute which tasks were performed for the First Federal Action and the extent to which, if at all, Rhee-Karn benefited from those tasks in connection with the Second Federal Action even though the First Federal Action was dismissed.  As the factfinder, you will resolve those disputes.

As plaintiff, Rhee-Karn must prove that she incurred actual damages. Damages cannot be left to conjecture, guesswork, or speculation.  However, proof of damages with absolute or mathematical certainty is not required.  Instead, damages must be proven with a reasonable degree of certainty.

As the plaintiff, Rhee-Karn must prove by a preponderance of the evidence the amount of damages, if any, caused by Lask's negligence.

**PRE-DELIBERATION INSTRUCTIONS—CONCLUDING**

**Jury Instruction No. 14**
**(Duty to Deliberate)**

You are about to go into the jury room and begin your deliberations.  It is your duty as jurors to consult with one another and to deliberate with a view to reaching agreement.  Each of you must decide the case for yourself, but you should do so only after consideration of the case with your fellow jurors.  You should not hesitate to change an opinion when you are convinced that it is wrong.  Your verdict must be unanimous on each and every question that you must decide.  However, you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors.  Discuss and weigh your respective opinions dispassionately without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion that in your good conscience appears to be in accordance with the truth.

You may discuss the case only when all of you are present in the jury room.  If only some of you are present, the jury is not fully formed and cannot deliberate.

In the jury room, you will have access the trial exhibits.  If you want any witness testimony read back, you may also request that.  Please remember that it is not always easy to locate what you might want, so try to be as specific as you possibly can in making your request.

Your requests for testimony—or any other communication with the Court— should be made to me in writing, signed by your foreperson along with the date and time, and given to one of the United States Marshals.  Do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

### Jury Instruction No. 15
### (Foreperson and Return of Verdict)

When you retire, you should select one member of the jury as your foreperson. That person will preside over the deliberations and speak for you in open court.

I have prepared a special verdict form for you to use in recording your decision. [There is a single question for you to answer on the verdict form.  That question reads as follows:_____.] [The verdict form is made up of questions concerning the issues in this case.  You should answer every question except where the verdict form indicates otherwise.]  No inference is to be drawn from the way the verdict form is worded as to what the answer should be.  [The questions are not to be taken as any indication that I have any opinion as to how they should be answered.]

Before the jury attempts to answer [the] [any] question on the verdict form, you should read through the entire verdict form, and make sure that everyone understands [it] [each question].  Before answering the question[s], you should deliberate in the jury room and discuss the evidence that relates to the question[s] being answered.  When you have considered the question[s] thoroughly, and the evidence relating to the question[s], you are to record your answer[s] on the verdict form.  Remember, [the] [each] answer must be agreed upon by all of you.

After you have reached a verdict, your foreperson will fill in the verdict form, sign and date it, and advise the United States Marshal outside your door that you are ready to return to the courtroom.  Upon your return, the verdict will be announced in open court.

Finally, I say this not because I think it is necessary, but because it is the custom in this courthouse:  treat each other with courtesy and respect during your deliberations. And see that justice is done, all in accordance with your oath as jurors.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

**MARGARET RHEE-KARN,**

                                **Plaintiff,**            **19 Civ. 0610 (RWL)**

                      **-against-**                      **15 Civ. 9946 (RWL)**

**SUSAN CHANA LASK,**                           **<u>JURY VERDICT FORM</u>**

                             **Defendant.**
-------------------------------------------------------------X

        Answer these questions based on the evidence and the Court's instructions on the law.  All jurors must agree on the answer to each question.

    1.      What amount of damages, if any, do you find were caused by Defendant Lask's malpractice with respect to the First Federal Action?

               $_____

Foreperson, please sign and date this Jury Verdict Form and advise the Court by note that you have reached a verdict and are ready to return to the courtroom to announce it.

Dated:      New York, New York
           July ____, 2023

                                           _____
                                           JURY FOREPERSON