USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/14/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MARGARET RHEE-KARN,

                         Plaintiff,

         - against -

SUSAN CHANA LASK, ESQ., A/K/A SUSAN
LUSK, A/K/A SUSAN LESK,

                         Defendant.
-----------------------------------------------------------------X

15-CV-9946 (RWL)

**ORDER**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

      This order resolves Plaintiff's motion at Dkt. 389 for reconsideration of the Court's June 28, 2023 Decision and Order addressing "offset," and clarification of the Court's May 24, 2023 Decision and Order resolving the parties' motions in limine. The motion for reconsideration is denied; the motion for clarification is granted in part as follows.

      Both Decision and Orders should be read together and with consideration for their temporal sequence. The Court has not endorsed an "offset" theory. Rather, it has confined the issue at trial to damages, which necessarily will take account of (a) what Plaintiff actually paid for the work performed by Defendant in connection with the First Federal Action (for which there was malpractice), and (b) the extent to which work performed for the First Federal Action, if any, was used in the Second Federal Action (for which there was no malpractice).

      Plaintiff's motion essentially attempts to resurrect issues resolved at summary judgment. She has not presented any fact or controlling legal authority that the Court overlooked in resolving the permissible scope of damages for trial. *See Lichtenberg v. Besicorp Group Inc.*, 28 F. App'x 73, 75 (2d Cir. 2002).

1

Plaintiff's alternative request for certification of interlocutory appeal is denied. A district court may certify an issue for interlocutory review only if it decides that an order "involves a controlling question of law as to which there is substantial ground for difference of opinion" and, separately, "that an immediate appeal [of the issue] may materially advance the ultimate termination of the litigation." *See* 28 U.S.C. § 1292(b). "Interlocutory appeals are designed to be rare and reserved for exceptional circumstances, lest they disrupt the orderly disposition of lawsuits in their due course." *Hermès International v. Rothschild*, 590 F. Supp.3d 647, 651 (S.D.N.Y. 2022) (citation omitted). The damages-related issue raised by Plaintiff does not meet the requisite standard.

The Clerk of Court is respectfully requested to terminate the motion at Dkt. 389.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated:   July 14, 2023
         New York, New York

Copies transmitted this date to all counsel of record.