UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARGARET RHEE KARN,

                                                  CIVIL ACTION NO: 15-CV-9946 (RWL)

                Plaintiff,
    v.

SUSAN CHANA LASK,

                Defendant


# MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR FEES & SANCTIONS

Law Offices of Susan Chana Lask
*Counsel for Defendant*
244 Fifth Avenue, #2369
New York, NY 10001
(917) 300-1958

January 20, 2025

Defendant Susan Lask ("Lask") respectfully submits this Opposition to Plaintiff's Motion noticed as a Rule 54(d)(2) for fees and sanctions.

## I.  INTRODUCTION

Plaintiff's motion for Rule 54(d)(2) attorney fees and sanctions under 28 USC §1927 is prohibited by established law and wholly unsubstantiated, making it frivolous.  It simply parrots parts of law from Plaintiff's hodge-podge of false accusations, without connecting facts to support them.  It is a word-salad of adjectives and false accusations of perjury, stalking and the length of the case. Plaintiff further misrepresents she filed a complaint only for fees, as if it was that simple.  Plaintiff omits that the bulk of the case was attributed to Defendant's work leading to an order dismissing Plaintiff's numerous baseless causes of action, including Judiciary 487, emotional distress, false advertising and unjust enrichment and further defending, at summary judgment, against Plaintiff's false accusations of legal malpractice regarding an expert and a so-called Second Federal Action - all dismissed. DE 97, 226.   More delays were directly due to Plaintiff numerous times refusing to prosecute her own case that caused orders closing it, including terminating it after Plaintiff's counsel, Dollinger, refused to appear as ordered. DE 235. Magistrate Lehrburger also addressed Plaintiff's interferences, finding "Plaintiff once again ignored the scope of the trial." DE 424.

Plaintiff's sanctions motion is unsupported, rife with misrepresentations and sanctionable in itself.  Plaintiff's Rule 54(d)(2) is prohibited by law, which also supports sanctions against Plaintiff and her counsel for that frivolous filing.  The motion must be denied in its entirety.

## II.  BACKGROUND

At the end of trial Plaintiff's counsel Dollinger informed he would file a motion for attorney fees, which Defendant responded a fee motion was meritless under the American Rule in a case

1

such as this one where there was no underlying case warranting such fees. DE 495-7, 8/8/24 T 432: 1-17.  Dollinger continued to misrepresent to the court that Plaintiff's former counsel filed a sanctions motion before Judge Preska then withdrew it, and that counsel's estate should get paid; but when Defendant informed that no estate is a party to this action, this court found Plaintiff's point valid and warned Dollinger to observe Rule 11.  Id. 433-434 21-12.  Before that, on March 30, 2020, Dollinger wasted more time threatening Defendant and this court that an "estate" is coming after Defendant for fees because Dollinger was "in contact" with the estate and its "wishes in this proceeding concerning his right to legal fees direct to the Plaintiff's claim (sic)." DE 233.  Plaintiff and Dollinger continued this baseless threat that led Magistrate Lehrburger to reprimand them for their fake estate claim as "dubious" when fees are not the property of an estate. DE 489.

   Plaintiff's other fiction that her former attorney filed and withdrew a sanctions motion when Judge Preska presided over this case is demonstrably false.  The docket shows no such filing.  A filing means docketed, and without being docketed this is yet another misrepresentation.

   Finally, this court never granted Plaintiff a right to file a "Rule 54(d)(2) motion" as Plaintiff's memorandum misrepresents. DE 494-6 p 2.  The court could not permit a 54(d)(2) attorney fee motion knowing that rule only allows attorney fees by statute or rule-none of which exist in a legal malpractice case.   In fact, Magistrate Lehrburger found this case was limited to negligence "and nothing more." DE 424.  Knowing that, Plaintiff manufactured yet another fiction that this Magistrate Lehrburger granted leave for a 54(d)(2) attorney fee motion to deflect from the fact that the American Rule prohibits attorney fees.  Worse, Plaintiff egregiously accuses the court for granting permission to do a prohibited act when this court never did that.

