UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARGARET RHEE KARN,

                                                  CIVIL ACTION NO: 15-CV-9946 (RWL)

             Plaintiff,
  v.

SUSAN CHANA LASK,

            Defendant

# MEMORANDUM OF LAW SUPPORTING DEFENDANT'S MOTION FOR RECONSIDERATION OF JULY 17, 2025 DECISION AND TO STRIKE IMPROPER FINDINGS

 

Law Offices of Susan Chana Lask
*Counsel for Defendant*
244 Fifth Avenue, #2369
New York, NY 10001
(917) 300-1958

August 4, 2025

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT………….. 1

I. The Accusations of "Stalking" and "Misbehavior" Lack Any Factual or Legal Basis ……………………. 2

   A. Defendant's Recusal Letter Was Not a Crime and Was Completely Truthful .. 2

   B. Both the Marshal's Protocol and Federal Criminal Statutes Support That Defendant's Conduct Was Not Stalking………………… 3

II. Expert Opinion Confirms Defendant Did Nothing Improper…… 4

III. Recordings Confirm Defendant Lawfully Sought Counsel, and Undermine the Order's Unsubstantiated "Findings" ……….. 4

IV. Disparate Treatment Compared to Alan Dershowitz Confirms Bias………. 6

V. Reputational Sanctions Require Notice and a Hearing Ignored Twice by this Court…………………………………………………… 7

VI. Judge Preska's Order Avoided Requisite Scrutiny……………..… 8

VII. Misstatements by The Court Six Years Later Compound the Injustice ……… 9

VIII. Collegiality Cannot Substitute for Due Process……………. 9

CONCLUSION………………………………. 10

# TABLE OF AUTHORITIES

Page

**Cases**

*Garrison v. Louisiana*, 379 U.S. 64 (1964) ………….. 3
*Giuffre v. Dershowitz*, 410 F. Supp. 3d 564 (S.D.N.Y. 2019) ….. 6,7
*In re Aguinda*, 241 F.3d 194, 201 (2d Cir. 2001…………………. 8
*Keach v. County of Schenectady*, 593 F.3d 218 (2d Cir. 2010) ……………….. 7
*Liteky v. United States*, 510 U.S. 540 (1994) ………………. 3
*New York Times Co. v. Sullivan*, 376 U.S. 254 (1964)… 3
*SerVaas Inc. v. Mills*, 661 F. App'x 7 (2d Cir. 2016) ……………….. 7
*United States v. Lauersen*, 348 F.3d 329, 338 (2d Cir. 2003) … 4,8
*United States v. McIntosh*, 753 F.3d 388, 393 (2d Cir. 2014) ………… 3
*United States v. Melhuish*, 6 F.4th 380, 394 (2d Cir. 2021) ………….. 3
*United States v. Sewell*, 252 F.3d 647, 650 (2d Cir. 2001) ……………… 4

**Statutes**

| | |
|---|---|
| 18 USC 111………………………… | 3 |
| 18 U.S.C. § 2261A(2)……………………… | 3,4 |
| 28 U.S.C. § 455 .......................... | 1 |

**Rules**

| | |
|---|---|
| RPC 1.18…………………………… | 6 |
| RPC 8.2(a), 8.4(c), (d)……….. | 3 |
| Fed. R. Civ. P. 59 .......................... | 1 |
| Fed. R. Civ. P. 60(b)(1) .......................... | 1 |
| Local Civil Rule 6.3 .......................... | 1 |

**PRELIMINARY STATEMENT**

Defendant moves pursuant to Local Civil Rule 6.3 and Federal Rules of Civil Procedure 59(e) and 60(b)(1) for reconsideration of the July 17, 2025 Order by Magistrate Lehrburger (the "Order"). That Order repeated, without evidentiary or legal foundation, inflammatory language from Judge Preska's 2019 recusal order accusing Defendant of having "stalked" the Court, its staff, and family.  Magistrate Lehrburger compounded the error by introducing his own unsupported findings that Defendant engaged in "misbehavior" and "shocking behavior," on "ample evidence in the record," but cited no such evidence or legal authority, nor could that be cited because no such evidence or legal authority exists, which is why Judge Preska's recusal order omits it.  The Order also misstates that Defendant filed two recusal motions, citing Dkts. 181 and 182, when only a single letter-motion was filed at Docket. 181.  Docket 182 is a filing by Plaintiff's counsel that misrepresents that two recusal motions were filed, which the record proves is demonstrably false, yet the Order repeats that false statement.

