UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARGARET RHEE-KARN,

                Plaintiff,                Case No.: 15-9946   LWR

vs.

SUSAN CHANA LASK, ESQ.,

                Defendant.

---

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION & RESPONSE TO DEFENDANT'S MOTION FOR RECONSIDERATION AND TO STRIKE FINDINGS**

Respectfully submitted:

    Douglas R. Dollinger, Esq.
    NYS Bar Code 2354926
    Law Offices of Douglas R. Dollinger, PC
    570 County Rt 49
    Middletown, New York 10940
    Telephone  845.741.9363
    Email: ddollingeresq@gmail.com
    Attorney for Plaintiff

## PRELIMINARY STATEMENT

Defendant Susan Chana Lask's motion for reconsideration must be denied. Her arguments repackage prior assertions, misrepresent the record related to the law of the case. The Motion fails to meet the high standards required by Local Civil Rule 6.3, Rule 59(e), or Rule 60(b)(1). The Court's July 17, 2025, Order rests on explicit factual findings, including her own recorded admissions, and cannot be disturbed simply because Defendant disagrees with its conclusions and record, especially where the argument is post appeal of the record establishing the Court's findings and reliance of its own observations.

## LEGAL STANDARD

I. *Reconsideration is an Extraordinary Remedy.*

Reconsideration may be granted only where the moving party demonstrates: (1) an intervening change of controlling law, (2) newly discovered evidence, or (3) a clear error or manifest injustice. *See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir. 1992). Rule 59(e) is not a means to relitigate old issues or express dissatisfaction. Rule 60(b)(1) similarly allows relief only for mistakes, inadvertence, or excusable neglect neither is present in this case.

## ARGUMENT

II. *Defendant Identifies No Basis for Reconsideration and Abandoned These Arguments on Appeal.*

Defendant's motion for reconsideration fails because she offers no new evidence, no change in controlling law, and no clear error that would justify disturbing the Court's well-supported factual findings. See *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) ("A motion for reconsideration is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple."); *In re Rezulin Prods. Liab. Litig.*, 224 F.R.D. 346, 349 (S.D.N.Y. 2004) (same).

1

Notably, Defendant failed to challenge Judge Preska's Recusal Order on appeal, thereby waiving her objection to the July 3, 2019, letter and related judicial findings. Arguments not raised on appeal are forfeited. See *Karmely v. Wertheimer*, 737 F.3d 197, 210 (2d Cir. 2013) (declining to consider issues not preserved through direct appeal); *Harrison v. Brookhaven Nat'l Lab.*, 2002 WL 31925589, at *4 (E.D.N.Y. Oct. 29, 2002) (failure to appeal earlier adverse ruling waives right to relitigate under Rule 59(e)).  The exhibits and cited decisions (e.g., *Keach, SerVaas*) concern unrelated legal doctrines and do not undermine the Court's application of Rule 59(e).

Because Defendant failed to appeal Judge Preska's recusal order or the associated findings, those determinations are now the law of the case. See *Arizona v. California*, 460 U.S. 605, 618 (1983); *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002). ('The law of the case doctrine forecloses reconsideration of issues that were decided—or that could have been decided—during prior proceedings.' No mention of Judge Preska's recusal order was made by the Defendant in her Appeal of Judge Cote's earlier findings and order granting Plaintiff summary judgment.

### III. The Court's Credibility Findings Were Proper and Supported by the Record and There Was No Misstatement Regarding the Number of Recusal Motions.

The Court acted well within its discretion in describing her conduct as stated. It would appear it did so based on its own observations, and then ruled correctly in rejecting the Defendants credibility. Clearly this Court's factual findings were not made in isolation. Since the case was reassigned to this Court the docket has doubled in number. Most of which was asserted as unsubstantiated personal attacks directed at Plaintiff and her Counsel. It is apparent, despite these filings this Court's findings are grounded in the procedural history of the case. It considered the Defendant's July 3, 2019, letter requesting Judge Preska's recusal—as an act it

2

found to be misleading in both tone and substance, and which by its content created the need and call for Judge Preska's Order of Recusal with a reference to the US Marshall's Office.

Whether styled as a letter or motion, the Court's reference concerning "two motions" is accurate in substance and not a basis for relief. Defendant filed two separate requests for recusal—first via a July 3, 2019, letter, (ECF No. 181), and later through a formal motion for disqualification of Counsel, which included claims directed at Judge Preska (ECF No. 183)—both of which the Court considered and then found the Defendant was stalking her, her former staff forcing the Court to recuse herself and referring the matter. (See ECF No. 184). Under the circumstances, the Court's reference using the term "two motions" is therefore accurate, regardless of stylistic differences in filing format. See *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668–69 (2d Cir. 1977) ("A court may treat as a motion any written request for relief which calls for judicial action.").

## CONCLUSION

The motion should be denied; the Defendant has not met any threshold for reconsideration under the Federal Rules or the Local Rules.

Dated: August 5, 2025.

                Respectfully submitted,

                *Douglas R. Dollinger, Esq.*
                Douglas R. Dollinger, Esq.
                NYS Bar Code 2354926
                Law Offices of Douglas R. Dollinger, PC
                570 County Rt 49
                Middletown, New York 10940
                Telephone  845.741.9363
                Email: ddollingeresq@gmail.com
                Attorney for Plaintiff