UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARGARET RHEE KARN,

                                        CIVIL ACTION NO: 15-CV-9946 (RWL)

            Plaintiff,
    v.

SUSAN CHANA LASK,

                  Defendant


# DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR RECONSIDERATION


Law Offices of Susan Chana Lask
*Counsel for Defendant*
244 Fifth Avenue, #2369
New York, NY 10001
(917) 300-1958

August 12, 2025

**INTRODUCTION**

   This motion seeks correction of the Court's July 17, 2025 Order, which repeats unsupported accusations from a prior recusal order and—without notice or hearing—adds new and inflammatory findings of "ample support," "misbehavior," "outrageous conduct," "bad faith," "without legal color," "shocking behavior," "misconduct," and a "second recusal motion." None of these findings are supported by any evidence in the record. Each compounds the reputational harm already caused by the original unfounded accusations, and each occurred without affording the Defendant the basic constitutional protections of notice and an opportunity to be heard. This is precisely the type of constitutional violation identified in *Keach*, *SerVaas*, and *Lauersen*.

   The Magistrate further scoured the record as his July 17 Order footnote 8 cites DE 185 and 190 but disregards entirely Defendant's rebuttal and the unrebutted expert report of legal ethics professor Peter Joy at DE 198, both directly refuting Judge Preska's accusations. Even Judge Cote refused Plaintiff's request to strike the rebuttal from the record that the Magistrate ignores to brand Defendant a stalker with no due process.

   The relief sought is correction of the factual record, removal of unsupported findings, and inclusion of Defendant's rebuttal to preserve the integrity of the record.

**PRELIMINARY STATEMENT**

   Plaintiff's opposition fails to confront two dispositive facts. First, the statements in Judge Preska's order meet no legal definition of "stalking" or "misconduct" under any applicable statute or law and they were made without any notice or hearing. Second, both Defendant and legal ethics expert Professor Joy have squarely refuted those statements as false. These points are entirely unrebutted, and their significance cannot be overstated: when the foundation is absent, the structure collapses. Here, the foundation for these accusations simply does not exist.

1

Further, Plaintiff offers no controlling authority on the legal issues before the Court. Instead, she relies on misstatements, omissions, and inflammatory rhetoric—topped by her false and procedurally prohibited declaration that must be stricken for the reasons herein and set in the motion to strike filed herewith. It is indefensible to accuse any party, much less an officer of the court, of stalking or misconduct when: (1) no such conduct occurred; (2) no legal definition supports such a characterization; and (3) no U.S. Marshal or other authority ever contacted Defendant in any way.

To avoid further unfounded accusations for defending the truth, the record, and her reputation, it is worth noting that false judicial accusations are, unfortunately, not unprecedented. In May 2025, Clark County District Court Judge Erika Ballou was removed from all criminal cases after she accused a public defender, in open court, of having a sexual relationship with her client. The allegation was baseless, made without a factual inquiry, and the judge is now before the Nevada Commission on Judicial Discipline. That case received widespread media attention because of the seriousness of the accusation absent any substantiating evidence. The parallels here are obvious. See http://bit.ly/4mDFi6J.

**ARGUMENT**

**I. Plaintiff's "Waiver" and "Law of the Case" Arguments Fail**

    **A. Ongoing Repetition of Unsubstantiated Judicial Findings Causes Continuing Due Process Violations and Reputational Harm**

Plaintiff's argument that Defendant "waived" any challenge to Judge Preska's 2019 recusal order by not appealing it is wrong as a matter of law. Under 28 U.S.C. § 1291 and *Catlin v. United States*, 324 U.S. 229 (1945), recusal rulings are interlocutory orders, not appealable until final judgment. *Schneorson v. Mazer-Marino*, No. 23-CV-06318 (HG), 2024 WL 4309258, at *1

(E.D.N.Y. Sept. 26, 2024). Here, final judgment did not occur until July 17, 2025.

Plaintiff further falsely asserts that earlier interlocutory appeals filed in 2020[1] were the time to appeal the recusal order. Again, it is interlocutory and prohibited until final judgment. Further, those appeals did not, and could not, encompass these new constitutional violations and factual mischaracterizations of the Magistrate. The ongoing repetition of unsubstantiated accusations causes fresh due process violations each time they are invoked.

