UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARGARET RHEE KARN

     Plaintiff,

v.

SUSAN CHANA LASK,

     Defendant

CIVIL ACTION NO: 15-CV-9946 (RWL)

MEMORANDUM OF LAW
SUPPORTING DEFENDANT'S
MOTION TO STRIKE
PLAINTIFF'S DECLARATION

 This Memorandum of Law is filed simultaneously with and in companion to Defendant's Motion for Reconsideration, dated August 12, 2025, in which Plaintiff filed opposition thereto with a unlawful declaration signed by Rhee-Karn. It must be stricken for the following reasons.

 Rhee-Karn's declaration at DE 532 under 28 U.S.C. § 1746 is prohibited for several reasons. While § 1746 permits an unsworn declaration in place of an affidavit, it does not relax the evidentiary requirements that statements be based on personal knowledge and consist of admissible facts. *Hollander v. American Cyanamid Co.,* 172 F.3d 192, 198 (2d Cir. 1999). Like *Holander*, supra, at 198, Plaintiff's declaration is "riddled with inadmissible hearsay, conclusory statements and arguments, and information clearly not made on the affiant's personal knowledge," and "more resembles an adversarial memorandum than a bona fide affidavit", and must be stricken. Paragraphs 3-4 for example, purport to describe Defendant's private calls to counsel while a prospective client—events Plaintiff could not have personally observed. Such statements are inadmissible under Fed. R. Evid. 602 (lack of personal knowledge) and 802 (hearsay).

1

The rest of the declaration further violates Local Civil Rule 7.1 requiring fact-based declarations and prohibits embedding legal argument. Plaintiff, who is not a licensed attorney, makes purported legal argument to bolster her counsel's memorandum of law. Incredibly, her declaration simultaneously undermines her credibility by shifting from a definitive "two motions" filed by Defendant as Plaintiff's counsel's memorandum of law insists to her declaration resorting to an equivocal maybe "one letter and one motion or two motions."

Perhaps the most important reason for striking the declaration is that the Plaintiff should not be permitted to recast the record with her argumentative, speculative, self-serving statements that are not based on personal knowledge. Indeed, she was not present for any of the events at issue in 2019. Furthermore, her declaration is nothing more than an improper attempt to bolster her counsel's memorandum of law as if her legal arguments in her declaration are feasible. Not only is she not a licensed attorney to have filed and signed such a document, but her filing is simply incredible as it contradicts her attorney's memorandum.

**CONCLUSION**

For the foregoing reasons, Plaintiff's prohibited declaration must be stricken in its entirety and removed from the record so as not to muddy the appeal record.

Dated: August 12, 2025

Respectfully submitted,
Law Offices of Susan Chana Lask

/s/Susan Chana Lask
Susan Chana Lask, Esq.
244 Fifth Avenue, #2369
New York, NY 10001
(917) 300-1958

*Counsel for Defendant*