UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARGARET RHEE-KARN,

                        Plaintiff,

          -against-                        Docket No: 15-09946

SUSAN CHANA LASK,

                        Defendants.


# DEFENDANT'S MEMORANDUM OF LAW
# IN OPPOSITION TO
# PLAINTIFF'S MOTION TO AMEND THE
# JUDGMENT and LIFT THE AUTOMATIC STAY


Law Offices of Susan Chana Lask
244 Fifth Avenue, # 2369
New York, New York 10001
(917) 300-1958

*Counsel for Plaintiff*

August 13, 2025

**PRELIMINARY STATEMENT**

Plaintiff's motion is incoherent, misstates law—including inventing requirements under Rule 58(a)—and contradicts itself and proves itself frivolous by urging the Court to unlawfully lift the statutory stay while also demanding a $94,208.00 bond. Moreover, Defendant has already obtained that exact bond, which the Court's Orders and Judgments Clerk approved (to be uploaded August 14). Yet even after notice that Plaintiff's motion is improper, Plaintiff has refused to withdraw it and has threatened to violate the statutory stay. DE 539,541. Incredibly, and as shown below, all Plaintiff had to do was simply cooperate and stipulate to the bond as the July 21, 2025 email chain Defendant initiated to Plaintiff's counsel, Dollinger, shows Defendant trying to get cooperation and was repeatedly met with threats from Plaintiff and Dollinger, which Defendant made clear in that chain "**To avoid a non-meritorious motion, you can simply agree to the bond obtained within the stay period**," and Dollinger responded "The motion is necessary for multiple reasons." **EXHIBIT A.** That is plainly false, and it was filed for sheer harassment, including its fake legal citations, all as shown below. The motion should be denied in its entirety.

**I. A STAY PENDING APPEAL IS A MATTER OF RIGHT AND DEFENDANT HAS OBTAINED THE PROPER BOND**

Under Fed. R. Civ. P. 62(d), an appellant is entitled to a stay pending appeal upon posting a supersedeas bond "any time after judgment is entered." See *Georgiev v. ADSAD, LLC*, No. 19-cv-122, 2021 WL 3159853, at *1 (S.D.N.Y. June 21, 2021) (citing *Cohen v. Metro. Life Ins. Co.*, 334 F. App'x 375, 378 (2d Cir. 2009)). The stay "takes effect when the Court approves the bond." Fed. R. Civ. P. 62(b). Approval of a supersedeas bond is a ministerial act of the Clerk. *Phansalkar v. Andersen Weinroth & Co., L.P.*, 211 F.R.D. 197, 199 (S.D.N.Y. 2002).

The Court "has no discretion to deny the stay." *Conte v. Cnty. of Nassau,* No. 06 CV

4746JFBARL, 2015 WL 13720237, at *2 (E.D.N.Y. June 4, 2015) (quoting *Frommert v. Conkright*, 639 F. Supp. 2d 305, 308 (W.D.N.Y. 2009)).

Here, Defendant posted a $94,209.00 bond—over 110% of the judgment—which has been approved by the Orders and Judgments Clerk. That is the exact amount Plaintiff demanded. Plaintiff's refusal to withdraw this baseless motion knowing this underscores its frivolousness.

## II. THE JUDGMENT COMPLIES WITH RULE 58(a) AND PLAINTIFF'S CONTRARY CLAIMS MISREPRESENT THE LAW

Plaintiff's claim that the judgment violates Rule 58(a) is not just unsupported—it is entirely false and based on fabricated legal citations. Plaintiff asserts Rule 58(a) mandates "all essential terms necessary for execution" be in the judgment. Those words do not appear in Rule 58(a) nor does Plaintiff provide any law supporting that.

Plaintiff also argues—without citing a single supporting authority—that omission of an "actual dollar amount" of interest renders the judgment incapable of supporting a supersedeas bond. Yet in the same motion she identifies a $94,208.00 bond amount, which Defendant promptly obtained and the Clerk approved. This alone refutes her claim as the judgment clearly suffices for bond calculation when everyone, including Plaintiff, calculated it.

Next, the case law Plaintiff cites is repeatedly misrepresented and pure fiction:

- *Briggs v. Pennsylvania R. Co.,* 334 U.S. 304, 306 (1948): Limited to a judgment entirely omitting interest. It does not require courts to calculate interest to the penny in order for a judgment to be final or valid as Plaintiff falsely asserts it stands for.

