UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARGARET RHEE-KARN,

                    Plaintiff,                    Case No.: 15-9946   LWR

v.

SUSAN CHANA LASK, ESQ.,

                    Defendants.

# PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO AMEND JUDGMENT UNDER RULE 60(a) OR 59(e)

## I. PRELIMINARY STATEMENT

Defendant's opposition does not address the controlling law that mandates inclusion of prejudgment, post-verdict, and post-judgment interest under New York's CPLR §§ 5001–5005 in this diversity malpractice case. Instead, Defendant devotes a substantial portion of her brief to ad hominem attacks on Plaintiff's counsel, recycling unfounded accusations and injecting personal history wholly unrelated to the issues before the Court. These tactics are improper, irrelevant, and directly contravene the Court's recent admonition to all counsel to act professionally.

The legal issues here are straightforward:

1. The Judgment entered on July 17, 2025, omits mandatory sums for prejudgment, post-verdict, and post-judgment interest under New York law.

2. That omission is correctable under Rule 60(a) or, alternatively, Rule 59(e), as it renders the Judgment incomplete and noncompliant with Rule 58's requirement of a sum certain.

3. Defendant's claimed posting of a supersedeas bond does not cure the Judgment's deficiencies nor moot the motion.

4. Defendant's continued injection of personal attacks into filings, including false and extraneous commentary about counsel's character and injuries unrelated to this litigation, demonstrates ongoing harassment and stalking conduct.

## II. DEFENDANT MISSTATES THE LAW ON RULE 58 AND RULE 60(a)

### A. Rule 58 Requires a Sum Certain

Contrary to Defendant's assertion, the Second Circuit has long held that a judgment must be clear, self-contained, and enforceable without resort to extrinsic calculation. *Briggs v. Pennsylvania R. Co.*, 334 U.S. 304, 306 (1948); *In re PCH Assocs.*, 949 F.2d 585, 594 (2d Cir. 1991). Where a judgment omits sums mandated by law—such as statutory interest—it is facially incomplete and subject to correction under Rule 60(a). *Robert Lewis Rosen Assocs., Ltd. v. Webb*, 473 F.3d 498, 504 (2d Cir. 2007).

Defendant's claim that these authorities are "fiction" is itself unfounded; they remain binding precedent and directly support correction here.

### B. Defendant Conflates Post-Judgment Interest Law

Defendant selectively quotes *Schipani v. McLeod*, 541 F.3d 158 (2d Cir. 2008) to argue that federal law governs post-judgment interest in diversity cases, ignoring the Second Circuit's express acknowledgment that state law may control where the underlying substantive right is state-created and the judgment already incorporates state-law interest provisions. Here, Magistrate Judge Lehrburger's Judgment expressly invoked CPLR § 5004, making the continued application of CPLR § 5005 both logical and legally proper.

## III. THE JUDGMENT'S OMISSION OF MANDATORY INTEREST IS NOT CURED BY DEFENDANT'S POST-FILING ACTIONS

Defendant's after-the-fact procurement of a bond in the amount Plaintiff calculated does not retroactively correct the Judgment's defects. Rule 60(a) addresses whether the Judgment as entered reflects the Court's intent and the governing law—not whether a party later performed independent calculations. The omission of statutorily mandated sums remains a legal deficiency requiring amendment.

## IV. DEFENDANT'S ARGUMENTS ON RULE 62(a) MISCHARACTERIZE BOTH LAW AND FACT

Defendant's assertion that *Nken v. Holder*, 556 U.S. 418 (2009), is inapplicable ignores the broader principle it articulates—that courts retain discretion over stays and must consider equitable factors in determining whether to lift them. The Court plainly has authority under Rule 62(a) to shorten or vacate the automatic stay for good cause, particularly where a party has engaged in dilatory tactics for over a decade.

## V. DEFENDANT'S PERSISTENT PERSONAL ATTACKS DEMONSTRATE HARASSMENT

Rather than confining her opposition to the legal questions, Defendant again embarks on a lengthy, irrelevant recitation of alleged personal grievances and purported litigation history, much of which is demonstrably false or wholly unrelated to this case. She even references sealed matters concerning counsel's private medical history from a July 2016 auto accident—conduct that constitutes continued harassment and stalking after the Court's explicit directive to maintain professionalism.

Such attacks serve no legitimate purpose, prejudice the proceedings, and appear calculated to intimidate and discredit counsel rather than to address the motion's merits. Courts have repeatedly condemned this type of litigation conduct. See *Lipin v. Hunt*, 538 F. Supp. 2d 590, 606 (S.D.N.Y. 2008) (sanctions for "scandalous and impertinent" material).

## VI. CONCLUSION

For the reasons set forth above and in Plaintiff's opening memorandum, the Court should:

1. Amend the Judgment to state the total principal and interest amounts required by CPLR §§ 5001–5005 through the date of entry, and apply CPLR § 5005's 9% rate post-judgment.

3

2. Admonish Defendant for continued personal attacks in violation of the Court's directive, and strike irrelevant, scandalous material from her opposition and consider an award of sanction for her knowingly false and inflammatory claims. .

Dated: August 18, 2025

*Douglas R. Dollinger, Esq.*
Douglas R. Dollinger, Esq.
NYS Bar Code 2354926
Law Offices of Douglas R. Dollinger, PC
570 County Rt 49
Middletown, New York 10940
Telephone 845.741.9363
Email: ddollingeresq@gmail.com
Attorney for Plaintiff

4