*Law Offices of*
# SUSAN CHANA LASK

*244 Fifth Avenue, Suite 2369*
*New York, N.Y.  10001*

**(917) 300-1958**                              **www.appellate-brief.com**

**VIA ECF**

August 18, 2025

Honorable Robert W. Lehrburger
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

The request is denied, but the Court accepts the instant letter as a sur-reply.

SO ORDERED:

8/25/2025

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Re:  Rhee-Karn v. Lask, Case No.: 15-cv-9946
     Request for Sur-reply to Clear the Record

Dear Magistrate Lehrburger:

Defendant respectfully requests leave to file a sur-reply to Plaintiff's Reply at DE 546.

Plaintiff filed a motion for contradictory relief: demanding that the federal stay be lifted while insisting on a bond that includes the stay, and to impose state-law interest rates post-judgment where federal law governs, adding the false statement that:

"Plaintiff has waited over a decade for relief, and Defendant has shown a consistent pattern of delay and obstruction. Immediate enforcement is warranted, and the automatic stay should be vacated." DE 526-2 at 4.

Defendant's opposition rebutted that false accusation with record evidence showing the delays were caused by Plaintiff (DE 542)—including to date by her refusal to cooperate on the bond and her insistence on filing a meritless motion instead. See DE 542-1 (emails from Plaintiff's counsel refusing to cooperate).

Plaintiff now replies with further misrepresentations, claiming Defendant "conflates" pre-verdict with post-judgment interest, when in fact Plaintiff's own memorandum demanded post-verdict interest at state rates in violation of controlling federal law. DE 542 at MOL p. 4.

Significantly, Plaintiff ends her Reply with **new and improper** material, asking the Court to admonish or sanction Defendant because Defendant's factual recitation of Plaintiff's delays supposedly constitutes "ad hominem attacks," "serves no legitimate purpose," is "prejudicial and intimidating," and—yet again—the refrain of "stalking" and "harassing." DE 546 at Section V.

1

These are not legal arguments. They are Plaintiff's usual inflammatory buzzwords of criminality and wrongdoing - "stalking," "harassment," "intimidation"—invoked without any factual or legal basis.  Ironically, by falsely branding Defendant with such labels merely for opposing Plaintiff's own accusations, Plaintiff herself engages in the very intimidation and harassment she imputes to others.

A sur-reply is necessary to address, line by line, the new and false statements in Section V, where Plaintiff now argues sanctions and admonishment are warranted.  Defendant has already demonstrated in her prior motion to strike the "stalking" accusation (DE 531) that no facts support stalking or harassment, and Plaintiff notably refused to respond (see DE 532, 536) because the charge is plainly false. Yet Plaintiff and her counsel persist in repeating the same baseless accusations in each filing, further muddying the record.

Likewise, Plaintiff's claim of "sealed matters" from counsel's car accident is baseless.  No record is sealed on this docket, and Mr. Dollinger again uses empty rhetoric to suggest impropriety where none exists.

Importantly, Plaintiff embedding in a reply a sanctions/admonishment demand violates even the minimal Due Process right to notice and an opportunity to respond that is black letter law in this Circuit.  *In re 60 E. 80th St. Equities, Inc.*, 218 F.3d 109, 117 (2d Cir. 2000).

Last, Plaintiff cites *Lipin v. Hunt*, 538 F. Supp. 2d 590, 606 (S.D.N.Y. 2008), as if it imposed sanctions for "scandalous and impertinent" material. In fact, Lipin expressly declined sanctions, merely cautioning a vexatious litigant with a sanction history elsewhere. Plaintiff's reliance on Lipin is therefore irrelevant and misleading.

For these reasons, Defendant respectfully requests leave to file a sur-reply by August 23, limited to addressing Plaintiff's new sanctions and admonishment request in Section V of the Reply, as a point-by-point response is necessary to prevent the record from being further distorted by Plaintiff's latest false and unsupported accusations.

Very truly yours,

**LAW OFFICES OF SUSAN CHANA LASK**

/s Susan Chana Lask
**SUSAN CHANA LASK**