UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
MARGARET RHEE-KARN,

                      Plaintiff,                  15-CV-9946 (RWL)

      - against -                    **ORDER:**
                                          **MOTION FOR RECONSIDERATION**
SUSAN CHANA LASK, ESQ.,

                      Defendant.
------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

Following a three-day trial, a jury awarded Plaintiff Margaret Rhee-Karn $40,300 in compensatory damages for legal malpractice caused by Defendant Susan Chana Lask. The parties filed several post-trial motions. One such motion was Rhee-Karn's motion for sanctions against Lask in the form of attorney's fees, pursuant to 28 U.S.C. § 1927 and the Court's inherent authority. (Dkt. 494.) Rhee-Karn asserted several bases for sanctions, including that Lask had "stalked" the Honorable Loretta A. Preska, who had been assigned to this case until her recusal on August 1, 2019. (*See* Dkt. 184.)

On July 17, 2025, the Court issued its Decision and Order (the "D&O") addressing the post-trial motions. (Dkt. 524.) With respect to Rhee-Karn's sanctions request and her assertion of Lask's conduct toward Judge Preska as a supporting basis, the Court recited the August 1, 2019 order in which Judge Preska recused herself and described Lask's conduct that precipitated the recusal. As Judge Preska wrote:

> [I]n the Court's view, Ms. Lask has stalked the Court and chambers staff. She has alleged that she has been "informed that [the Court's] husband owned stock in [a] company" that Ms. Lask sued 17 years ago. Ms. Lask also purports to have investigated chambers IP addresses and monitored certain sites visited. Because of these actions, the matter has been referred to the United States Marshal.

1

> Ms. Lask has telegraphed additional delay and aggravation – she has threatened to seek "a hearing with" … two former law clerks of the Court (neither of whom has the remotest possible connection to any fact in the underlying action). Ms. Lask purports to have called them after she had an interchange with the Court that she deemed unsatisfactory. (Ms. Lask does not explain how she just happened to contact one of the Court's former law clerks immediately after the call.) She also purports to have recorded one or both of her calls to [the former law clerks] – possibly an illegal and/or unethical act for a lawyer.

(Dkt. 524 at 45-47 (quoting Dkt. 184).) The D&O stated that there was "ample support in the record" that Lask had "stalked" Judge Preska and thus exhibited "shocking," "outrageous" "misbehavior" toward a federal judge. (*Id.*) The Court found no basis to award sanctions, however, because Rhee-Karn failed to produce any evidence that she incurred any attorney's fees or costs "because of" such misconduct. (*Id.*)

On August 4, 2025, Lask filed a motion under Local Civil Rule 6.3 and Federal Rules of Civil Procedure 59(e) and 60(b)(1) for reconsideration of the D&O on two narrow grounds, both stemming from the issue of what led to Judge Preska's recusal. (Dkt. 531.)

Motions for reconsideration are "addressed to the sound discretion of the district court." *Mendell ex rel. Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990). The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration also "may be granted based upon 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Cunningham v. Cornell University*,

2

No. 16-CV-6525, 2020 WL 1165778, at *1 (S.D.N.Y. March 11, 2020) (quoting *Virgin Atlantic Airways, Ltd. v. National Mediation Board*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

Lask first requests that the Court strike from the D&O references to the Court's "'findings of stalking,' 'misbehavior,' 'shocking behavior,' and 'ample evidence.'" (Dkt. 531-1 at 1; *accord id.* at 7-8.) Lask correctly observes that, in the Second Circuit, even where a court denies a motion for sanctions against an attorney, a court's finding that the attorney committed specific acts of misconduct constitutes an independent sanction. *See Keach v. County of Schenectady*, 593 F.3d 218, 225 (2d Cir. 2010). Lask argues that the factual assertions set forth in Judge Preska's recusal order were never proven and that the Court would need to conduct a hearing if it were to make findings about whether or not Lask engaged in attorney misconduct such as stalking a federal judge. (Dkt. 531-1 at 6, 7-8.)

The Court agrees that even though it denied Rhee-Karn's motion for sanctions, the Court's characterization of Lask's conduct could be construed as a sanction that would require attendant process. *See Mickle v. Morin*, 297 F.3d 114, 126 (2d Cir. 2002). Reconsideration thus is justified. *See Virgin Atlantic Airways*, 956 F.2d at 1255. As explained above, the Court found no basis for sanctions for the episode because Rhee-Karn failed to demonstrate a nexus between Lask's alleged conduct and Rhee-Karn's expenditure of attorney's fees as a result. The Court's determination thus did not ultimately depend on whether Lask's conduct was or was not sanctionable misconduct. In these circumstances, the Court agrees that it is appropriate to remove the language at

3

issue. The Court will issue a revised decision and order and will place under seal the decision and order currently appearing at Dkt. 524.[1]

Rhee-Karn argues that Lask forfeited the ability to seek reconsideration of any of Judge Preska's recusal findings by failing to raise the issue in her appeal of the summary judgment decision that found her liable for malpractice (and which was affirmed on appeal). This argument is misplaced. Lask seeks reconsideration of the D&O, not Judge Preska's recusal order. Judge Preska's order expressed her "view" of how Lask acted. The D&O went further, commenting on the extent to which the record supported that view.

