UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARGARET RHEE-KARN,

                       Plaintiff,                    15-CV-9946 (RWL)

      - against -                             **ORDER:**
                                                          **MOTION TO AMEND JUDGMENT**
SUSAN CHANA LASK, ESQ.,

                    Defendant.
------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

Following a three-day trial, on August 8, 2024, a jury awarded Plaintiff Margaret Rhee-Karn $40,300 in compensatory damages for legal malpractice caused by Defendant Susan Chana Lask. Following post-trial motions, the Court entered Judgment on July 17, 2025, in favor of Plaintiff against Defendant "in the amount of … $40,300, plus … Prejudgment interest pursuant to NY CPLR § 5004 at the rate of 9% starting December 16, 2012, to the date of judgment, plus … Post-judgment interest pursuant to 28 U.S.C. § 1961 at the rate prescribed therein." (Dkt. 525.)

On July 30, 2025, Plaintiff filed a motion asking the Court to issue an order (1) amending or clarifying the Judgment to specify the calculated amount of pre-judgment interest and to apply to post-judgment interest the state interest rate instead of the interest rate provided by federal statute; (2) vacating or modifying the automatic 30-day stay of enforcement under Federal Rule of Civil Procedure 62(a) to permit immediate efforts to enforce the Judgment; and (3) directing that no stay pending appeal shall be granted unless Defendants posts a supersedeas bond in the amount of $94,208 (purportedly being 110% of the proposed amended judgment). (Dkt. 526.) On August 14, 2025,

1

Defendant posted a supersedeas bond in the amount requested by Plaintiff. (Dkt. 544.) Accordingly, Plaintiff's second and third requests for relief are denied as moot.

As for Plaintiff's request to amend or clarify the Judgment, the Court first observes that there is nothing incorrect about the Judgment. The Judgment applied the correct interest rates, including for post-judgment interest. While prejudgment interest is governed by state law, federal courts award post-judgment interest pursuant to the mandate and rate proscribed by 28 U.S.C. § 1961, even in diversity cases addressing matters of state law. *Cappiello v. ICD Publications, Inc.*, 720 F.3d 109, 112 (2d Cir. 2013) ("under § 1961, federal district courts must apply the federal rate of post-judgment interest to judgments rendered in diversity actions"). Plaintiff has not cited any case requiring the Court to apply the New York statutory interest rate of interest to post-judgment interest. Nor has Plaintiff cited any case doing so in any circumstances, let alone in like circumstances. The one case cited by Plaintiff to support his argument for applying the state interest rate to post-judgment interest did the opposite – it applied the federal rate pursuant to 28 U.S.C. § 1961. *See Schipani v. McLeod*, 541 F.3d 158, 165 (2d Cir. 2008).

The Court agrees with Plaintiff, however, on the remaining issue – expressly including the calculation of prejudgment interest in the Judgment. Under the relevant state provision governing prejudgment interest, the amount of interest is to be calculated by the clerk of court and included in the judgment. *See* NY CPLR § 5002*; Lee v. Joseph E. Seagram & Sons, Inc.*, 592 F.2d 39, 41-42 (2d Cir. 1979). Omission of calculation "of a mechanically ascertainable amount of interest" is a "ministerial oversight remediable as a clerical error under [Federal] Rule [of Civil Procedure] 60(a)." *Emanian v. Rockefeller University*, No. 07-CV-3919, 2023 WL 4493498, at *12 (S.D.N.Y. July 11, 2023) (quoting

*Lee*, 592 F.2d at 42). Accordingly, the Court will issue an Amended Judgment that includes calculation of prejudgment interest at 9% per annum running from December 16, 2012 through July 17, 2025.[1] The resulting amount of prejudgment interest is $45,680.33.[2]

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 526.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: August 26, 2025
       New York, New York

Copies transmitted on this date to all counsel of record.

---

[1] Plaintiff separately calculates pre-judgment interest at 9% per annum from December 16, 2012 to August 8, 2024, the date of the jury's verdict, and also from August 8, 2024 to July 17, 2025, the date of the Judgment. By statute, pre-judgment interest includes both pre-verdict and verdict-to-judgment periods. NY CPLR § 5002. There is no need, however, for two separate calculations. *See Sanchez v. El Barrio's Car Service, Inc.*, No. 19-CV-8724, 2022 WL 19574594, at *4 (S.D.N.Y. Dec. 14, 2022) ("Prejudgment interest should be calculated up to the date of the entry of judgment"), *R. & R. adopted*, 2023 WL 3078885 (S.D.N.Y. Apr. 25, 2023).

[2] The prejudgment interest total is calculated first by deriving the number of days between December 16, 2012 through and including July 17, 2025 (4,597). That figure is then multiplied by the daily interest rate (9% divided by 365), which is in turn multiplied by the judgment amount ($40,300.00). *See Kuruwa v. Meyers*, 823 F. Supp.2d 253, 261 (S.D.N.Y. 2011). Plaintiff's Notice of Motion calculates pre-judgment interest as $42,262 + $3,627 (incorrectly denominated as "post-judgment" interest) for total prejudgment interest of $45,889. (Dkt. 526 at 1.) Plaintiff's Memorandum of Law and Proposed Amended Judgment, however, calculate prejudgment interest as $42,262 + $3,398.45 for total prejudgment interest of $45,660.45. (Dkts. 526-2 at 4, 526-4.) The Court does not rely on Plaintiff's calculations, which differ from the Court's, are internally inconsistent with each other, and are not accompanied by underlying computations.