*Law Offices of*
# SUSAN CHANA LASK

*244 Fifth Avenue, Suite 2369*
*New York, N.Y.  10001*

(917)  300-1958                                                          www.appellate-brief.com

**VIA ECF**

August 26, 2025

Honorable Robert W. Lehrburger
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re: Rhee-Karn v. Lask, Case No.: 15-cv-9946
     Request to Correct Factual Error in August 26, 2025 Order

Dear Magistrate Lehrburger:

 I respectfully request a further and important correction to the Court's August 26, 2025 Order. Dkt. 550.  The Court properly recognized that its prior July 17, 2025 D&O (Dkt. 524) included language to be removed and revised. One significant and extremely damaging misstatement, however, remains unaddressed.

 At pages 45 and 46 of the D&O it twice repeats, verbatim, a line from Plaintiff's sanctions motion misrepresenting that Defendant "stalked the Judge, her family and former staff members." DE 494-6 at 6.  As my motion made clear, there is no evidence, hearing, or finding supporting that- especially not a "judge's *family*."  Plaintiff's filing caused the Court to repeat that misrepresentation twice -verbatim.

 False statements of this nature are serious and harmful. Nor should the court docket preserve unfounded accusations.[1]

 The Court's Order otherwise correctly identified that its earlier language required correction; this particular statement made twice in the D&O should be treated the same way.

 Because this is a discrete factual correction in line with the Order today, I submit this request by letter. If the Court prefers a formal motion under Rule 60(a) or otherwise, I will  file one.

        Very truly yours,

        **LAW OFFICES OF SUSAN CHANA LASK**

         /s Susan Chana Lask
        **SUSAN CHANA LASK**

---

[1] "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes" and "[C]ourts have refused to permit their files to serve as reservoirs of libelous statements..." *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597-98 n.8, 55 L. Ed. 2d 570, 98 S. Ct. 1306 (1978)