Law Offices of
## SUSAN CHANA LASK

*244 Fifth Avenue, Suite 2369*
*New York, N.Y.  10001*

(917)  300-1958                                         www.appellate-brief.com

**VIA ECF**

September 29, 2025

Honorable Robert W. Lehrburger
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: Rhee-Karn v. Lask, Case No.: 15-cv-9946

Dear Magistrate Judge Lehrburger:

    I write in response to Plaintiff's September 26, 2025 letter (ECF 559). It continues Plaintiff's years-long campaign of projections, deflections, and false accusations this Court has repeatedly rejected. See, e.g., DE 413, 416, 437. The letter misrepresents the record and the law and exemplifies the misconduct documented in my pending sanctions motion. Plaintiff's letter should be summarily denied.

**1. Request for a Conference Is Improper**

    Plaintiff seeks a pre-motion conference, but since April 2023 the Court has directed that sanctions motions be filed at the end of the case. I complied, filing my motion only after Plaintiff's final filings and the Court's August 27, 2025 order addressing fabricated citations. See *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395–96 (1990) (sanctions are collateral and may be filed even after a notice of appeal). The Second Circuit in *Park v. Kim*, 91 F.4th 610, 614–16 (2d Cir. 2024), confirmed sanctions are warranted even for one fabricated citation; Plaintiff's filings up to August, 2025 contain many fake cites that Plaintiff did not deny when confronted.  Accordingly, the sanctions motion must be heard.

    Your Honor's Individual Rules do not require pre-motion conferences for sanctions nor expressly list it for such conferences. For example, Judge Failla's rules expressly list sanctions motions for conferences.  The omission in Your Honor's rules confirms the position already made clear on the record: sanctions should be filed at the end of the case, without the additional step of a pre-motion conference.  Nevertheless, a conference cannot prohibit the filing of a motion. *Milltex Indus. Corp. v. Jacquard Lace Co.,* 55 F.3d 34, 39 (2d Cir. 1995); *Richardson Greenshields Sec., Inc. v. Lau,* 825 F.2d 647, 652 (2d Cir. 1987) (refusal to permit a motion to be filed without a pre-

1

motion conference and denying it as late is "at odds with the purpose and intent of [the Federal Rules]").

Further, Plaintiff's statement that the Court may "decline" to hear the motion is false: sanctions are a collateral issue courts must adjudicate. *Cooter & Gell*, 496 U.S. at 395–96; *Willy v. Coastal Corp.*, 503 U.S. 131, 138 (1992); *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 333 (2d Cir. 1999). While the Court has discretion whether and how to impose sanctions, it cannot simply refuse to consider them. *Milltex*, supra, *Richardson*, supra.

## 2. Repeated "Stalker" and PACER Smears

Plaintiff states that my sanctions motion "brands him [Dollinger] a stalker." That is demonstrably false. That term is never used about him. The motion documents how Plaintiff and counsel **repeatedly smeared me** with it—smears this Court has already repeatedly struck as immaterial and unsubstantiated. See DE 413, 416, 437, 546.

## 3. Unlawful Threats of Criminal Prosecution in a Civil Case

ECF 559 threatens New York Penal Law §§ 240.25 and 120.45, accusing me of harassment and stalking. This is part and parcel of counsel's long pattern of threatening criminal statutes to gain civil leverage—conduct this Court and others have admonished. See Sanctions Motion fn. 4. Such threats then and now again in Plaintiff's letter are unethical. *Wager v. G4S Secure Integration, LLC*, 2021 WL 4311373, at *2 (S.D.N.Y. Sept. 21, 2021).* Plaintiff's repetition of this misconduct in ECF 559 confirms sanctions are warranted and the motion must be heard.

## 4. Misrepresentation of Case Law

ECF 559 cites *N.Y.S. NOW v. Terry*, 886 F.2d 1339 (2d Cir. 1989), to argue sanctions jurisdiction is discretionary. That is false. *Terry* involved contempt fines and fees under § 1988—not Rule 11, § 1927, or inherent-power sanctions. Its citation block (ECF 559 at 2–3), stringing together *Cooter*, *Schlaifer Nance*, *Tancredi*, and *Terry* without analysis, is not substantive argument. The letter is another deflection vehicle rather than a legitimate filing.

By contrast, binding precedent, as laid out in my sanctions motion, confirms sanctions jurisdiction and necessity: *Cooter & Gell*, 496 U.S. at 395–96; *Willy*, 503 U.S. at 138; *Schlaifer Nance*, 194 F.3d at 333; *Tancredi*, 378 F.3d at 225; *Park v. Kim*, 91 F.4th at 614–16.

## 5. False "Victim" Narrative; Conflation of Malpractice and Damages

Further immaterial statements wasting time are assertions of "District Court and Appellate Court findings" of malpractice "and the jury's damage award." That suggests the jury found malpractice damages. It did not. Judge Cote determined malpractice and damages limits on summary judgment; the jury's role was narrowly confined to segregating what fees were

attributed to a so-called first federal and what were family court fees during a limited time period. Proximate cause was never before the jury. Collapsing these distinct issues into one narrative is a deliberate misrepresentation.

**6. Improper Appeal Argument**

Finally, ECF 559 argues that I have "no way to appeal" further. That is false, immaterial and appellate procedure is not properly litigated through collateral letters. Injecting an appellate spin into Plaintiff's letter is improper.

**Conclusion**

Dollinger's September 26 letter repeats accusations this Court has already rejected, misrepresents the law, and threatens criminal charges in a civil case. As the Supreme Court warned, court files must not become "reservoirs of libelous statements." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *United States v. Amodeo*, 71 F.3d 1044, 1050–51 (2d Cir. 1995). ECF 559 is precisely that misuse and mirrors the sanctionable misconduct detailed in my pending sanctions motion. Its filing only underscores why the motion must be heard and sanctions imposed.

Defendant respectfully request the Court summarily deny Plaintiff's latest letter.

        Very truly yours,
        **LAW OFFICES OF SUSAN CHANA LASK**

        /s Susan Chana Lask
        **SUSAN CHANA LASK**