sUNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MARGARET RHEE-KARN,

                Plaintiff,                15-CV-9946 (RWL)

    - against -

                                                   **ORDER**

SUSAN CHANA LASK, ESQ.,

                Defendant.
-------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

       This order resolves Defendant's motion for sanctions filed at Dkt. 558.

       Following summary judgment on liability in favor of Plaintiff Margaret Rhee-Karn, this attorney malpractice case went to trial on damages in August 2024. The jury awarded Rhee-Karn $40,300 in compensatory damages.

       At the conclusion of trial on August 8, 2024, the Court discussed with the parties a schedule for any post-trial motions. (Trial Tr. (Dkt.471) at 29-36.) The Defendant, Susan Chana Lask, an attorney representing herself along with co-counsel, stated that she intended to file motions for judgment as a matter of law or new trial pursuant to Federal Rule of Civil Procedure 50(b) and 59(a) and a motion for sanctions to address a variety of matters concerning the conduct of Plaintiff and her counsel, Douglas Dollinger, throughout the litigation. Plaintiff indicated that she would file an application for attorney's fees as a sanction and pre-judgment interest.

       When asked about timing for her sanctions motion, Lask stated that she would need about 45 days. (Trial Tr. at 431.) Lask later asked if that 45-day period was "definite," which the Court answered affirmatively and confirmed would apply to all "affirmative applications" filed by either party. (Trial Tr. 434-35.) The Court therefore

1

issued a scheduling order requiring that the parties file their motions, including Lask's motion for sanctions, by September 23, 2024. (Dkt. 453.)

After the Court granted various extensions at the parties' requests, Lask filed her post-trial motions on December 9, 2024. (Dkt. 495.) She thus had more than ample time – over 120 days – to file whatever affirmative motions she chose to file. Lask moved for judgment as a matter of law or a new trial. She did not file a motion for sanctions. Plaintiff filed her motions for attorney's fees and interest. (Dkt. 494.) Following completion of briefing, the Court issued a comprehensive decision and order on July 17, 2025, resolving each of the parties' motions. (Dkt. 524, *amended* Dkt. 551.) The Court denied Lask's motions in their entirety. The Court denied Plaintiff's motion for fees as a sanction but granted her motion for pre-judgment interest. Upon Lask's application for reconsideration (Dkt. 531), the Court issued an amended decision on August 26, 2025 to clarify that although District Judge Preska (who previously presided over the case) had issued a recusal order stating her view that Lask had been "stalking" her, no evidentiary findings had been made in that regard. (Dkt. 551.) On August 26, 2025, the Court entered final judgment. (Dkt. 554.) Lask has appealed. (Dkt. 540.)

Imagine the Court's surprise then when, on September 25, 2025, Lask filed a motion for sanctions against Plaintiff and Dollinger – a year after the initial due date for any post-trial sanctions motion. (Dkt. 558.) Although the Court retains jurisdiction following appeal for collateral matters such as sanctions, Lask never requested a pre-motion conference to discuss her making a motion for sanctions at this late date. Nor did she explain why she neglected to file a sanctions motion during the post-trial briefing

2

period set by the Court. Nor did she explain why she was entitled to file a motion for sanctions after the Court and the parties had already concluded post-trial motions.

Much of Lask's instant motion focuses on events that occurred before the time the parties briefed their post-trial motions. She thus dwells on matters extending back to commencement of the case: filing the complaint with "knowingly false allegations," "ambush discovery," "defi[ance]" of the pre-trial order, a "pattern of delay and defiance of orders," "trial-eve ambushes," and filing a "frivolous sanctions motion." (Dkt. 558 at 11-27.) The time to make a sanctions motion regarding any of that conduct was in December 2024 when the parties filed their affirmative post-trial motions, and certainly no later than July 17, 2025, when the Court issued its decision and order on all post-trial motions, or August 4, 2025, when Lask moved for reconsideration. Lask may not now seek sanctions based on preceding events.

Nor is there any basis for Lask to turn Plaintiff's losing arguments in support of her application for fees, sanctions, or other post-trial relief into sanctionable conduct. While the Court rejected some of Plaintiff's post-trial arguments, the Court does not deem them to have been made in bad faith or to be sanctionable. Indeed, were the Court to hold Lask to the same standard, the extensive array of meritless arguments she advanced in her own post-trial motions could just as well justify sanctions against her.

There is, however, one aspect of Lask's motion that concerns conduct of more recent vintage that could not have been addressed in the earlier post-trial motions and which raises a colorable basis for sanctions. Specifically, Lask calls upon the Court to sanction Plaintiff and her attorney for citing cases that do not exist or do not stand for the proposition for which they are cited. (Dkt. 558 at 2-6.) Lask provides a chart that identifies

3

ten cases and citations she contends are either fabricated or misrepresented by Plaintiff. (Dkt. 558-3.)  Two of those cases were noted by this Court in its order on Lask's motion for reconsideration.  (Dkt. 550 at 5 n.2.)

