*Law Office of*
*Douglas R. Dollinger, P.C.*
*& Associates, Counselors at Law*

*Admitted to Both*
*State and Federal Practice*

*Telephone*
845.741.9363
_____

*Affiliated Offices*
San Francisco California
New York City New York

570 County Route 49
Middletown, New York 10940
ddollingeresq@gmail.com

October 14, 2025

United States District Court
Southern District of New York
500 Pearl St.
New York, New York 10007-1312
Attn: Magistrate Judge Robert W. Lehrburger

Re: *Lask v Rhee-Karn et al,* 15-09946-RWL

Your Honor:

    I write on behalf of Plaintiff Margaret Rhee-Karn and the undersigned as her counsel in response to the Court's October 9, 2025, Order (ECF 562) denying Defendant's Motion for Sanctions (ECF 558) and Plaintiff's Request for a Pre-Motion Conference (ECF 559). Plaintiff and Counsel respectfully submit this motion under Federal Rules of Civil Procedure 59(e) and 60(b)(3) and (6) to request that the Court reconsider and, where appropriate, correct certain aspects of its prior rulings to prevent manifest injustice and to address the impact of Defendant's misconduct on the proceedings including the continuing harm to Plaintiff and Counsel on matters to be raised on appeal. Given the Defendant's appeal is pending, Plaintiff respectfully requests that the Court issue an indicative ruling pursuant to Fed. R. Civ. P. 62.1 to facilitate appropriate consideration of these matters by the Court of Appeals.

    Under Rule 59(e) Plaintiff and Counsel seek reconsideration of the Court's denial of their request to fully respond to Defendant's motion, and of findings that were affected by Defendant's misrepresentations. Reconsideration under Rule 59(e) is warranted because in its Order the Court observed that "Plaintiff did misstate the holdings of some cases and in at least one instance cited a case that appears not to exist." Plaintiff's counsel "could be [using] AI without verification or some other failure," and that such conduct could be "sanctionable," though it declined to impose sanctions due to Defendant's own misrepresentations. (ECF 562).

    Plaintiff and Counsel note the Court's observation was made without the full opportunity to respond to the Defendant's Motion and its considerations of wrongdoing. Plaintiff-Counsel asked for a pre-motion conference to address several matters related to the content of the Defendant's Motion and present their own relief in opposition. Absent Plaintiff-Counsel's response, the suggestion of misconduct was speculative and unsupported by evidence. Moreover, the Court applied an improper standard. Second Circuit precedent requires objectively unreasonable conduct or bad faith for sanctions, not isolated citation errors (*Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 393 (1990)) Meaning, before a suggestion of wrongdoing was made the Court should have made a direct inquiry or conducted the pre-motion conference concerning the AI allegations.

    In its August 26, 2025, Order, the Court noted that *Harrison v. Brookhaven Nat'l Lab., 2002 WL 31925589 (E.D.N.Y. Oct. 29, 2002)* "appears not to exist" on Westlaw (DE 550 n.2). Counsel acknowledges that this Westlaw citation does not return a document.

This resulted from a citation retrieval error due to a copy-and-paste misstep. This occurred while researching cases related to abandoned or unbriefed claims—specifically arguments not contested on appeal—counsel inadvertently inserted a placeholder citation from a footnote in another *Brookhaven*-case relate to the very point of abandonment. The citation was not the original citation but picked up the *Harrison v Brookhaven* case involving proceedings in another case mixing that citation with the intended when counsel shepardized the case causing him to overlook the citation change as pasted.

An important consideration, which should not be overlooked, is the apparent obfuscation in the Court's reasoning and findings in treating a citation error as a potential basis for sanctions, despite the absence of any unreasonable conduct or bad faith. *Cooter & Gell, Id.* In Section II of Reply (ECF 532), counsel argued that the *"Defendant Identifie[d] No Basis for Reconsideration and Abandoned These Arguments on Appeal,"* as no appeal of Judge Preska's recusal order related to Defendant's stalking was taken. There can be little doubt this Court is aware that under the law-of-the-case doctrine, issues decided—or that could have been decided—in prior proceedings are generally binding later in the case, absent extraordinary circumstances.

