*Law Offices of*
## SUSAN CHANA LASK

*244 Fifth Avenue, Suite 2369*
*New York, N.Y. 10001*

(917) 300-1958                              www.appellate-brief.com

**VIA ECF**

October 17, 2025

Honorable Robert W. Lehrburger
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: <u>Rhee-Karn v. Lask, Case No.: 15-cv-9946</u>

Dear Magistrate Lehrburger:

    Defendant submits this letter opposing Plaintiff's October 14 filing (ECF 563) and requesting that it be stricken in its entirety. At the threshold, the submission violates Judge Lehrburger's Individual Practices, Section B, which limits pre-motion conference letters to three single-spaced pages. Plaintiff filed four pages—without exhibits and without seeking leave. On October 9, this Court previously denied Defendant's sanctions motion citing one of its reasons as a failure to comply with the same rule at the pre-motion stage. The same standard must apply here.[1]

    Importantly, Plaintiff's letter does not merely misrepresent rules—it abuses the process and is rife with false statements. Dollinger even claims personal knowledge of confidential attorney-client communications between Defendant and former counsel Mr. Dolan. It is alarming that such fabrications were submitted under Rule 11. Rather than present a discrete issue appropriate for motion practice, the filing reargues the entire case, revives positions this Court has already rejected, and attempts to create a shadow record while the appeal is pending. That is not a request for relief under any rule—it is an effort to bypass appellate jurisdiction and drag this Court back into matters already resolved. Federal courts are not parallel appellate tribunals, and they do not allow parties to evade divestiture by disguising a merits brief as a pre-motion letter.

    Plaintiff has not appeared in the Second Circuit despite multiple orders directing her to do so and has now defied the latest order there, so now she seeks to litigate in this Court what she avoids addressing on appeal. That alone confirms the improper purpose of Plaintiff's October 14

---

[1] Defendant maintains, as set forth in her prior filings, that her sanctions motion was properly before the Court as a collateral matter. Sanctions may be addressed after entry of judgment where the sanctionable conduct continues through the end of the case—as it did here through August 2025 and continues in Plaintiff's latest meritless filing. See *Cooter & Gell v. Hartmarx Corp*., 496 U.S. 384 (1990).

1

filing: to use the district court as a substitute appellate forum and to expand the record post-judgment through invented accusations the Court lacks jurisdiction to consider.

In regards to this Court's lack of jurisdiction, the August 13, 2025 Notice of Appeal divested this Court of authority over every issue Plaintiff raises. *Doe v. Waltzer*, No. 24-2493, 2025 WL 733188, at *2 (2d Cir. Mar. 7, 2025). There is no exception that permits a party to reargue, yet again, matters now consolidated into the appellate record. On this basis alone, the filing must be stricken as a bad-faith submission that unreasonably multiplies proceedings.

Next, the filing is meritless, without basis in law or fact, by invoking Rules 59(e), 60(b)(3), 60(b)(6), and 62.1—all of which are plainly inapplicable. Rule 59(e) applies only to final judgments and must be filed within 28 days. The judgment here entered long ago, and the October 9 Order is not a judgment. Likewise, Plaintiff's reliance on Rule 60(b)(3) and (6) only underscore the impropriety of the filing. Rule 60(b) also requires a final judgment. *Waetzig v. Halliburton Energy Servs., Inc.*, 604 U.S. 305, 319, 145 S. Ct. 690, 700, 221 L. Ed. 2d 143 (2025) ("judgments, orders, or proceedings must be "final""). Plaintiff's reference to Rule 62.1 for "indicative relief" is especially baseless. Plaintiff cites no authority for it because none exists allowing indicative relief where a Rule 59(e) or Rule 60(b) motion are themselves inapplicable for the reasons stated above. In other words, Rule 62.1 is bootstrapped to a properly filed Rule 60 motion, which is impossible here as the last order is not a "final" order. *Waetzig*, supra.

Even if Rule 60(b)(3) were available (it is not), it "cannot be granted absent clear and convincing evidence of material misrepresentations and cannot serve as an attempt to relitigate the merits." *Fleming v. N.Y. Univ.*, 865 F.2d 478, 484–85 (2d Cir. 1989); see also *Schlafman v. SUNY Farmingdale*, 541 F. App'x 91, 93 (2d Cir. 2013). The filing does precisely what those cases forbid—especially it seeks to reargue the merits under a post-judgment label.

