**EXHIBIT A**

Appendix of Scandalous, Impertinent, and Barred Statements
Plaintiff's October 14, 2025 Filing (ECF 563)

The following statements are quoted verbatim, with their location and grounds to strike. Each statement is false, and so fraudulent that Plaintiff claims personal knowledge of confidential attorney-client communications between defendant and her counsel.

| Verbatim Quote | Location in ECF 563 | Grounds to Strike |
|---|---|---|
| findings that were affected by Defendant's misrepresentations. | Page 1 (lower paragraph) | Defamatory accusation; impertinent to post-appeal posture; attempts to alter issues on appeal; strike under inherent authority. |
| Defendant has repeatedly misdirected proceedings and legal arguments away from the facts of her malpractice, engaging in misconduct which includes how this Court was misled on more than one occasion into adopting multiple false representations directed at Plaintiff and Counsel. | Page 2 (mid paragraph) | Scandalous and defamatory; alleges intentional misconduct; prejudicial; jurisdictionally barred while appeal is pending; attempts to influence appellate issues; strike under inherent authority. |
| This finding is erroneous and stems from the Court's blind adoption of Defendant's fabricated letter dated July 26, 2019 (Ex. 405-1). | Page 3 (top) | Accuses Defendant of fabrication; improper merits attack; attempts to re-open factual record; barred during appeal; attempts to influence appellate issues; strike |
| These claims are demonstrably false and constitute fraud on the Court warranting correction of the record (ECF 405). | Page 3 (top paragraph) | Alleges fraud on the Court; defamatory; seeks to modify record on appeal; attempts to influence appellate issues; strike |
| Unless the Defendant was clairvoyant the use of the(Bates P1295–P1352 | Page 3 (mid paragraph) | Direct accusation of fraud; impertinent; attempts to influence appellate issues; strike |

1

| | | |
|---|---|---|
| was a fraud, effecting the trial. | | |
| Her claim that she 'could not access' the Drive in 2019 is knowingly false. | Page 3 (last paragraph) | Accuses Defendant of lying; personal attack; already resolved by court, attempts to influence appellate issues; strike |
| Plaintiff's exhibits also show that Defendant maintained access to the Google Drive through June 2019–July 2023 and deliberately deactivated it as the owner… doing it only after Plaintiff accessed it. | Page 3 (mid-lower paragraph) | Alleges concealment and spoliation; prejudicial factual claim; already resolved by court attempts to influence appellate issues; strike |
| Defendant then invoked the same fabricated evidence in her ECF 558 sanctions motion, reviving and advancing the fraud post-judgment, which underscores its materiality and the continuing bad faith at issue. | Page 4 (lower paragraph) | Accuses of fabrication, fraud, bad faith; scandalous; attempts to influence appellate issues; strike |
| The Defendant may argue that these facts should have been raised earlier… Defendant herself revived and advanced this very issue through her sanctions motion… effectively relying on the same fabricated materials (ECF 405, 411)… | Page 4 (lower paragraph) | Accuses Defendant of relying on fabricated materials; prejudicial; merits matter; jurisdictionally barred; strike under Rule 12(f). |
| This post hoc maneuver was used to fraudulently paper over the evidentiary gap Friedlander identified and reveals the fabrication. | Page 3 (2d to last paragraph) | Accuses Defendant of fraudulent litigation conduct; impertinent; merits issue on appeal; strike under Rule 12(f). |
| Keeping in mind the July 25, 2019, letter enclosed documents (Bates P1295– | Page 3 (last paragraph) | Alleges deliberate fabrication and tailoring of evidence; factual dispute for |

| | | |
|---|---|---|
| P1352) ... means that Defendant could not have known in 2019 that this Court would later limit damages to 2012–2013. Her production was tailored retroactively to fit a limitation that did not then exist. This is compelling circumstantial evidence of fabrication. | | appellate court; strike under Rule 12(f). |
| The facts are certainly more than a scintilla of evidence to her fraud. | Page 3 (bottom paragraph) | Direct assertion of "her fraud"; scandalous; prejudicial; merits issue on appeal; strike under Rule 12(f). |
| There are one or two other issues Plaintiff and counsel seek to correct, including Defendant's false claim that Plaintiff forged her signature to all her filings. | Page 4 (last paragraph) | Accuses Defendant of knowingly making false accusations; character attack; irrelevant to proper post-appeal motion practice; strike under Rule 12(f). |
| While Attorney Dolan's comments were clearly harsh, and more so false concerning Plaintiff and Dollinger, most assuredly they were based on the Defendant's fabricated statements to him. It is doubtful he was fully aware of the facts and instead simply overlooked the procedure posture of the case ... and was unaware the Defendant had access to the Dropbox when she furnished him with the letter and discovery responses Bates Nos. P1295-1352. | Page 3 (footnote) | Accuses Defendant of deceiving prior counsel and providing fabricated materials; scandalous; prejudicial; merits and credibility issue for appeal; strike under Rule 12(f). |

3