UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARGARET RHEE-KARN,

                      Plaintiff,                      15-CV-9946 (RWL)

     - against -

                                                 **ORDER**

SUSAN CHANA LASK, ESQ.,

                    Defendant.
------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This order resolves the letter motion of Plaintiff and her attorney, Douglas R. Dollinger, requesting a conference to address (i) reconsideration of the Court's October 9, 2025 Order at Dkt. 562 (the "October 9 Order") pursuant to Fed. R. Civ. P. 59(e) and 60(b)(3) and (6); and (ii) issuance of an indicative ruling pursuant to Fed. R. Civ. P. 62.1 (the "Motion").[1]  The motion is DENIED for the following reasons.

The Court presumes the parties' familiarity with the relevant aspects of this attorney malpractice case, which have been set forth extensively in prior decisions, including the Court's decision on post-trial motions. (*See* Dkt. 524, *amended* Dkt. 551.) The jury in this case awarded Plaintiff damages in the amount of $40,300. (Dkt. 452.) Following the Court's entry of judgment against Defendant Lask (Dkt. 525), and after she filed an appeal (*see* Dkt. 540), and after the Court resolved the parties' extensive post-trial motions (Dkt. 551), Lask filed a belated motion for sanctions against Plaintiff and Dollinger, which this Court denied in the October 9 Order.  The October 9 Order also denied Plaintiff's requests for relief beyond denying Lask's motion, including, inter alia,

---

[1] The Motion is incorrectly captioned as *Lask v. Rhee-Karn et al*.  That is a different case.

restricting Lask "from filing any further sanctions-related motions, personal accusations, or replies without prior leave of the Court"; prohibiting Lask from contacting counsel for defendants in other cases; and directing Lask to certify the factual accuracy of all future filings. (*See* Dkt. 559 at ECF 3.) Even though the October 9 Order ruled in his and his client's favor, Dollinger filed the instant Motion.

The Motion raises three principal issues. First, it seeks reconsideration pursuant to Rule 59(e) of the Court's statements about Dollinger's incorrect citation of cases and incorrect description of case holdings made in connection with certain briefing. Dollinger expresses concern that the Court determined some of Dollinger's misstatements to be sanctionable because they could be the result of artificial intelligence and the Court did so without conducting an inquiry into the reason behind Dollinger's misstatements. (Dkt. 563 at 1-2.)

Dollinger misconstrues the October 9 Order. The Order stated: "Plaintiff did misstate the holdings of some cases and in at least one instance cited a case that appears not to exist. That could be the result of using AI without verification or some other failure. The Court does not condone such conduct and would be within its authority to sanction Plaintiff's attorney for those lapses." (October 9 Order at 5.) Dollinger does not dispute that he cited at least one case which does not exist, but rather the cause of his doing so. (*See* Dkt. 563 at 2 (attributing non-existent case citation to a "citation retrieval error due to a copy-and-paste misstep").) But the Court did not impose sanctions and did not make a finding that Dollinger acted in bad faith; nor did it assume that Dollinger's errors in fact were the product of artificial intelligence. Rather, as the Court stated, Plaintiff's incorrect

2

citations and descriptions of holdings **could** be the result of use of artificial intelligence "**or some other failure**." (October 9 Order at 5.)

In short, there is nothing to reconsider or correct with respect to the case citation issue. Dollinger has not met the strict standard for reconsideration, having failed to identify any error by the Court, controlling law or facts the Court overlooked, or any intervening law or evidence that could not previously have been ascertained and would warrant reconsideration.[2]

Second, Dollinger faults the Court for having "disagreed" with his "treatment of a leading case" on the law-of-the-case doctrine.[3] Dollinger does not cite any page of the October 9 Order, or any other order or decision for that matter, identifying the language of the Court with which he takes issue. Based on his reference to "recusal" in conjunction with the law-of-the-case doctrine (Dkt. 563 at 2), the Court infers that

