UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARGARET RHEE KARN,

                                        CIVIL ACTION NO: 15-CV-9946 (RWL)

                Plaintiff,
        v.

SUSAN CHANA LASK,

                        Defendant

# MEMORANDUM OF LAW SUPPORTING DEFENDANT'S MOTION FOR RECONSIDERATION  OF OCTOBER 9, 2025 ORDER AND TO STRIKE IMPROPER FINDINGS  AND INFLAMMATORY STATEMENTS

Law Offices of Susan Chana Lask
*Counsel for Defendant*
244 Fifth Avenue, #2369
New York, NY 10001
(917) 300-1958

October 23, 2025

**TABLE OF CONTENTS**

page(s)

I. Preliminary Statement ............................................................................. 1

II. Legal Standard .................................................................................... 2

III. Argument ........................................................................................ 2

  A. The Court Repeats the Same Due-Process Errors It Corrected on August 26, 2025 .... 2

  B. The October 9 Order's Accusations Lack Evidentiary Support and Misrepresent
   the   Record.................................................................................. 3

  C. The Court's Recasting of Park v. Kim Misstates the Law and Distorts the Record ........ 5

  D. The October 9 Order's Vexatious Accusation Is Contrary to Law ................................. 7

  E. The Court's Repeated Misstatement of the Jury's Role Must Be Corrected ................... 9

  F. The August 26, 2025 Docket Entry Continues to Publish Discredited Accusations ........ 10

IV. Conclusion .................................................................................... 10

**Table of Authorities**

**Cases**

Chemiakin v. Yefimov, 932 F.2d 124 (2d Cir. 1991)………………………….. 7

Cooter & Gell v. Hartmarx Corp., 496 U.S. 384 (1990)…….. 7,8

Cunningham v. Cornell University, 2020 WL 1165778 (S.D.N.Y. Mar. 11, 2020)……… 2

Harrison v. Brookhaven Nat'l Lab., 2002 WL 31925589 (E.D.N.Y. Oct. 29, 2002)………. 6

In re Hartford Textile Corp., 659 F.2d 299 (2d Cir. 1981)……………………… 9

Karmely v. Wertheimer, 737 F.3d 197 (2d Cir. 2013)………………. 6

Keach v. County of Schenectady, 593 F.3d 218 (2d Cir. 2010)……………… 1-3

Mata v. Avianca, Inc., 2023 WL 4114965 (S.D.N.Y. June 22, 2023)……….. 5

Milltex Industries Corp. v. Jacquard Lace Co., 55 F.3d 34 (2d Cir. 1995)…………. 8

Offutt v. United States, 348 U.S. 11 (1954)……… 4

Oliveri v. Thompson, 803 F.2d 1265 (2d Cir. 1986)…….. 5

Park v. Kim, 91 F.4th 610 (2d Cir. 2024)……..                                          5

Perez v. Evans, 2025 WL 2726792 (S.D.N.Y. Sept. 25, 2025)………                          5

Ransmeier v. Mariani, 718 F.3d 64 (2d Cir. 2013)…………                                  7

Schlaifer Nance & Co. v. Estate of Warhol, 194 F.3d 323 (2d Cir. 1999)………..          3.7

United States v. Cohen, 724 F. Supp. 3d 251 (S.D.N.Y. 2024)………………                     5

Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245 (2d Cir. 1992)..    2

Wolters Kluwer Fin. Servs., Inc. v. Scivantage, 564 F.3d 110 (2d Cir. 2009)………..       5

**Other Authorities**

Code of Conduct for United States Judges, Canons 1, 2A, 3A………….                        2,11

## I. PRELIMINARY STATEMENT

### *"I think my credibility is on the line…"*

Those were Magistrate Lehrburger's own words when striking the standard jury instruction that "[a] lawsuit is a civilized method of determining differences between people," because, in his view, the trial he oversaw was not civil. T5 8/8/24 at 367:15-22. Yet when it comes to the credibility of counsel, he abandons his own principle to disregard controlling law and inflict reputational harm.