As the law below shows, Plaintiff and her counsel Dollinger knowingly filed a frivolous motion then they blame everyone else for their misconduct, even this court.

### III. LAW AND ARGUMENT

**A. There are No Fees in this Case. Rule 54(d)(2) Prohibits a Fee Motion and The American Rule Prohibits Fees in a Legal Malpractice Case.**

This Circuit holds that "[o]ur basic point of reference when considering the award of attorney's fees is the bedrock principle known as the American Rule[.]" *Zurich Am. Ins. Co. v. Team Tankers A.S.*, 811 F.3d 584, 590 (2d Cir. 2016). Under the American Rule, "[e]ach litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 253, 130 S.Ct. 2149, 176 L.Ed.2d 998 (2010). Only if a statute contains "specific and explicit provisions for the allowance of attorneys' fees," may a court award them. *Baker Botts L.L.P. v. ASARCO LLC*, 576 U.S. 121, 126, 135 S.Ct. 2158, 192 L.Ed.2d 208 (2015). Only when such a statute or rule exist then Rule 54 applies. As shown below, no such statute or rule exists and Plaintiff's motion under Rule 54 is plainly frivolous.

Rule 54(d)(2) directs that a party seeking attorney's fees and related nontaxable expenses must file and serve that motion "no later than 14 days after the entry of judgment" and must "specify the judgment and the statute, rule, or other grounds entitling the movant to the award." Fed. R. Civ. P. 54(d)(2)(B); Fed. R. Civ. P. 54(d)(2)(B)(ii); *Sorenson v. Wolfson*, 170 F. Supp. 3d 622, 627 (SDNY 2016) ("Rule 54(d)(2)(B) provides the procedure to file a claim for attorneys' fees where they are authorized under another statute ...."). Local Civil Rule 54.1(c)(7) further directs fee motions to be made pursuant to the time period of Rule 54. Despite these clear rules, , Plaintiff and her counsel Dollinger filed this motion before a judgment issued and without specifying what statute permits attorney fees because none exists.

3

The Rule's unambiguous language makes clear that Plaintiff's motion is frivolous. First, there was no judgment in this matter, which is why Plaintiff omits specifying it as required by the Rule. Knowing no basis to file the motion exists, and as shown above, Plaintiff's memorandum resorts to misrepresenting that this court granted her leave to file it. As shown above, that never happened as this court knew this case was only a negligence case, without any statute directing legal fees. DE 424 (order finding case is limited to negligence "and nothing more.") Second, and importantly, even if a judgment was entered, Plaintiff could not satisfy Rule 54's requirements to identify a specific statute entitling her to an award of attorney's fees because no such statute exists. This is not a civil rights 42 USC § 1983 case that statutorily permits legal fees under § 1988 or a Social Security income case statutorily permitting attorney fees under 42 USC § 405(b). It was a negligence case-and nothing more.

Finally, as a matter of law a party cannot obtain fees for prosecuting a legal malpractice as fees are prohibited by the American Rule. In *Rudolf v. Shayne, Dachs, Stanisci, Corker & Sauer*, 867 N.E.2d 385, 388 (N.Y. 2007), the Court of Appeals holds that attorney fees are limited to fees expended in an underlying case to minimize or correct the damage of a negligent attorney, to wit:

> "Damages in a legal malpractice case are designed "to make the injured client whole" *Campagnola v. Mulholland, Minion & Roe*, 76 N.Y.2d 38, 42, 556 N.Y.S.2d 239, 555 N.E.2d 611 [1990] ). A plaintiff's damages may include "litigation expenses incurred in an attempt to avoid, minimize, or reduce the damage caused by the attorney's wrongful conduct" *DePinto v. Rosenthal & Curry*, 237 A.D.2d 482, 482, 655 N.Y.S.2d 102 [2d Dept.1997]; see also *Baker v. Dorfman*, 239 F.3d 415, 426 [2d Cir.2000]; 3 Mallen and Smith, Legal Malpractice §§ 20:6, 20:10 [2007])."