The Order further materially mischaracterizes protected legal conduct and creates a false impression of escalating misconduct by a second recusal letter that never happened. The misstatements and baseless findings cause ongoing reputational harm and violate due process, as well as Defendant's First Amendment right to petition the court but for it responding with false accusations of crimes.  This reconsideration motion requests to strike the erroneous findings of "stalking," "misbehavior," "shocking behavior," and "ample evidence" and correct the factual error regarding the number of recusal letters submitted.  Correction is necessary to preserve the integrity of the record and these proceedings, and to prevent further reputational damage based on demonstrably false assertions. Moreover, embedding such factual inaccuracies and

1

stigmatizing language into a judicial order undeniably risks prejudicing higher courts and irreparably taints Defendant's opportunity for a fair appeal.

I.     THE ACCUSATIONS OF "STALKING" AND "MISBEHAVIOR" LACK ANY FACTUAL OR LEGAL BASIS

A.  Defendant's Recusal Letter Was Not A Crime and Was Completely Truthful

The only recusal letter submitted by Defendant was filed July 25, 2019. Dkt. 181. It was a constitutionally protected filing seeking recusal under 28 U.S.C. §§ 455(a) and (b). The letter raised legally relevant concerns including:

- Judge Preska's review of *ex parte* communications from opposing counsel;

- extrajudicial research into Defendant's website;

- a call from attorney John Kupiec—a former Preska law clerk—who disclosed Defendant's confidential prospective client communications to the judge;

- a potential appearance of bias based on Judge Preska's prior disclosure in a 2001 case involving her husband.

The letter further cited supporting law. *Liteky v. United States*, 510 U.S. 540 (1994); *United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998).

The letter cannot be construed as threatening to escalate it to a Marshal or make unfounded accusations of stalking as this Court did and repeats six years later. For example:

- The reference to Judge Preska's husband was based solely on the judge's *own disclosure* in the 2001 case Defendant appeared as counsel. **Exhibit A**- Docket text #2, 01-07775. Defendant has no personal knowledge of, or interest in, Judge Preska's husband or family, and no statements in her recusal letter concern them beyond the professional context disclosed by the Judge;

- The IP expert statement was to verify who was accessing Defendant's website multiple times temporal to *ex parte* communications by Plaintiff and her counsel to the Court;

- The reference to "Googling" Defendant was framed as a claim of judicial bias;

- The recorded conversations were legal and to preserve evidence of misconduct - just as Alan Dershowitz, Esq. did in *Giuffre v Dershowitz*, No 19-03377, which literally two

2

weeks before the recusal order lambasting Defendant here, Judge Preska condoned Mr. Dershowitz' same conduct (see section IV below)

Truthful criticism of judicial conduct is protected speech under both professional and constitutional principles. see New York Rules of Professional Conduct 8.2(a), 8.4(c), (d); *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964); *Garrison v. Louisiana*, 379 U.S. 64 (1964). It is not a threat.  As well, petitioning the court by a recusal letter is protected by the First Amendment, and is violated when a court responds with criminal accusations.

B.  **Both the Marshal's Protocol and Federal Criminal Statutes Support That Defendant's Conduct Was Not Stalking.**

The U.S. Marshals Service defines a threat as: "Any action or communication intended to assault, resist, oppose, impede, intimidate, or interfere" with a judge, staff, or family. DOJ, "Review of the Protection of the Judiciary," 2009, at p i. **Exhibit B**.  The Marshal gives examples as physical assaults, online doxxing with threats of violence, hiring contract hits with statements like "you deserve to die," paired with maps to a judge's home. Id. at p 2.  None of that happened here.