## B. "Law of the Case" Does Not Exist Here, Nor Justify Constitutional Violations

Plaintiff's "law of the case" doctrine is false. That doctrine applies only when a court decides a rule of law, and that rule is followed in subsequent stages of the same litigation. *Blue Citi, LLC v. 5Barz Int'l Inc.*, 338 F. Supp. 3d 326, 333 (S.D.N.Y. 2018). The 2019 recusal order contains no findings of fact, no conclusions of law, was not on the merits and was issued without notice or a hearing. That constitutionally prohibited order is not a legal "decision" creating law of the case. Moreover, for argument's sake, that doctrine "yields where its application would work a manifest injustice." *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002). The repetition of criminal accusations—without evidence, legal support, and due process—is precisely the type of manifest injustice that compels departure from a supposed law of the case.

## II. No Criminal Statute or Marshal's Definition Supports this Court's False Accusations

Plaintiff claims there is "no new evidence" or "clear error" here. Yet few errors are more obvious than a court repeating an unsubstantiated recusal order, adding wholly unsupported findings, and mischaracterizing a reply letter as a "second recusal motion" to suggest a false pattern of stalking. Filing a recusal motion is neither a criminal act nor professional misconduct, and the 2025 order is clear error to even add its commentaries and findings that it is.

---

[1] Those appeals for summary judgment and a motion to dismiss violated 28 U.S.C. § 1291. The denial to recall the mandate is based on a different standard that will not be argued here.

Defendant's opening motion established, and Plaintiff does not dispute, that neither 18 U.S.C. § 111, 18 U.S.C. § 2261A, nor any U.S. Marshal definition supports finding that Defendant engaged in stalking. Plaintiff's opposition offers nothing to refute that neither the U.S. Marshal Service nor any federal criminal statute defines Defendant's lawful litigation and seeking counsel as "stalking" or a threat to a judge.

If Judge Preska's six-year-old accusation had any basis in fact, the case record would contain evidence of law enforcement involvement—such as notices from the Department of Justice or the FBI—just as occurred in *United States v. Brooks*, 55 F. Supp. 3d 247, 249 (E.D.N.Y. 2014). In *Brooks*, the mere allegation of a threat to Judge Seybert triggered an FBI investigation that included noticing the investigation on the docket, and later noticing the allegation was unsubstantiated.  Judge Seybert, fully aware of the accusation, nevertheless denied recusal when later requested—recognizing that judges do not recuse reflexively, even in the face of claimed threats.  By contrast, here, Defendant's lawful recusal motion, based on extrajudicial research and protected client communications Judge Preska interfered with, and expressly requesting a hearing, was met with an unsupported accusation of criminal conduct—without notice, without a hearing, and without any corroborating evidence whatsoever.

Plaintiff's counsel, Mr. Dollinger, should appreciate the importance of  due process protections before falsely accusing an attorney of crimes and misconduct. In *Indiezone, Inc. v. Rooke,* 720 F. App'x 333, 2017 U.S. App. LEXIS 25308, 2017 WL 6379129 (9th Cir. 2017), he personally received notice of charges, participated in a multi-day hearing, and exercised his right to cross-examine witnesses before the court sanctioned him $93,365.92 for fraud on the court. That process underscores precisely what was denied here.

Indeed, the lack of foundation to the recusal order is admitted by Plaintiff's opposition, at

4

page 2, as she absurdly injects herself and counsel Dollinger as the basis of the recusal order based on "unsubstantiated personal attacks directed at Plaintiff and her Counsel." Resorting to that bald and false statement speaks for itself how unfounded the recusal order. Moreover, the recusal statute 28 U.S.C.A. § 455 does not permit recusal on that basis, no less has anything to do with Plaintiff and her counsel and their absurd positions.

### III. The "Two Recusal Motions" Finding Is Clear Error

The record is unequivocal:

- ECF 181 (July 25, 2019): Defendant's sole recusal motion.