- *In re PCH Assocs.*, 949 F.2d 585, 594 (2d Cir. 1991): Has nothing to do with interest calculations or judgment sufficiency. It addresses claim preclusion, and also does not require courts to calculate interest as Plaintiff falsely asserts the case stands for.

2

- *Robert Lewis Rosen Assocs., Ltd. v. Webb*, 473 F.3d 498, 504 (2d Cir. 2007): This is Plaintiff's next fiction that "Courts routinely amend judgments to conform to mandatory statutory interest obligations." That is false. It addresses Rule 60(a) corrections where a judgment fails to reflect the court's actual intent—not "routinely" amending jusgment to add statutory interest. In *Robert Lewis*, the judgment stated "the award of $355,084.32 with interest of 6% per annum is confirmed." Magistrate Lehrburger's judgment here is materially the same: it states the award, interest, and accrual date. Plaintiff further omits that *Robert Lewis* involved contingent arbitration payments not yet due when the judgment issued, requiring a later supplement—circumstances entirely absent here.

- *Silge v. Merz*, 510 F.3d 157 (2d Cir. 2007): This is Plaintiff's next fiction, stating this supports that omitting interest "renders the judgment facially incomplete." That is false. *Silge* applies only to default judgments where prejudgment interest was not demanded in the complaint. It is irrelevant to jury verdicts or contested cases like this one.

These distortions are not isolated. Defendant has repeatedly documented Plaintiff's pattern of citing cases in previous filings that either do not exist or do not say what she claims—suggesting she is relying on AI-generated text known for its hallucinations exactly what Plaintiff has been doing here. Courts sanction attorneys for these fraudulent filings. *Benjamin v. Costco Wholesale Corp.*, No. 2:24-CV-7399 (LGD), 2025 WL 1195925 (E.D.N.Y. Apr. 24, 2025); *Mata v. Avianca*, Inc., 678 F. Supp. 3d 443 (S.D.N.Y. 2023).

Rule 58(a) requires only that the judgment be set out in a separate document; it does not mandate interest calculation. The judgment here states the principal award, the interest rate, and the accrual date—satisfying both Rule 58(a) and substantive law.

**III. POST-JUDGMENT INTEREST IS GOVERNED BY 28 U.S.C. § 1961,**

3

**NOT CPLR § 5005 AS PLAINTIFF MISREPRESENTS**

Plaintiff's claim that CPLR § 5005 governs post-judgment interest in this diversity case is directly contrary to controlling Second Circuit law. Yet again, Plaintiff misrepresents law, citing *Schipani v. McLeod*, 541 F.3d 158, 164 (2d Cir. 2008) to hold that "Where state law governs the underlying claim, post-judgment interest is also governed by state law." In reality, the cited portion concerns prejudgment interest only. *Schipani* expressly states: "Even in diversity cases, federal law governs post-judgment interest." Id. at 165. See also *FCS Advisors, LLC v. Fair Fin. Co.*, Inc., 605 F.3d 144, 147 (2d Cir. 2010); *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996) (distinguishing procedural and substantive rules in diversity). Magistrate Lehrburger's judgment correctly states "Post-judgment interest pursuant to 28 U.S.C. § 1961 at the rate prescribed therein", which § 1961 pegs interest to the federal Treasury bill and dictates it is "calculated from the date of the entry of judgment." Plaintiff's attempt to impose a 9% CPLR rate is legally baseless and transparently self-serving.

**IV. PLAINTIFF'S REQUEST TO LIFT THE RULE 62(a) AUTOMATIC STAY IS BASELESS AND HER HISTORY OF DELAY IS EXTENSIVE**

Plaintiff asserts "the Court has discretion to lift or shorten that stay [62(a)]. See *Nken v. Holder*, 556 U.S. 418, 433 (2009)." This is yet another material misrepresentation beyond the pale. *Nken* concerns stays in immigration proceedings involving rights of aliens under 8 U.S.C. § 1252(f)(2), not Rule 62(a) stays in civil cases, and provides no authority for lifting the automatic stay here. This latest misrepresentation—like Plaintiff's prior fictitious and inapplicable authorities—is yet another example of Plaintiff's bad faith and deliberate attempt to mislead the Court.