---

[1] For the first time in reply, Lask seeks two additional forms of relief. Requests for relief raised for the first time in reply briefs need not be considered. *See ABN Amro Verzekeringen BV v. Geologistics Americas, Inc.*, 485 F.3d 85, 100 n.16 (2d Cir. 2007). Nonetheless, the Court exercises its discretion to consider Lask's belated arguments. *See American Hotel International Group, Inc. v. OneBeacon Insurance Co.*, 611 F. Supp.2d 373, 375 (S.D.N.Y. 2009). Lask first requests the Court acknowledge that a purported expert report "rebut[ted] the accusations" in Judge Preska's recusal order. (*See* Dkt. 536 at 1, 7.) Given the other relief granted to Lask, this request is moot, and, in any event, unwarranted. Lask also requests the Court strike Rhee-Karn's declaration at Dkt. 532 submitted in conjunction with her opposition to the present motion. (Dkt. 536 at 7.) Lask filed a motion seeking identical relief a mere four minutes after she filed her reply brief, essentially supplanting Lask's belated request in reply. (Dkt. 537.) In any event, the motion to strike is denied. Although Rhee-Karn's declaration is argumentative, her statements set forth her personal interpretation of the record. Lask's argument that the declaration is not based on personal knowledge therefore fails. The Court will not defer to Rhee-Karn's interpretation of the record but finds no basis to grant Lask's motion to strike. *See Saniteq, LLC v. GE Infrastructure Sensing, Inc.*, No. 17-CV-771, 2018 WL 4522107, at *7 (E.D.N.Y. July 12, 2018) (denying motion to strike and explaining that "rather than parsing the Declaration to determine which portions to strike, the Court will disregard those portions of the Declaration that set forth legal conclusions and opinion testimony, and will rely solely upon admissible evidence in its analysis"), *R. & R. adopted*, 2018 WL 4357475 (E.D.N.Y. Sept. 13, 2018); *Howard v. Sprint/United Management Co.*, 299 F. Supp.2d 180, 183 n.1 (S.D.N.Y. 2003) (deciding motion based on solely portions of declaration which allege facts within personal knowledge where party requested court strike portions of opposing party's declaration that were argumentative and not based on personal knowledge); *see generally Meyenhofer v. Larsen & Toubro Infotech Ltd.*, 503 F. Supp.3d 39, 50 (S.D.N.Y. 2020) ("Generally, motions to strike are not favored") (internal quotation marks and citation omitted).

For the same reason, Rhee-Karn's argument that Judge Preska's recusal order is the law of the case misses the mark.  (*See* Dkt. 532-1 at 2.)  Moreover, Rhee-Karn's argument "misinterprets the law of the case doctrine – which applies to a 'rule of law,' not a factual determination."[2]  *Thomas v. Kelly*, 903 F. Supp.2d 237, 254 (S.D.N.Y. 2012) (quoting *Pescatore v. Pan American World Airways, Inc.*, 97 F.3d 1, 7-8 (2d Cir. 1996)).

Separately, Lask argues that the D&O "misstates that Defendant filed two recusal motions, … Dkts. 181 and 182, when only a single letter-motion was filed at [Dkt.] 181.  Docket 182 is a filing by Plaintiff's counsel that misrepresents that two recusal motions were filed." (Dkt. 531-1 at 1; *accord id.* at 9.)  Lask is partially mistaken.  The Court did not refer to docket entry 182.  The Order referenced two separate letter motions filed by Lask seeking Judge Preska's recusal, citing docket entries 181 and ***183***.  (Dkt. 524 at 47.)  The latter was Lask's second letter in support of her recusal motion.  In other words, Lask filed one letter motion, but two letters.  The Court will make that clarification in its revised decision and order.  As with the language that Lask seeks to strike, the issue is not material to the Court's decision.

For the reasons stated above, Lask's narrow motion for reconsideration is granted.  To the extent not discussed above, the Court has considered the parties' arguments and found them to be either moot or without merit.

---

[2] The case law cited by Rhee-Karn is inapt.  *Karmely v. Wertheimer*, 737 F.3d 197 (2d Cir. 2013), cited for the proposition a district court should "decline[] to consider issues not preserved through direct appeal" (Dkt. 532-1 at 2), did not at all discuss preservation.  And, for the proposition that "failure to appeal earlier adverse ruling waives right to relitigate under Rule 59(e)" (*id.*), Rhee-Karn cites a case, *Harrison v. Brookhaven Nat'l Lab.*, 2002 WL 31925589, at *4 (E.D.N.Y. Oct. 29, 2002), that, based on a Westlaw search of the given cite, appears not to exist.

      The Clerk of Court is respectfully directed to terminate the motions at Dkts. 531 and 537 and to place Dkt. 524 under seal.

                                           SO ORDERED.

                                           _____
                                           ROBERT W. LEHRBURGER
                                           UNITED STATES MAGISTRATE JUDGE

Dated: August 26, 2025
       New York, New York

Copies transmitted on this date to all counsel of record.