Misrepresentation of case law is unethical conduct.  Recently, with the rise of artificial intelligence ("AI"), courts have expressed concern about and issued sanctions against attorneys who have filed documents citing cases that do not exist, do not contain language for which they are quoted, or have some other flaw characteristic of AI "hallucinations."  *See, e.g., Park v. Kim*, 91 F.4th 610, 614-15 (2d Cir. 2024) (referring attorney to the court's Grievance Panel for citing non-existent case generated by ChatGPT); *Mata v. Avianca, Inc.*, 678 F.Supp.3d 443, 464-66 (S.D.N.Y. 2023) (imposing sanctions of $5,000 on attorney in part for failing to verify non-existent case law generated by ChatGPT).  Lask is incorrect, however, that such sanctions are mandatory.  (*See* Dkt. 558-1 at 6 (asserting that *Park* "left no doubt that district courts must sanction fabricated citations").)  No case has so stated, and actual cases belie Lask's statement of the law. *See Perez, v. Evans*, 24-CV-356, 2025 WL 2726792, at *4 (S.D.N.Y. Sept. 25, 2025) (declining to impose sanctions for citation to non-existent cases and misattribution of quotations resulting from "hallucinations" generated by use of ChatGPT);  *United States v. Cohen*, 724 F.Supp.3d 251, 258 (S.D.N.Y. 2024) (characterizing citation of non-existent cases as "embarrassing and certainly negligent, perhaps even grossly negligent," but declining to impose sanctions).  In a sense, Lask's own assertion of the law is fabricated.

Moreover, Lask's list of Plaintiff's purportedly offending case citations misrepresents the record and invents quotations that do not exist.  For instance, Lask faults Plaintiff for citing *Briggs v. Pennsylvania R. Co.*, 334 U.S. 304, 68 S. Ct. 1039

4

(1948), which addresses whether a judgment improperly included interest, accusing Plaintiff of citing it for a "bond calculation" rather than for a judgment.  (Dkt. 558-3 at row 2.)  That is wrong.  Plaintiff cited *Briggs* in her discussion of judgments; though it is true that the case does not stand for the proposition cited.  (Dkt. 526-2 at 2 (citing *Briggs* for the proposition "that a judgment omitting a complete monetary sum is not final or appealable").)  As another example, Lask asserts that Plaintiff falsely "inserted quotation marks around words that don't exist in the case" in citing *Robert Lewis Rosen Associates v. Webb*, 473 F.3d 498 (2d Cir. 2007).  (Dkt. 558-3 at row 4.)  But Plaintiff did not insert any quotation marks.  Rather, Plaintiff stated the proposition without quotation marks and supported it with a "*see*" cite to *Robert Lewis.*  (Dkt. 526-2 at 2.)  Should the Court sanction Lask for these misrepresentations and fabrications?

To be sure, Plaintiff did misstate the holdings of some cases and in at least one instance cited a case that appears not to exist.  That could be the result of using AI without verification or some other failure.  The Court does not condone such conduct and would be within its authority to sanction Plaintiff's attorney for those lapses.  But the Court is loath to do so given Lask's own misrepresentations and fabrications.  Lask has caused the Court to expend time on flawed and errant arguments and filings no less than has Plaintiff – the instant motion being a prime example.  In filing the instant motion, Lask has vexatiously protracted this litigation.  The Court declines to impose sanctions on Plaintiff or her attorney.  Accordingly, Lask's motion is DENIED.  Plaintiff's request at Dkt. 559 for relief beyond denying Lask's motion is also DENIED.[1]

---

[1] In response to Lask's motion, Plaintiff filed a letter asking the Court to (i) deny hearing the motion, (ii) seal filings to be identified later; (iii) restrict Lask "from filing any further

The Clerk of Court is respectfully directed to terminate the motions at Dkts. 558, 559.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: October 9, 2025
        New York, New York

Copies transmitted on this date to all counsel of record.

---

sanctions-related motions, personal accusations, or replies without prior leave of the Court"; (iv) cease contacting counsel for defendants in other cases; (v) direct Lask to certify the factual accuracy of all future filings; and (vi) grant such other relief as the Court deems just and proper. (Dkt. 559 at ECF 3.) The requested relief appears to be a response in kind to Lask's requested relief that (i) "Dollinger personally certify in any future filing that he has reviewed and verified the accuracy and authenticity of every case, quotation, and record citation submitted," (ii) both Plaintiff and Dollinger be barred from referring to Lask as a "stalker," (iii) both Plaintiff and Dollinger be prohibited from filing any new sanctions motions or reconsideration requests of "reply-embedded arguments" without leave of Court; (iv) Dollinger be required to complete continuing legal education in federal practice and candor to the tribunal; (v) both Plaintiff and Dollinger be held jointly and severally liable for Defendant's reasonable attorney's fees and also pay a fine to the Court; (vi) Dollinger be referred to the court's Grievance Committee; and (vii) all future filings from Plaintiff and Dollinger be subject to page limits and a certification of relevance "to prevent further collateral abuse of the record." (Dkt. 558-1 at 28-29.)

6