The Court, however, disagreed with Counsel's treatment of a leading case on this rule of law as cited. (*United States v. Quintieri,* 306 F.3d 1217, 1225 (2d Cir. 2002)). The case holds that interlocutory or procedural rulings, such as recusal, are typically settled if not timely appealed. Counsel recognizes the Court's distinction regarding Defendant's arguments on the factual application of this doctrine to her claim for reconsideration and motion to strike, but Counsel's argument as presented was clear and properly cited under Second Circuit precedent. The case law advanced by Counsel was addressed to the complexity of Defendant's arguments. These positions represented alternative views made in good faith, nothing less.

Counsel respectfully requests the Court to correct its errors and not conflate these issues with the Court's acknowledged misrepresentations and fabrications made by the Defendant. Defendant has repeatedly misdirected proceedings and legal arguments away from the facts of her malpractice, engaging in misconduct which includes how this Court was misled on more than one occasion into adopting multiple false representations directed at Plaintiff and Counsel.

Turning to the application of Rule 60(b)(3) and (6), the record demonstrates that Defendant's misconduct cannot be disregarded, particularly as it concerns her ongoing misrepresentations. Defendant has advanced the narrative that Plaintiff's counsel bears sole responsibility for the delay in proceeding to the scheduled July 2023 trial. Specifically, Defendant alleged that the postponement resulted from fabricated claims by Plaintiff's counsel regarding the non-receipt of discovery responses, with a focus on Defendant's Bates-stamped documents numbered P1295–P1352. These documents, according to Defendant, comprised internal billing records and file screenshots.

To support her position, Defendant relied on her own submissions, including ECF 405 and its accompanying Exhibits 1–4. She argued bad faith on the part of Plaintiff and Counsel. Defendant's argument was further anchored in the Court's findings dated August 9, 2023:

> "...Plaintiff's counsel makes purely speculative allegations that email-correspondence—by which the documents at Exhibit 6 were transmitted to his predecessor during discovery—was fabricated by Defendant. Plaintiff's counsel has not provided even a scintilla of evidence to support those allegations..." (ECF 411).

    This finding is erroneous and stems from the Court's blind adoption of Defendant's fabricated letter dated July 26, 2019 (Ex. 405-1). In that letter directed to attorney Kenneth Craig, Defendant claimed she used the U.S. mail to serve those discovery responses because her "email bounced [her] previous discovery twice before" (ECF 405-1). When she was later asked for proof of the alleged bounced emails, Defendant changed her explanation, stating she could not access the dedicated Google Drive or Dropbox, a procedure agreed upon by her and Mr. Craig. When the letter was fabricated, Defendant did not know counsel was aware of the Drive and that she still had access to it in June-July 2023; only after the request for proof, did she invent the "Drive inaccessibility" story. Defendant's account was supported by her then-counsel Richard H. Dolan, who produced (i) Ms. Lask's letter to Mr. Craig dated July 25, 2019; (ii) her Bates-numbered documents P1295–P1309, which he claimed were calendar entries; and (iii) documents P1310–P1352, which were screenshots of her files, all purportedly enclosed with the letter (ECF 405, Exs. 1–4). These claims are demonstrably false and constitute fraud on the Court warranting correction of the record (ECF 405).[1]

    Defendant's own summary judgment filings establish that Bates Nos. P1295–P1352 did not exist in the evidentiary record at the time they would have been most relevant. In opposing Plaintiff's claims, Defendants relied heavily on attacking the expert report of Paul H. Friedlander, who asserted that the billing records produced by Lask were so lacking in itemized detail that he could not render an accounting analysis or damages calculation (ECF 208 at 17–18). The accompanying Rule 56.1 Statement (ECF 208-3) and Declaration of Howard Mankoff, a predecessor attorney to Attorney Dolan (ECF 208-2) made no reference to Bates Nos. P1295–P1352, and those pages were not attached. Had these pages genuinely existed, they would have been indispensable to rebutting Friedlander's opinion. Their complete absence is telling. The first time Bates Nos. P1295–P1352 appear in the record is Lask's July 26, 2019, letter produced in July 2023, to the Court—after summary judgment briefing closed. This post hoc maneuver was used to fraudulently paper over the evidentiary gap Friedlander identified and reveals the fabrication. Unless the Defendant was clairvoyant the use of the(Bates P1295–P1352 was a fraud, effecting the trial. Counsel has prepared a subpoena for Google concerning Drive ownership and deactivation access. The Court should hear the issues. The Court of Appeals will not overlook this deception, and a full record should be in front of the court for its review.