For example, the reference to "law of the case" was already addressed and denied by the Court in August 2025. The non-adjudicated dicta from Judge Preska's recusal order never became binding findings, and Plaintiff cannot revive them through a filing this Court lacks jurisdiction over as the appeal exists. Also, Plaintiff persists in repeating the false narrative that Defendant "stalked" Judge Preska, even though both the August 26 and October 9, 2025 Orders confirm there was no evidentiary hearing supporting that. The letter even resurrects an "expert" this Court has already rejected more than once. Judge Cote refused to consider that individual on summary judgment, and when Plaintiff raised it again, Judge Lehrburger at *in limine* in May 2023 confirmed the so-called witness was never timely disclosed <u>and</u> was not qualified. Refiling as if that person has any evidentiary standing is deliberately misleading and clutters and undermines the docket with material conclusively excluded.

Finally, Plaintiff reliance on Rule 60(b)(6) is false as, again, the rule is limited to final orders, and October 9 is not.  It further requires "extraordinary circumstances," not dissatisfaction with prior rulings that Plaintiff rehashes. *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009). Nor can it be used as a substitute for appeal (*Matarese v. LeFevre*, 801 F.2d 98, 106,107 (2d Cir.1986) and it is foreclosed since Plaintiff already invokes Rule 60(b)(3). *Manney v. Intergroove Media GMBH*, No. 10 CV 4493 SJF WDW, 2014 WL 1224171, at *7 (E.D.N.Y. Mar. 24, 2014)

Accordingly, there never was Rule 59(e) or 60 relief at the start, yet Plaintiff filed her baseless letter anyhow. In addition to operating as an unauthorized opposition to a sanctions motion that is no longer before the Court, and further briefing ended at ECF 558 and the Court rejected Plaintiff's own request at ECF 559, the letter has two obvious unlawful purposes – (a) a stealth merits brief to influence the appellate process and (b) to reinsert defamatory material into the record - not to seek lawful relief.

As to Plaintiff's smear campaign, the letter is saturated with "scandalous" attacks on Defendant's character. See *Cabble v. Rollieson*, 2006 WL 464078, at *11 (S.D.N.Y. Feb. 27, 2006). Courts "have refused to permit their files to serve as reservoirs of libelous statements." *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 597 (1978). **Exhibit A**, attached hereto, identifies Plaintiff's defamatory attacks designed to inflame and prejudice rather than advance any legal issue.

Plaintiff's filing follows a now familiar pattern: she and Dollinger attribute to Defendant the very conduct they engage in themselves and then recast themselves as the victim. Mr. Dollinger likewise personalizes the case in every submission, positioning himself as the aggrieved party rather than counsel. These tactics are not legal advocacy—they are part of the same campaign of repetition, accusation, and misdirection that has prolonged this matter and now seeks to burden the Court post-appeal.

Striking the filing is the only appropriate remedy. It is procedurally prohibited, jurisdictionally barred, and designed to harass rather than advance any cognizable legal issue. Allowing it to stand would license further abuse and reward the very conduct appellate review is meant to constrain.[2]

Very truly yours,

**LAW OFFICES OF SUSAN CHANA LASK**

/s Susan Chana Lask
**SUSAN CHANA LASK**

---

[2] In addressing this filing, Defendant trusts the Court will not repeat the *sua sponte* credibility attacks and adverse character statements made against Defendant in the October 9, 2025 Order (ECF 562). Those attacks issued without notice, motion, or any opportunity to respond, and went so far as to taunt Defendant with threats: "Should the Court sanction Lask for these misrepresentations and fabrications?"—despite no evidentiary basis, no pending request, and the Court's own invention of "bad faith" from a harmless and explainable typo. Such rhetoric implicates the First Amendment right to petition without retaliation and raises the same constitutional concerns recognized in *Keach v. County of Schenectady*, (2d Cir. 2010). The Court's August 26, 2025 striking of similar language confirms the impropriety. Every accusation in the October 9 Order was unsubstantiated, and the Court made clear—by threatening sanctions—that Defendant could not correct the record before those statements issued. Nothing in this submission should be construed as acquiescence. The issue is preserved for review.