---

[2] *See Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (stating that the standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court"); *Cunningham v. Cornell University*, No. 16-CV-6525, 2020 WL 1165778, at *1 (S.D.N.Y. March 11, 2020) (stating that a motion for reconsideration also "may be granted based upon 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice'") (quoting *Virgin Atlantic Airways, Ltd. v. National Mediation Board*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

[3] The case referenced by Dollinger is *United States v. Quintieri*, 306 F.3d 1217 (2d Cir. 2002). There, the Second Circuit explained that the law of the case doctrine has two branches. The first, the so-called mandate rule, requires a trial court to follow an appellate court's previous ruling on an issue in the same case. "The second and more flexible branch is implicated when a court reconsiders its own ruling on an issue in the absence of an intervening ruling on the issue by a higher court. It holds that when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case, unless cogent and compelling reasons militate otherwise." *Id*. at 1225 (internal quotation marks and citations omitted). The instant Motion implicates the second branch.

3

Dollinger's concern arises from the Court's statements about the order of Judge Preska recusing herself from this case in 2019 based on her "view" that Lask had "stalked the Court and chambers staff." (*See* Dkt. 184.)

The Court addressed that issue in its post-trial decision and in its August 26, 2025 order ruling on Lask's narrow motion for reconsideration concerning the issue (the "August 26 Order"). (*See* Dkt. 550 at 2-5.) Specifically, the Court agreed with Lask that no evidentiary findings had been made to determine whether Lask engaged in stalking. Dollinger attempts to revisit this issue, arguing that Judge Preska's recusal order established law of the case because Lask failed to challenge the order at an earlier time. Judge Preska's order, however, did not establish as law of the case that Lask engaged in stalking; at most, it established Judge Preska's "view" of Lask's conduct. That is exactly consistent with what the Court held in the August 26 Order. Accordingly, the Court did not err in its discussion or application of the law-of-the-case doctrine in either that order or the October 9 Order, which referred to the issue in recounting earlier proceedings.

Third, Dollinger invokes Federal Rule of Civil Procedure 60(b)(3) and (6) to revisit a discovery issue resolved long-ago. Dollinger asserts that Lask deceived the Court with a "fabricated" letter concerning whether or not she had produced certain billing documentation in 2019. (Dkt. 563 at 2-4.) Dollinger claims that Lask's deception and bad faith "was further anchored in the Court's findings dated August 9, 2023." (*Id.* at 2.) The "findings" referenced by Dollinger concern the Court's statements about Dollinger's claim of fabrication made at the time. Specifically, the Court ruled: "Plaintiff's counsel makes purely speculative allegations that email-correspondence – by which the documents at Exhibit 6 were transmitted to his predecessor during discovery – was fabricated by

4

Defendant. Plaintiff's counsel has not provided a scintilla of evidence to support those allegations…." (*Id* (citing Dkt. 411).) That finding, Dollinger asserts, "is erroneous and stems from the Court's blind adoption of Defendant's fabricated letter dated July 26, 2019." (*Id.* at 3.) According to Dollinger, Lask's deception entitles Plaintiff to "relief from the judgment entered following the jury verdict, which incorporated the [Dkt.] 411 findings." That too is incorrect.

Rule 60(b) provides grounds for relief from a final judgment or order based on, inter alia, fraud, misrepresentation, or misconduct by an opposing party, or any other reason that justifies relief. Fed. R. Civ. P. 60(b)(3), (6). Such motion must be made within a reasonable time, and, in any event, no more than one year for claims of fraud, misrepresentation, or misconduct. Fed. R. Civ. P. 60(c)(1). Dollinger asserts that his request for relief with respect to the document fabrication issue is timely, having been brought within one year of judgment, which issued (as amended) on August 26, 2026. The Court does not agree. As is self-evident from recitation of the relevant facts above, Dollinger challenges findings made by the Court in *2023,* more than two years ago. His motion is not timely.