For the third—and now fourth considering his October 20, 2025 Order—time in this litigation, the Magistrate has issued an order filled with stigmatizing and unfounded accusations against Defendant and attorney Susan Chana Lask. [1] The October 9, 2025 Order (Dkt. 562) repeats the same conduct the Court previously retracted when, in its August 26, 2025 Order, it acknowledged that reputational attacks of this nature violate *Keach v. County of Schenectady*, 593 F.3d 218 (2d Cir. 2010), and *Mickle v. Morin*, 297 F.3d 114 (2d Cir. 2002), and confirmed that the recusal order's harmful languages was made without an evidentiary basis. DE 550, 562 (**"no evidentiary findings had been made."**)**.** Yet while conceding error and lack of factual support, the Court issued a Docket Report for August 27, 2025 (DE 555) publicly re-broadcasting the discredited "stalking" accusation, stating it as "neither false nor misleading", that contradicts its own acknowledgment that no evidentiary finding supported the claim. A neutral judge would have entered a neutral docket entry simply noting "further redactions denied."

---

[1] The three episodes are the July 17 Order, August 26 Order striking the July17 language, and October 9 Order. Each needlessly repeating Preska's recusal language and the Magistrate's own rhetoric, with the October 9 again reviving "stalking." There were numerous episodes before.

The pattern persists in the October 9 order, which falsely accuses Lask of "fabricating law," "inventing quotations," and "vexatiously protracting" litigation by filing a sanctions motion and other intemperate remarks, without citing a single factual finding and without notice. Eleven days later, the October 20 Order compounds the prejudice and unsubstantiated accusations directed at Lask, asserting that "both sides" engage in "name-calling" and again permitting Plaintiff's counsel to call Lask a "stalker" rather than striking that.

Having already conceded that such language violates due process, its repetition demonstrates bias and personal animus. The conduct functions as reputational punishment that chills protected petitioning activity, contrary to *Keach*, *Mickle*, *Liteky v. United States*, 510 U.S. 540 (1994), and Canons 1, 2A, and 3A of the Code of Conduct for United States Judges. Reconsideration is necessary to strike the defamatory and unsupported portions of the October 9, 2025 Order and elsewhere, and reaffirm the due-process principles the Court recognized on August 26, 2025.

## II. LEGAL STANDARD

This Court holds in its August 26, 2025 Order that reconsideration "may be granted based upon … the need to correct a clear error or prevent manifest injustice.'" *Cunningham v. Cornell University*, No. 16-CV-6525, 2020 WL 1165778, at *1 (S.D.N.Y. Mar. 11, 2020) (quoting *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). DE 550

## III. ARGUMENT

### A. The Court Repeats the Same Due-Process Errors It Corrected on August 26, 2025

In its August 26, 2025 Order, the Court acknowledged that its prior July 17 findings of "stalking," "misbehavior," and "shocking behavior" were improper reputational sanctions and that its characterizations "could be construed as a sanction that would require attendant process." DE 550 at 3-4. It granted reconsideration, sealed the offending order, and struck the stigmatizing

2

language.  Despite this acknowledgment, the October 9 Order repeats the same erroneous

conduct, again branding Defendant as dishonest and vexatious without notice, evidence or a

hearing as required by law before a court attacks an attorney's integrity. *Schlaifer Nance & Co. v.*

*Est. of Warhol*, 194 F.3d 323, 335 (2d Cir. 1999).  Disturbingly, the effect by the Court is to

perpetuate the same constitutional injury under the guise of a new ruling, even though this

recurrence violates the Court's own precedent and controlling authority of *Keach* and *Mickle*.

### B. The October 9 Order's Accusations Lack Evidentiary Support and Misrepresent the Record

   The October 9 Order accuses Lask of:

   1. "misrepresentations and fabrications";
   2. "invents quotations that do not exist";
   3.  "vexatiously protracting this litigation" by her sanctions motion;
   4.  "Misrepresents the record"; and
   5. "extensive array of meritless arguments".