In *Rudolph*, the plaintiff incurred litigation expenses to correct defendants' error in losing the case initially, and paid a second time for expert fees for a re-trial. In the case at bar, there were no litigation expenses incurred to correct an error by Defendant because there was no

underlying case to lose.  This court found on summary judgment that this case involved only a failure to research a limited issue and Magistrate Lehrburger confirmed that subsumed negligent advice. DE 495-3: T1 50:22-23. Then Plaintiff testified at trial that there was no litigation whatsoever as Defendant corrected the matter by immediately withdrawing a complaint that Plaintiff admits Plaintiff filed and signed Defendant's name to.  DE 495-6: T4 142:9-12.  Thus, there was no underlying case requiring any counsel fees to correct and Plaintiff's present motion is meritless.

Last, for the reasons stated above regarding Rule 54(d)(2), the purported costs in Plaintiff's motion are also prohibited as no judgment issued.  Furthermore, Local Civil Rule 54.1 prohibits costs as it directs costs may only be requested to the clerk by a notice of taxation 30-days after judgment with an affidavit specifying (a) the costs are allowed by law, (b)correctly stated and (c) necessarily incurred.  No such affidavit, requisite bills or other proofs are in Plaintiff's motion.  The cost request also violates clear law and rules and must be denied.

Accordingly, Rule 54(d)(2) and Local Civil Rule 54.1 prohibit Plaintiff's motion which is frivolous in face of these rules and clear law.

**B.  Plaintiff's False Accusations of Perjury and Intimidation Fail to Prove Sanctions**

The balance of Plaintiff's prohibited motion makes unsubstantiated accusations of perjury and intimidation of Plaintiff's counsel Dollinger.  First, there is no perjury by Defendant. Plaintiff's attachment of an unauthenticated purported email from 2012 does not dispute that Defendant never directed Plaintiff to forge her name and file a complaint with the clerk's office.  If Defendant wanted to file a complaint then all she had to do was file it through ECF as she has consistently done for twenty years before that date.

5

Next, this court already wasted much time since August, 2023 with Dollinger's absurd "intimidation" claims involving his unrelated cases where he is being sued for libel and harassment by his clients, then he falsely accuses Defendant in this court of being involved in his other cases. Magistrate Lehrburger issued several orders in 2023 directing Dollinger that these accusations are unwarranted here. It is outrageous that Dollinger has consistently made this case about him. At this point, it must be noted that is because of Dollinger's unnatural obsession with Defendant for over ten years that involved the District Attorney and police directing him to cease harassing her. There are numerous cases for years where he blurts out Defendants name in court, depositions and he falsely accuses federal judges of *ex parte* communications with Defendant when neither Defendant nor the federal judge are related in any way. For example, recently, Southern District Judge Karas skillfully questioned Dollinger about his deceits before Judge Karas, his prior sanctions and those forthcoming as "you could get sanctioned to the tune of $93,365.92 by the Northern District of California, right, Mr. Dollinger?" to which Dollinger attacked Federal Judge Karas with "If I find out that you have been dealing with Mr. Cellura, or anyone else, including Ms. Susan Lask, I can assure you that it is going to be a very, very serious matter," and Judge Karas replied he does not know Ms. Lask and Dollinger's false accusations are beyond the pale. See SDNY 24-cv-02666 DE 47, Exhibit A pp 18-20, specifically 19- 20:22-2; 21-22:4-6.

The law below shows Plaintiff failed to prove sanctions in any way. However, their sanctions motion itself is sanctionable. "The filing of a motion for sanctions is itself subject to the requirements of [Rule 11] and can lead to sanctions." *Safe-Strap Co. v. Koala Corp.*, 270 F.