In fact, 18 USC 111 is the threat statute that applies to the Marshal's threat assessment.  It subjects a person to criminal liability who "forcibly assaults, resists, opposes, impedes, intimidates, or interferes with" officers or employees of the United States, including judges. Id. "Congress's purpose in enacting § 111 was both to deter harm to certain federal officials and to deter interference with their law enforcement activities." *United States v. McIntosh*, 753 F.3d 388, 393 (2d Cir. 2014). "[T]he statute must be read as prohibiting any *acts or threats of bodily harm* that might reasonably deter a federal official from the performance of his or her duties." Id. *United States v. Melhuish*, 6 F.4th 380, 394 (2d Cir. 2021).  It is a general intent crime requiring a person had "at least an intention to make the bodily movement which constitutes the act the

3

crime requires", to inflict an injury or by a threat to inflict injury. *Id,* citing *United States v. Sewell*, 252 F.3d 647, 650 (2d Cir. 2001). Indeed, Defendant's letter did not threaten, interfere, or express intent to cause harm.

Similarly, 18 U.S.C. § 2261A criminalizes stalking when a person travels interstate and intends to kill, injure, harass, or intimidate, or places under surveillance with intent to kill, injure or harass. Nothing in Defendant's letter rises to this level. Judge Preska's recusal order cites no facts supporting this and she cannot do so now. See *United States v. Lauersen*, 348 F.3d 329, 338 (2d Cir. 2003) (recused judge cannot later reconsider). Nor can Magistrate Lehrburger supply them *post hoc* as the recusal order remains as it is- bereft of facts and law.

## II. EXPERT OPINION CONFIRMS DEFENDANT DID NOTHING IMPROPER

Professor Peter Joy of Washington University, a recognized national expert in legal and judical ethics, confirmed that:

- Defendant's conduct did not violate state or federal law or ethics;
- The recorded conversation with Kupiec was lawful;
- Kupiec breached Rule 1.18 by disclosing confidential prospective client information;
- Use of analytics to track IP addresses is standard and lawful. **Exhibit C, DE 196-1.**[1]

Professor Joy underscored that the stalking allegation is baseless, both legally and ethically. The Court's disregard of this unrebutted expert opinion that the court accepted into the record, and its unfounded repetition of criminal accusations, deepens the reputational and constitutional harm.

## III. RECORDINGS CONFIRM DEFENDANT LAWFULLY SOUGHT COUNSEL, AND UNDERMINE THE ORDER'S UNSUBSTANTIATED "FINDINGS"

Defendant submits transcripts of recorded July 2 and 3, 2019 conversations with attorneys John Kupiec and Andrew Wolinsky, to whom Kupiec referred Defendant. **Exhibits D and E; see**

---

[1] The Court summarily denied Plaintiff's request to strike Peter Joy's report (**DE 200**), and allowed the expert report to remain on the record, reinforcing its relevance as the only available response to serious, public accusations made without process.

4

**8/4/25 Lask Dec**.   These conversations confirm Defendant lawfully sought co-counsel for litigation pending before Judge Preska. Defendant's calls had nothing to do with a decision as Judge Preska's recusal order says.  That is an incredible statement when Judge Preska was not on Defendant's calls with her counsel.  On the contrary, Defendant sought co-counsel for the upcoming discovery as she was a sole practitioner.  She contacted Kupiec, not knowing he was Judge Preska's former clerk ten years before until he disclosed that during the call. Nor does it matter if Defendant knew he was a clerk or not as no law prohibits someone from seeking counsel that happens to be a judge's former clerk.

   In fact, attorneys routinely advertise their clerkships, such as at Millbank, Morris James LLP, Hunton and John Kupiec at Cleary Gottlieb.  **Exhibit F**.  Judge Preska's recusal order makes an accusation about her "court staff."  Defendant had no interaction with her "staff", so she must mean her former clerk of ten years before, Kupiec.  **Is this court actually ruling that when a person seeks counsel and they happen to speak to a former clerk of the judge in a case they are before, or even if they deliberately spoke to a former clerk, then they are stalking court staff?**  There is no law, rule, or ethical canon that forbids prospective clients from calling former clerks, even without knowing as happened with Defendant when she called Kupiec.   To characterize such a call as "stalking" is legally absurd.