- ECF 182: counsel's notice of appearance.

- ECF 183 (July 31, 2019): reply letter to Plaintiff's *ex parte* July 30, 2019 email to Judge Preska—not a new motion.

Under Local Civil Rule 7.1, a motion requires a notice of motion, a memorandum of law, and a specific request for new relief. ECF 183 meets none of those criteria; it simply responds to Plaintiff's misrepresentations made *ex parte* and reiterates the relief sought in ECF 181. Once again Plaintiff undermines her fallacies as Plaintiff misrepresents ECF 183 as a new motion to recuse in her memorandum, then in her own declaration she retreats from that misrepresentation, now stating, "Whether she filed one letter and one motion or two motions…" DE 532. This shift underscores her inability to maintain a consistent or truthful account.

Her reliance on *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668–69 (2d Cir. 1977), is equally false. The quotation she cites - "A court may treat as a motion any written request for relief which calls for judicial action"- appears nowhere in the case. *Vesco* is completely inapplicable. It involved procedural issues in a complex securities dispute and amended complaints and default judgments; it has nothing to do with treating reply letters as new motions. Thus, the

5

omission of any legal authority warrants summarily denying Plaintiff's opposition. *Kamara v. United States*, 04 CIV. 626(THK), 2005 WL 2298176, at *5 (S.D.N.Y. Sept. 20, 2005).

Mislabeling ECF 183 as a "second recusal motion" is not harmless—it creates the false impression of escalating conduct, which prejudices Defendant and must be corrected. No less it is a false statement that a second motion was made.

### IV. Rhee-Karn's False Declaration

Plaintiff's 28 U.S.C. § 1746 declaration is prohibited. While § 1746 permits an unsworn declaration in place of an affidavit, it does not relax the evidentiary requirements that statements be based on personal knowledge and consist of admissible facts. *Hollander v. American Cyanamid Co.,* 172 F.3d 192, 198 (2d Cir. 1999). Like *Holander*, supra, at 198, Plaintiff's declaration is "riddled with inadmissible hearsay, conclusory statements and arguments, and information clearly not made on the affiant's personal knowledge," and "more resembles an adversarial memorandum than a bona fide affidavit", and must be stricken. Paragraphs 3-4 for example, purport to describe Defendant's private calls to counsel while a prospective client—events Plaintiff could not have personally observed. Such statements are inadmissible under Fed. R. Evid. 602 (lack of personal knowledge) and 802 (hearsay).

The declaration further violates Local Civil Rule 7.1 requiring fact-based declarations and prohibits embedding legal argument as Plaintiff did. Moreover, Plaintiff is not a licensed attorney, yet she makes legal argument to bolster her counsel's memorandum of law, while simultaneously undermining her credibility by shifting from a definitive "two motions" claim to an equivocal "one letter and one motion or two motions." Her incredible and prohibited declaration must be stricken.

**V. Due Process Requires Striking the Improper Findings**

*Keach*, *SerVaas*, and *Lauersen* make clear that reputational sanctions and misconduct findings require notice and hearing, and that neither a recused judge nor a successor may revive or expand unsubstantiated recusal findings. Indeed, Plaintiff refuses to address or refute these cases and principles of law. The July 17, 2025 Order violates both principles by repeating and augmenting Judge Preska's baseless accusations without due process. These controlling precedents leave only one lawful course: strike the offending findings in their entirety.

**CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court:

1. Strike the findings of "ample support," "misbehavior," "outrageous conduct," "bad faith," "without legal color," "shocking behavior," and "misconduct";

2. Correct the factual misstatement that Defendant filed two motions for recusal;

3. Include in the record that Professor Peter Joy submitted a report rebutting the accusations; and

4. Strike the Declaration of Rhee-Karn in its entirety.

Dated: August 12, 2025                          Respectfully submitted,
                                                Law Offices of Susan Chana Lask

                                                /s/Susan Chana Lask
                                                Susan Chana Lask, Esq.
                                                244 Fifth Avenue, #2369
                                                New York, NY 10001
                                                (917) 300-1958

                                                *Counsel for Defendant*