Last, Plaintiff's generic and unsubstantiated allegations of "delay and obstruction" are unsupported and contradicted by a long, well-documented history showing Plaintiff as the primary cause of delay in this litigation. Highlights include:

- **Filing misconduct** – Filed the case but refused to pay the filing fee to delay the matter, then filed multiple amended complaints before ever serving Defendant, waiting two years before filing the Third Amended Complaint.

- **Disqualified counsel** – Proceeded with Dollinger despite his prior representation as Defendant's counsel causing this court in another case to disqualify him in another of his vile and false filings against Defendant that was dismissed. *Franzone v. Lask*, No. 14 CIV. 3043 GHW GWG, 2015 WL 1379066, at *2 (S.D.N.Y. Mar. 26, 2015); when disqualification loomed in this case before Judge Preska, Dollinger suddenly claimed illness and substituted an out-of-state attorney, Kenneth Craig (Dollinger's friend) to delay proceedings.

- **Frivolous pleadings** – Filed a convoluted 200+ paragraph TAC largely copied from the baseless Franzone case Dollinger fictionalized, with the exact causes of action that court already dismissed, yet Dollinger packed this case with the same frivolous claims that never met jurisdictional thresholds. It took a motion to dismiss and summary judgment to parse our Plaintiff's baseless allegations and findings that the majority of her claims were unfounded.

- **Settlement obstruction** – In early 2019, Defendant sought settlement but Plaintiff's counsel, Kenneth Craig, ignored communications. Plaintiff had concealed Craig's death for many months.

- **Fabricated estate claims** – After Defendant discovered Craig was actually dead the entire time, she informed the Court of Craig's death in March 2020, then Dollinger told Judge Cote he was appearing and threatened fictitious estate litigation on behalf of Craig in this case; then Dollinger defied Judge Cote's order to appear, causing case closure.

5

- **Meritless appeals** – Plaintiff filed and lost a cross-appeal that was completely meritless.

- **Reneging on agreements** – In 2022, agreed to damages dates before Judge Cote, then reneged; Magistrate Lehrburger was forced to enforce her original agreement.

- **Trial date gamesmanship** – Pretended ignorance of trial dates despite court orders; on the eve of trial, kept the court and all parties on a conference for hours until by around 5 PM then raised false trial exhibit claims against Defendant and her counsel and said the dead Kenneth Craig's "paralegals" and nonexistent experts will prove trial exhibits were false, halting trial on that complete fabrication as Plaintiff refused to prove to even depose Defendant when Magistrate Lehrburger ordered that based on the false claim.

- **Nonexistent evidence** – Never produced promised discovery of data experts and paralegals; refused to depose Defendant.

- **Repeated estate fabrications** – Again, in September, 2023, Dollinger told the Magistrate he needed extensions because he was handling Craig's estate that had documents he needed for the case, which even the Magistrate dismissed his absurd excuse of an "estate" involved in this litigation and in fact court and public records confirm no such estate exists in New York where Dollinger is licensed.

- **Extended absences** – Claimed to be busy and then in Russia for some four months, securing repeated extensions on post-trial submissions.

The above is not a full recitation as there is so much more. This is not delay by Defendant—it is a deliberate, sustained campaign by Plaintiff to prolong litigation, derail proceedings, and multiply costs through baseless filings and fabrications.

    Most tellingly of Plaintiff's protractions is that after urging the Court to lift the stay and going through her entire motion rife with hallucinated case cites obviously generated by AI, Plaintiff

6

concedes that a $94,208.00 bond is "appropriate"—the exact bond Defendant has already posted and had approved. This confirms the motion's purpose is harassment, not legitimate relief.

**CONCLUSION**

For these reasons, the Court should deny Plaintiff's motion in its entirety and consider appropriate sanctions. Her reliance on false citations underscores the fraudulent nature of this filing, and the fact that she was actually requesting a bond—which she could have simply communicated to Defendant—instead of burdening the Court with a wasteful and baseless motion.

Dated: August 13, 2025

Respectfully submitted,
Law Offices of Susan Chana Lask

/s/Susan Chana Lask
Susan Chana Lask, Esq.
244 Fifth Avenue, #2369
New York, NY 10001
(917) 300-1958

*Counsel for Defendant*