    Keeping in mind the July 25, 2019, letter enclosed documents (Bates P1295–P1352) covering billing from August 2012 through March 2013, even though Plaintiff's complaint sought damages through June 2014, means that Defendant could not have known in 2019 that this Court would later limit damages to 2012–2013. Her production was tailored retroactively to fit a limitation that did not then exist. This is compelling circumstantial evidence of fabrication. Plaintiff's exhibits also show that Defendant maintained access to the Google Drive through June 2019–July 2023 and deliberately deactivated it as the owner and could only have been the one to do so, doing it only after Plaintiff accessed it. Her claim that she "could not access" the Drive in 2019 is knowingly false. The facts are certainly more than a scintilla of evidence to her fraud. If granted a hearing or other right to reply, Plaintiff will present proof of her accessing the Drive in June-July 2023 and that the Defendant was the only person who could have deactivated it.

---

[1] While Attorney Dolan's comments were clearly harsh, and more so false concerning Plaintiff and Dollinger, most assuredly they were based on the Defendant's fabricated statements to him. It is doubtful he was fully aware of the facts and instead simply overlooked the procedure posture of the case (post summary judgment) and was unaware the Defendant had access to the Dropbox when she furnished him with the letter and discovery responses Bates Nos. P1295-1352.

The Defendant may argue that these facts should have been raised earlier. Respectfully, that position overlooks two critical points. First, the full extent of Defendant's misconduct, including her continued access to and subsequent deactivation of the shared Google Drive, only became known in 2023—after Mr. Craig's death and after Defendant took steps to conceal that access. These facts could not have been presented earlier despite due diligence. Second, and equally important, Defendant herself revived and advanced this very issue through her sanctions motion, (ECF 558) effectively relying on the same fabricated materials (ECF 405, 411) as the basis for seeking sanctions against Plaintiff and counsel. Having reintroduced this issue, Defendant cannot now object to Plaintiff presenting the evidence that exposes her misconduct.

Defendant's misconduct falls squarely within Rule 60(b)(3), which permits relief from a judgment or order where "fraud, misrepresentation, or misconduct by an opposing party" has prevented the moving party from fully and fairly presenting its case. *See Mazzei v. The Money Store*, No. 21-2696 (2d Cir. Mar. 15, 2023) (summary order); *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 167–68 (2d Cir. 2004). Defendant's fabrication and shifting explanations regarding the July 26, 2019, letter and Bates Nos. P1295–P1352—relied upon by the Court in ECF 411 substantially impaired Plaintiff's ability to litigate on a full and fair evidentiary record. Defendant then invoked the same fabricated evidence in her ECF 558 sanctions motion, reviving and advancing the fraud post-judgment, which underscores its materiality and the continuing bad faith at issue.

To the extent her conduct could be characterized as "fraud on the court," the Second Circuit distinguishes that narrow doctrine from ordinary party misconduct governed by Rule 60(b)(3). *See Gleason v. Jandrucko*, 860 F.2d 556, 559–60 (2d Cir. 1988); *Kupferman v. Consol. Research & Mfg. Corp.*, 459 F.2d 1072, 1078 (2d Cir. 1972). Plaintiffs rely on Rule 60(b)(3): fraud and misrepresentation by a party that materially impaired their ability to litigate.

This motion is timely under Rule 60(c)(1). The one-year period runs from the date of the judgment attacked—not from the discovery of fraud. *See Warren v. Garvin*, 219 F.3d 111, 114 (2d Cir. 2000); *Grace v. Bank Leumi Trust Co.*, 443 F.3d 180, 190 n.8 (2d Cir. 2006). Plaintiff seeks relief from the judgment entered following the jury verdict, which incorporated the ECF 411 findings; this motion is filed well within one year. Defendant's later reliance on the same fabrication in ECF 558 further confirms both its ongoing impact and the reasonableness of this motion's timing.

There are one or two other issues Plaintiff and counsel seek to correct, including Defendant's false claim that Plaintiff forged her signature to all her filings. Counsel is mindful of the extraordinary amount of time devoted to this matter. However, the Court should consider that Judge Preska denied Attorney Craig's § 1927 motion without prejudice. The continuing assault on Plaintiff and Counsel makes the present requests reasonable. No request for monetary sanctions is currently being made. Plaintiff and Counsel seek a pre-motion conference to correct the record to prevent any further harm.

                                                        Respectfully submitted,

                                                        *Douglas R. Dollinger, Esq.*
                                                        Douglas R. Dollinger, Esq.
                                                        DRD/mg ECF Filed.