Dollinger offers two reasons why he nonetheless believes his Rule 60 motion is timely. First, he states that "the full extent of Defendant's misconduct … only became known in 2023." (Dkt. 563 at 4.) But that statement, referencing 2023, only further confirms the untimeliness of his current application. Second, Dollinger asserts that Lask "revived and advanced this very issue through her sanctions motion [culminating in the October 9 Order] effectively relying on the same fabricated materials." (*Id.*) The citations to which that assertion of "fabricated materials" refer are Lask's submission of July 24,

5

2023 at Dkt. 405, and this Court's ensuing order of August 9, 2023 at Dkt. 411, which rejected Dollinger's "fabrication theory." (Dkt. 411 at 1.) Again, Dollinger merely retells ground from over two years ago. That Lask recounted those earlier events in her motion for sanctions, which the Court denied, does not provide a new opportunity for Dollinger to advance arguments available to him over two years ago when the Court first resolved the issue.

Last, Dollinger requests the Court issue an indicative ruling pursuant to Federal Rule of Civil Procedure 62.1 "to facilitate appropriate consideration of these matters by the Court of Appeals." (Dkt. 563 at 1.) Rule 62.1 applies when a party has already appealed and a request for relief is made that the district court lacks authority to grant because the appeal is pending. In that event, the district court may defer considering the motion, deny the motion, or state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue. Fed. R. Civ. P. 62.1(a). If the district court states that it would grant the motion or that the motion raises a substantial issue, the movant must so notify the Court of Appeals. Fed. R. Civ. P. 62.1(b). Here, the Court denies the instant Motion in its entirety. Accordingly, no notice need be given.

Lask asks that the Motion not only be denied but also that it be stricken because it "is saturated with 'scandalous' attacks on Defendant's character.'" (Dkt. 564 at 3.) Motions to strike are disfavored, and, in any event, unwarranted here.[4] Lask's response

---

[4] Motions to strike are governed by Federal Rule of Civil Procedure 12(f), which provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike "are generally disfavored," *Correction Officers Benevolent Association of Rockland*

is sufficient to parry Dollinger's accusations.[5]

Throughout this litigation, both Dollinger and Lask have made a habit of maligning each other and at the same time seeking exoneration for the misconduct with which they have been accused by the other. Courts are places to resolve judicial disputes. They are not playgrounds for name-calling. It is more than past time to stop.

The Clerk of Court is respectfully directed to terminate the letter motion at Dkt. 563.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: October 20, 2025
       New York, New York

Copies transmitted on this date to all counsel of record.

---

*County v. Kralik*, 226 F.R.D. 175, 177 (S.D.N.Y. 2005), and "infrequently granted." *Gierlinger v. Town of Brant*, No. 13-CV-0370, 2015 WL 3441125, at *1 (W.D.N.Y. May 28, 2015) (internal quotation marks and citation omitted). Further, Rule 12 applies only to "pleadings," not letter motions. *Farrell v. United States Olympic & Paralympic Committee*, No. 20-CV-1178, 2024 WL 5711337, at *2 (N.D.N.Y. Feb. 5, 2024) (denying motion to strike and stating that "plaintiff's letter motion … is not a 'pleading' because it is not a complaint, answer, reply to counterclaim, thirty party complaint, or third-party answer"); *Dekom v. New York*, No. 12-CV-1318, 2013 WL 3095010, at *6 (E.D.N.Y. June 18, 2013) (denying motion to strike because a party can strike only pleadings pursuant to Rule 12, not legal briefs); *McKinney v. Dzurenda*, No. 3:10-CV-880, 2013 WL 1296468, at *1 (D. Conn. Mar. 27, 2013) (denying motion to briefs because they were not pleadings).

[5] In a footnote in her response, Lask suggests that the Court has "attack[ed]," "taunt[ed]" and "threat[ened]" her. (Dkt. 564 at 3 n.2.) Suffice to say, the Court does not agree.