None of these statements are supported by evidence or law. The Court's blanket characterization

of every post-trial argument as an "extensive array of meritless arguments" is demonstrably

incorrect. Lask raised proper issues, including statute of limitations and other preserved legal

errors, that required adjudication on their merits, not the Court's use of personal invective by

characterizing her arguments as "magical thinking."  The invectives continued to the point the

Court had to strike its own language later.

   The Court's predisposition to dismiss those arguments is evident from its decision to fabricate

and amplify false accusations of "stalking".  Accusations that were unsupported by the record,

never subject to notice or hearing, and ultimately so baseless that the Court later struck its own

language and confirmed there was never an evidentiary hearing to support those accusations. The

October 9 unsubstantiated accusations follow the same pattern: issued without notice or due

process, unsupported by identified evidence, and serving no adjudicative purpose whatsoever.

3

Judicial remarks born of personal pique violate the fair administration of justice (*Offutt v. United States*, 348 U.S. 11, 14 (1954)), Judicial Codes of Conduct, create a civil rights stigma plus complaint and violate the First Amendment to petition the Court. Add to this the Magistrate's taunting threat in its October 9 Order alone of "**Should the Court sanction Lask for these misrepresentations and fabrications?**" - posed without any factual predicate or sanctionable conduct, and it is apparent the order serves only to threaten counsel and chill advocacy.  This discredits the tribunal, not Ms. Lask.

The Court's only two examples offered to justfy its accusations collapse under the record. The Court cites *Briggs v. Pennsylvania R.R. Co.*, which the Court concedes Lask was correct that Plaintiff misused the case, yet faults her for describing the point as concerning a bond calculation rather than a judgment. That is an immaterial semantic distinction and is not a basis to negate the Plaintiff's impropriety the court conceded. Next, regarding Lask's chart in DE 553 citing *Robert Lewis Rosen Assocs.*, the Court asserts Lask deserves sanctions because she listed it as "Plaintiff inserted quotation marks around words that don't exist in the case."  That was a harmless formatting error that does not constitute fabrication. The court cannot deny that sentence originated from Plaintiff's own filing (DE 526-2 at 10), which Lask accurately quoted in her August 14, 2025 memorandum as "This is Plaintiff's next fiction that *"Courts routinely amend judgments to conform to mandatory statutory interest obligations."* That is false." DE 542 at 3. Lask had the Plaintiff's actual sentence in quotes in her initial motion, which is correct, but accidentally carried over the quotes into her later chart that cited it as Plaintiff wrongly quoting something when it meant to cite it as a false proposition as her original motion stated. This was a harmless formatting error. The Court is fully aware that the original submission stated the proposition correctly. Elevating a minor formatting carryover into a finding of bad faith reflects

4

an effort to search the record for any basis - however immaterial - to support a predetermined

conclusion, while disregarding the very motion that established the correct quotation. That

approach underscores the absence of any good-faith foundation for the Court's accusations.

Clearly semantics or a typographical error are not <u>deceit</u>. There was no conceivable improper

intent. Had the Court observed basic due process, it would have sought clarification before

making its inferences (although the clarification is in the record that it chooses to ignore).

Without a finding of bad faith, sanctions are unavailable, and so are the taunting threats of it.

*Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009); *Oliveri v.*

*Thompson*, 803 F.2d 1265, 1272–73 (2d Cir. 1986).

**C. The Court's Recasting of *Park v. Kim* Misstates the Law and Distorts the Record**

The Court mischaracterizes Lask's argument for the Second Circuit's *Park v Kim* as if she

said sanctions are "mandatory" for AI Generated fake cases, and quotes her as Park "left no

doubt that district courts must sanction fabricated citations." However, her point was grounded

squarely in *Park* that made clear:

> "A fake opinion is not 'existing law' and citation to a fake opinion does not provide a
> non-frivolous ground for extending, modifying, or reversing existing law, or for
> establishing new law. An attempt to persuade a court or oppose an adversary by relying
> on fake opinions is an abuse of the adversary system." *Mata v. Avianca, Inc.*, No.
> 22CV01461(PKC), —— F.Supp.3d ——, ——, 2023 WL 4114965, at *12 (S.D.N.Y.
> June 22, 2023)"