Supp.2d 407, 421 (S.D.N.Y. 2003). This is important as Dollinger has a long history of being sanctioned for his false filings and consistently falsely accusing others of misconduct.[1]

The standard for a motion for sanctions is high. To impose sanctions under § 1927 or the court's inherent authority, "the trial court must find clear evidence that (1) the offending party's claims were entirely meritless and (2) the party acted for improper purposes." *Agee v. Paramount Commc'ns, Inc.*, 114 F.3d 395, 398 (2d Cir. 1997). Thus, a Court must find that the offending party acted in bad faith before awarding sanctions. *United States v. Int'l Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 948 F.2d 1338, 1345 (2d Cir. 1991) ("Bad faith is the touchstone of an award under this statute."). The Second Circuit holds that "an award under § 1927 is proper when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986). Section "1927 is not a catch-all provision designed to penalize attorneys for making bad arguments." *United Realty Advisors, LP v. Verschleiser*, No. 14-cv-5903, 2015 WL 3498652, at *2 (S.D.N.Y. June 3, 2015). Nor are sanctions imposed for contentious and acrimonious litigation as Plaintiff's motion tries to claim.

Plaintiff does not provide concrete support to sustain her heavy burden to show that the defendant did anything entirely meritless or undertaken with an improper purpose, and

---

[1] *Empire Trust, LLC et al v. Cellura et al* SDNY 24-CV-859, DE 14 -3/21/24 Order of Judge Karas finding Dollinger's representations are "spun entirely out of whole cloth"; 7/18/24 Judge Karas Order at DE 45 that sanctions are available against Dollinger for his false filings; 12/20/24 Judge Karas Order, FN 4, pp 14-15, that Dollinger is subject to sanctions; *Indiezone, Inc. v Rooke*, 2014 US Dist LEXIS 122807 [ND Cal Sep. 2, 2014, No. 13-cv-04280-VC]), aff'd *Indiezone, Inc. v. Rooke*, 720 Fed. Appx. 333, 2017 U.S. App. LEXIS 25308, 2017 WL 6379129 (9th Cir 2017)- Ninth Circuit affirms $93,365.92 sanctions against Dollinger for his fraudulent filings and Dollinger refuses to pay the sanctions to date; *Divot Golf & Cellura v. Citizens Bank of Mass., et.al.* 2003 U.S. Dist. Lexis 187 (2003)- $7,600.00 in sanctions against Dollinger, and in retaliation he filed a fraudulent Rule 11 motion that the court found "runs afoul of Rule 11; *Kermanshachi v. Kermanshachi*, et al. 2010/09130 Second Dept- 10/25/11 2d Dept dismisses Dollinger's case because he misrepresented a settlement; *Matter of Gore v Gore*, 79 AD3d 880 (2d Dept 2010)-Appellate court affirmed $1,500 sanctions against Dollinger.

7

improperly multiplied the proceedings. Plaintiff does not point to specific arguments or motions that lacked merit, asserting only that there was perjury without any basis and intimidation in Dollinger's unrelated cases, also without any basis. And again, in violation of Magistrate Lehrburger's previous warning to Plaintiff to cease using Judge Preska's recusal order of over five and a half years ago against Defendant (DE 495-6:T4 433:12-20), yet Plaintiff repeatedly uses every motion she files, including this one, to baselessly call Defendant a stalker to harass Defendant and cause friction with the court. DE 494-6 p 6.

Consideirng the above, there is no basis for an award of attorney's fees to Plaintiff under § 1927 and Plaintiff's motion itself warrants sanctions against Plaintiff and her counsel as no reasonable party or attorney should file such a meritless motion.

### C. Plaintiff Submitted a Patently False "Bill" prohibited by Law

It is beyond incredible that Plaintiff's motion for fees is based on a "bill" that is literally a copy of the docket where Dollinger manufactured false hours next to each docket entry and added that up to claim that is his services. It cannot even be said that this is ironic considering Plaintiff and her counsel took Defendant to trial on her bills complaining they were improper, and now appear with their false submission of a "bill" warrants sanctions against Plaintiff and her counsel. It is not ironic as this is not odd or humorous-it is a deliberate fraud upon the court by Plaintiff and her counsel.