   Mr. Kupiec spoke to Defendant as a prospective client for about twenty minutes about her case, then informed that his colleague Mr. Wolinsky was also a former clerk who does litigation and would be better as Kupiec was a corporate lawyer.  Defendant then contacted Mr. Wolinsky, discussed her case and he informed he could help.  About ten minutes later Judge Preska's actual clerk at the time emailed and called for an emergency conference.  At that conference Judge Preska confronted Defendant with her co-counsel Mr. Weiss and opposing counsel Mr. Craig (now dead) present, and stated her former clerk (now known to be Kupiec) just called her and t

5

old her that Defendant was "trying to find someone to handle the judge" and other improper accusations, and demanding Defendant reveal her confidential client communications. Defendant told her that is not true, and she will not reveal her confidential communications with an attorney.

The temporal recordings, as the transcripts show, flatly disprove the recusal order's characterizations and its discrediting Defendant in one bald sentence that everything in Defendant's recusal letter is "not true." Defendant has other witness recordings temporal to that day to preserve the truth, the conference call logs with the court and emails to parties-all of that Judge Preska insured was never produced.

Kupiec's disclosure violated RPC 1.18, as confirmed by Professor Joy. Defendant did not contact chambers, staff, or anyone else in the Court as the recusal order misrepresents. The retaliation Defendant experienced—and the subsequent recent repetition of the stalking accusation by Magistrate Lehrburger—has no legal foundation, yet has repeatedly been raised in this case to prejudice Defendant's rights in these proceedings. This is proven by the mere fact that Magistrate Lehrburger's Order is so focused on accusing Defendant of "misbehavior" that it repeats another falsehood - the filing of *two* recusals when the record shows that is demonstrably false - thereby creating a false appearance of escalating behavior and doubling down on harming Defendant's reputation.

**IV. DISPARATE TREATMENT COMPARED TO DERSHOWITZ CONFIRMS BIAS**

In *Giuffre v. Dershowitz*, No. 19-cv-03377 (S.D.N.Y.), Judge Preska accepted Professor Alan Dershowitz's transcript of a recorded call with adversary David Boies, which he used to support a motion to disqualify Boies in that case and he played the recording for the media to justifiably defend his reputation. Dershowitz's conduct—recording an attorney representing a party in ongoing litigation and sharing it publicly—was more aggressive than Defendant's recording of

6

private consultations with unaffiliated attorneys whom she was consulting as a client. Incredibly, and literally just a few weeks before Judge Preska issued her recusal order also accusing Defendant's recordings of potential ethics violations, Judge Preska treated Mr. Dershowitz favorably in the same circumstance, accepted his transcripts of his recordings and never accused him in her orders of ethics violations while accusing Defendant of that for the same yet milder conduct. **Exhibit G,** at 7-10,36-37**,** *Giuffre v. Dershowitz*, 410 F. Supp. 3d 564, 570–71, 604 (S.D.N.Y. 2019).

This double standard underscores the arbitrariness of the accusations by Judge Preska. It supports that her recusal order was not driven by facts or law, but by bias to Defendant personally- which is the real reason she recused herself.  Such unequal treatment, especially by the same judge, reflects a troubling departure from neutrality.

## V. REPUTATIONAL SANCTIONS REQUIRE NOTICE AND A HEARING IGNORED *TWICE* BY THIS COURT

As the Second Circuit holds, reputational findings implying misconduct trigger due process protections, even without a monetary sanction and especially when a judge accuses counsel of a crime like stalking.  In *Keach v. County of Schenectady*, 593 F.3d 218, 225 (2d Cir. 2010), the Second Circuit required notice and a hearing before finding an attorney guilty of specific misconduct. The court emphasized that even without formal discipline, the reputational harm from such judicial statements triggers the attorney's right to procedural fairness. Similarly, in *SerVaas Inc. v. Mills,* 661 F. App'x 7, 9 (2d Cir. 2016), the Second Circuit held that "neither prior to nor during the contempt hearing were the attorney-appellants notified that the district court was contemplating holding them in contempt," and vacated that order.  The court stressed that this failure to provide adequate notice violated the basic requirements of due process.   Here, the Court accused Defendant of criminal conduct of "stalking" in 2019 without notice, process,

7

or evidentiary finding, and compounding the problem, six years later Magistrate Lehrburger's Order reopened that by adding his own so-called "findings" of "shocking" "misbehavior" based on "ample evidence" and other mischaracterizations without any evidence tethered to that and without any notice or hearing before making his own "findings".   There is absolutely no fact of who, when, where, what and why in Judge Preska's recusal order to state stalking occurred.  That is as plain as day.  The fact that this court repeats such an unsupported order is deeply troubling,.