*Park v. Kim*, 91 F.4th 610, 615 (2d Cir. 2024)

Thus, fabricated citations constitute sanctionable misconduct under an attorney's Rule 11 duties

as a matter of principle because they violate the basic obligations of counsel. *Id.*  That was

precisely Lask's point.  The Court's strained interpretation of the word "must" transforms an

accurate description of *Park*'s holding into a fabricated claim that Lask never made - namely,

that sanctions are automatic in every scenario. Lask's statement reflected *Park*'s clear principle,

not a mechanical rule. Then the Court relies on inapt cases, citing *Perez v. Evans*, 2025 WL
2726792 (S.D.N.Y. Sept. 25, 2025) and *United States v. Cohen*, 724 F.Supp.3d 251 (S.D.N.Y.
2024). They do not undermine that principle and actually support Lask's sanctions motion that
argued the Plaintiff and her counsel had no contrition for their wrongdoing and ignored any
attempt to correct it, no less they both have established histories of violating court orders and
sanctions.  Thus, *Perez* involved a *pro se* plaintiff who cited fake cases innocently and
apparently for the first time, also owning up to it, as the court found, "I decline to impose
sanctions on Plaintiff for his violation of Rule 11(b), in part due to Plaintiff's admission to using
ChatGPT." *Perez* at *4.  *Cohen* also is inapt as that attorney also showed contrition, apologized
and informed of the mistake.

   Critically, the Court's own August 26, 2025 Order (DE 550) confirmed Lask's complaints that
Plaintiff cited false cases, acknowledging exactly the misconduct that *Park* condemns as:

> "The case law cited by Rhee-Karn is inapt. *Karmely v. Wertheimer*, 737 F.3d 197
> (2d Cir. 2013), cited for the proposition a district court should "decline[] to
> consider issues not preserved through direct appeal" (Dkt. 532-1 at 2), did not at
> all discuss preservation. And, for the proposition that "failure to appeal earlier
> adverse ruling waives right to relitigate under Rule 59(e)" (*id.*), Rhee-Karn cites a
> case, *Harrison v. Brookhaven Nat'l Lab.*, 2002 WL 31925589, at *4 (E.D.N.Y. Oct.
> 29, 2002), that, based on a Westlaw search of the given cite, appears not to exist."

Plaintiff never disputed that, nor did the Court in its October 9 Order identify any basis to treat
those fabricated citations as acceptable, harmless, or ethically neutral. Instead, the Court
redirected fault to the party who exposed the violation, labeling Lask's accurate representation
of *Park* as "incorrect" and accusing that "Lask's own assertion of the law is fabricated." That
remark is unsupported by the record.

   What the Magistrate has done here exemplifies the recurring problem in this case: while
sanctionable conduct by opposing counsel is acknowledged, the Court redirects condemnation

6

toward the attorney who exposed the misconduct. That inversion of responsibility does not reflect impartial adjudication.

The October 20 Order reinforces that pattern. After Plaintiff violated Court rules by filing a four-page letter despite the Magistrate's rule of a three-page limit, that again baselessly attacked Lask, the Court responded not by addressing that misconduct, but by asserting that "both sides have made a habit of maligning each other" and engaged in "name-calling." Dkt. 565. Those accusations improperly equate Lask with opposing counsel's documented misbehavior, despite prior findings to the contrary. Not one filing by Lask contains "name-calling".  Every submission identified misconduct supported by record facts and documentary evidence, including Plaintiff and her counsel's history of sanctions and the repeated threats and false accusations made against Lask throughout this case.

## D. The October 9 Order's Vexatious Accusation Is Contrary to Law

The assertion that Lask's sanctions motion "vexatiously protracted this litigation" is foreclosed by Supreme Court and Second Circuit precedent. Page 2 of the sanctions motion cites directly to *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395–96 (1990); *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 333 (2d Cir. 1999); *Chemiakin v. Yefimov*, 932 F.2d 124, 127 (2d Cir. 1991); and *Ransmeier v. Mariani*, 718 F.3d 64, 67 (2d Cir. 2013), which hold that sanctions are collateral issues properly resolved *after* the merits to avoid piecemeal litigation. Treating compliance with Supreme Court doctrine as "vexatious" is itself clear legal error.