This Circuit requires contemporaneous billing records for each attorney who worked on the action. *Scott v. City of New York*, 643 F.3d 56, 57 (2d Cir. 2011); *Durant v. Traditional Investments, Ltd.*, 135 F.R.D. 42, 50 (S.D.N.Y. 1991). Those records must specify, for each attorney performing work on a matter, the date, the hours expended, and the nature of the work done. *Durant*, supra. citing *New York State Association for Retarded Children, Inc. v. Carey*, 711

8

F.2d 1136, 1147–48 (2d Cir.1983).  Fees and expenses must be necessary and reasonable. *Nemeroff v. Abelson*, 94 F.R.D. 136, 146 (S.D.N.Y.1982), aff'd, 704 F.2d 652 (2d Cir.1983). Accordingly, the party seeking fees must submit to the Court with such records, and shall indicate with respect to each fee or expense entry, or category of such entries, the causal link between the sanctionable conduct and the entry or category of entries. *Duran*t, supra.  Only from that information, the Court will, within its discretion, calculate the amount of the sanction necessary and proper to reprove a party and to compensate the movant for their attorneys' fees and expenses arising from the misconduct. *Durant*, supra citing International Shipping, supra, 875 F.2d at 392."

First and foremost, *contemporaneous* billing is a prerequisite to any fee determination. Taking the docket and manufacturing hours by each docket entry is not contemporaneous, and is certainly not a bill.  Remarkably, Dollinger even adds time for the court's actions unrelated to him.  For example, an entire 1.50 hours for a 5/1/23 Minute Entry and fifteen minutes of .25 for each court's minute entry at 5/17/23,7/20/23, 7/24/23 and so on.  Minute entries are not an hour and a half or even fifteen minutes and they are created by the court, not Dollinger to charge a fee for it.  Did it really take him 1.50 hours or fifteen minutes to see a Minute Entry appear in his email?   His twenty-hour days at 8/6/24, 8/7/24 and 8/8/24 are complete fiction and uncorroborated.  One would have to be a Vampire to work like that consecutively without any sleep.  Furthermore, nowhere is there an itemization of actual services for any of the dates.  It is just Dollinger after-the fact creating hours next to each docket entry that was never contemporaneously done at the time the docket entry happened.  In other words, Dollinger does not keep bills so he made this one up.   Also omitted is any proof of Dollinger's credentials to even collect the $700 hourly fee he claims. Indeed, he omits the fact that nearly all of his cases

9

resulted in sanctions against him for his slipshod filings. See FN 1 herein as an example of some sanctions. There are numerous more cases sanctioning Dollinger for blaming courts, litigants and parties for his misconduct and even courts telling him he is not practicing properly.

Dollinger's false billing and failure to produce proof supporting it negates any fee. Moreso, as shown above, legal fees are prohibited for prosecuting a legal malpractice case as the American rule applies. A rule of law that Dollinger deliberately conceals from this court.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion should be denied in its entirety and sanctions for it being totally frivolous, particularly the court should note that (a) Plaintiff misrepresents this court permitted her to file a Rule 54(d)(2) when the law prohibits it, (b) Plaintiff conceals established law that attorney fees are prohibited in a legal malpractice case and (c) Plaintiff manufactured a "bill" from the docket, without any delineation of services, violating this Circuit's prerequisite for contemporaneous billing.

Dated: January 24, 2025                    LAW OFFICES OF SUSAN CHANA LASK

<u>/s/ Susan Chana Lask</u>
By: Susan Chana Lask
244 Fifth Avenue, Suite 2369
New York, NY 10001
(917) 300-1958
susanchanalask@gmail.com

*Attorneys for Defendant*