Given the seriousness of the Court alleging criminal conduct without a record, hearing, or evidence, one would expect heightened procedural care. Yet Defendant received none.   That irony is not lost on her, nor, respectfully, will it be lost on any reviewing court.

## VI. JUDGE PRESKA'S ORDER AVOIDED REQUISITE SCRUTINY

If recusal standards are not met then disqualification is prohibited. *In re Aguinda*, 241 F.3d 194, 201 (2d Cir. 2001).  Judge Preska side-stepped this standard by disqualifying herself by accusing Defendant of a crime without cause.  The recusal order lacks findings, citations, and analysis and the accusations were made without any notice or opportunity for Defendant to defend against—a due process violation; especially when a party raises legitimate allegations about judicial conduct (i.e. *ex parte* communication with Defendant's counsel sought as a prospective client).  The judge may not evade review by converting criticism into a criminal allegation.   Doing so both deflects accountability and denies the party fair process to be heard.

Further, the recusal order cannot now serve as the basis for Magistrate Lehrburger to endorse those unsubstantiated claims six years later, nor can Judge Preska revisit it. *United States v. Lauersen*, 348 F.3d 329, 338 (2d Cir. 2003) (recused judge cannot later revisit matter). It stands as it is, without the who, what, where, when and why that could support a court to call a lawyer a

8

stalker-especially without notice or an opportunity to defend before doing that. For Magistrate Lehrburger to repeat this *and* add his own "findings" to an unsubstantiated order doubles the due process problem, and that is not what our constitution condones from this court.

**VII. MISSTATEMENTS BY THE COURT SIX YEARS LATER COMPOUND THE INJUSTICE**

The July 17, 2025 Order incorrectly states that Defendant submitted two recusal letters, citing Dkts. 181 and 182. That is demonstrably false. There was only one letter. Docket 182 is opposing counsel's letter materially misrepresenting there were two recusal motions that Magistrate Lehrburger's Order improperly repeated. This error demonstrates the harm of repeating stigmatizing narratives without evidence, and furthers the false narrative of escalating misconduct. This must be corrected.

**VIII. COLLEGIALITY CANNOT SUBSTITUTE FOR DUE PROCESS**

Institutional dynamics may naturally discourage one judge from appearing to contradict another; however, judicial collegiality cannot justify the perpetuation of unsubstantiated claims and constitutional violations. Neither Judge Preska nor Magistrate Lehrburger identified a single date, name, or act that supports their accusations. Nor can the judiciary now reverse-engineer findings to sustain conclusions unsupported in the record. Doing so violates neutrality and fairness.

Nor can this Court retroactively justify those accusations by speculating about facts not previously found, or inventing legal theories not previously stated in an order as this court is not an appellate court. That would create the appearance of *post hoc* rationalization rather than an objective, principled adjudication based on a hearing and evidence, which should have happened over six years ago before Judge Preska made her surprise accusations of stalking a judge and

staff against Defendant, an attorney, *without any notice or right to defend* before she embedded that into her order.

**CONCLUSION**

The Court should reconsider its July 17, 2025 Order to strike its own unfounded findings of "stalking," "misbehavior," "shocking behavior," and "ample evidence," and correct its misstatement that two recusal motions were filed. Due process requires nothing less. The integrity of the record and the judiciary depends on accurate findings supported by law, not conjecture or bias.

Dated: August 4, 2025            Respectfully submitted,

                                            **LAW OFFICES OF SUSAN CHANA LASK**

                                            /s/ Susan Chana Lask
                                            By: Susan Chana Lask, Esq.
                                            *Counsel for Defendant*
                                            244 Fifth Avenue, #2369
                                            New York, NY 10001
                                            917. 300-1958