Nor should the court have accused Lask of not providing a reason for filing the sanctions when in fact page 2 of that motion is the reason- it is the law**.** Further, that sanctions motion made clear that it was filed at that time exactly for the reason to avoid piecemeal filings as Plaintiff's sanctionable conduct continued up to August, 2025.  Cataloguing and researching law

7

for the continuing conduct was ongoing - including for the fabricated cases occurring in

Plaintiff's July and August filings**.**

The October 9 Order also incorrectly asserts that sanctions were required to be filed by

September 2024. Yet, the same Order elsewhere acknowledges a December 2024 deadline,

which is the only date supported by the record. The Order further states that Lask "committed" to

filing by a date certain, but the transcript reflects the opposite:

THE COURT: Is there going to be an application for sanctions?

MS. LASK: Yes, I think so. I can do it around the 45 days. I will try my best.

T5 8/8/25 433 2-5

Saying she would "try my best" is not a binding commitment. The Court subsequently issued an

order scheduling motions, but *Cooter* expressly permits sanctions motions to be filed after final

judgment to avoid piecemeal litigation. Filing any earlier would have necessitated multiple

interim motions, as misconduct continued from September 2024 through December 2024 and

into August 2025 (and continues even now). Requiring earlier filing would have created exactly

the fragmented sanctions practice Cooter prohibits and, ironically, would have supplied the very

"vexatiousness" the October 9 Order wrongly attributes to Lask. The Court cannot penalize

adherence to governing Supreme Court law.

Next, the Court claims an absence of a pre-motion letter as its basis for refusing the sanctions

motion, but that does not change that result. Individual practices cannot override a party's right

to file a sanctions motion authorized by federal law. A court may not condition filing on

obtaining judicial permission. *Milltex Indus. Corp. v. Jacquard Lace Co.*, 55 F.3d 34, 39 (2d Cir.

1995). Threatening sanctions for filing a sanctions motion permitted by federal authority is clear

error.  Meanwhile, Plaintiff's counsel repeatedly violated Court rules and leveled false criminal

accusations in a four-page pre-motion letter violating Court Rules limiting it to three pages. DE

563.  The court made no mention of violating its rules when Plaintiff did so. And rather than

address the misconduct in Plaintiff's letter of leveling character assassinations yet again in a

court filing, an October 20 Order again condemns Lask, the party forced to respond to this,

despite the judiciary's obligation to prevent abusive litigation. *In re Hartford Textile Corp.*, 659

F.2d 299, 305 (2d Cir. 1981) ("United States Courts are not powerless to protect the public,

including litigants who appear before the Courts, from the depredations of those … who hold

themselves out as attorneys but who abuse the process of the Courts to harass and annoy others

with meritless, frivolous, vexatious or repetitive appeals and other proceedings.").

    The vexatiousness finding is therefore unsupported and must be withdrawn.

**E. The Court's Repeated Misstatement of the Jury's Role Must Be Corrected**

    The August 26 Order states: "Following a three-day trial, a jury awarded Plaintiff Margaret

Rhee-Karn $40,300 in compensatory damages for legal malpractice caused by Defendant Susan

Chana Lask." DE 552. The October 20 Order repeats the substance of that misstatement:

"Following summary judgment on liability in favor of Plaintiff Margaret Rhee-Karn, this

attorney malpractice case went to trial on damages in August 2024. The jury awarded Rhee-Karn

$40,300 in compensatory damages." These statements are inaccurate and prejudicial.

    Causation and the measure of recoverable loss were decided on summary judgment, not by the

jury. The jury was explicitly limited to determining **"what [fee] was attributed to the first

federal action,"** as stated by the Magistrate. T5 8/8/24 400-401:25-1. Its role was strictly limited

to a mathematical allocation of fees determining what portion of the legal bills between October

24, 2012 and February 5, 2013 were attributable to a first federal action, and whether any work

was reused in the second action. The jury made no finding of malpractice, causation, or independent compensatory damages.

Describing the verdict as a compensatory damages award "for legal malpractice caused by Defendant" is legally incorrect because it implies a liability finding the jury never made. The correct description is:

"After summary judgment found a limited the measure of recoverable damages to fees paid for the filing of a first federal action, the case proceeded to a jury solely limited to determine what portion of those fees applied. The jury awarded $40,300."

Repetition of the inaccurate narrative that the jury found malpractice; particularly in an Order now on appeal that amplifies reputational harm and risks misleading the reviewing court. Correction is necessary to prevent further prejudice.

## F. The August 26, 2025 Docket Entry Continues to Publish Discredited Accusations

Despite sealing the July 17 language and acknowledging the absence of evidentiary basis for accusations of "stalking," the August 27, 2025 Docket Report (Dkt. 555) continues to broadcast that allegation in incredible and unnecessary detail to shame Lask, including stating it is "neither false nor misleading." This contradicts the Court's own finding that "no evidentiary finding" ever supported that claim and further calls into question the appearance of neutrality.

## IV. CONCLUSION

The recurrence of stigmatizing rhetoric after prior correction evidences not mere error but an escalating retaliatory tone that chills protected advocacy. Judicial retaliation for filing motions violates due process and the First Amendment.  Editorial insults including "imagine the Court's surprise," "fabricated law," "vexatious," and taunting threats such as "Should the Court sanction Lask for these misrepresentations and fabrications?"  serve no adjudicative purpose and violate

Canon 2A's requirement that courts maintain the appearance of impartiality. These comments

contradict the Court's own August 26, 2025 recognition that such language was improper and

unsupported.

   Accordingly, to correct clear error and prevent manifest injustice, the Court should:


(1) strike from the October 9, 2025 Order all references to Lask "misrepresentations and fabrications"; "invents quotations that do not exist"; "vexatiously protracting this litigation" by her sanctions motion; "Misrepresents the record"; and "extensive array of meritless arguments".

(2) strike all statements in the October 20, 2025 Order that "both sides" engage in "name-calling" or personal attacks;


(3) correct the misstatements that a jury found "compensatory damages for legal malpractice caused by Defendant," and replace it with an accurate description of the limited damages allocation verdict;


(4) correct any docket report entries, including Dkt. 555, that re-publish, suggest the truth of, or otherwise endorse allegations of "stalking" or other misconduct for which the Court has acknowledged there is no evidentiary support; and

(5) Cease re-broadcasting the Preska language in full or part or any reference of stalking associated to Lask as this Court found there was no requisite evidentiary hearing to support.

   Restoring the judicial record to what the evidence actually shows will reinforce the

constitutional principles the Court itself recognized on August 26, 2025: justice must be done,

and it must be seen to be done.


Dated: October 23, 2025                    Law Offices of Susan Chana Lask

                                           /s/Susan Chana Lask
                                           Susan Chana Lask, Esq.
                                           244 Fifth Avenue, #2369
                                           New York, NY 10001
                                           (917) 300-1958

                                           *Counsel for Defendant*


11

**WORD COUNT DECLARATION**

I, **Susan Chana Lask**, declare pursuant to 28 U.S.C. § 1746 as follows:

1.  I am the Defendant in this action and an attorney admitted to practice before this Court.

2.  I submit this declaration in connection with Defendant's Memorandum of Law dated October 23, 2025.

3.  In accordance with Local Civil Rule 7.1 and the Court's Individual Practices, I certify that the memorandum contains 3,330 words**,** excluding the caption, table of contents, table of authorities, signature block, and this declaration.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 23, 2025

LAW OFFICES OF SUSAN CHANA LASK

/s/ Susan Chana Lask
By: Susan Chana Lask, Esq.

244 Fifth Avenue, #2369
New York, NY 10001
917. 300-1958