*Law Offices of*
# SUSAN CHANA LASK

***244 Fifth Avenue, Suite 2369***
***New York, N.Y.  10001***

**(917) 300-1958**                    **www.appellate-brief.com**

**VIA ECF**

November 4, 2025

Honorable Robert W. Lehrburger
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: Rhee-Karn v Lask Case No.: 15-cv-9946

Dear Magistrate Lehrburger:

   I write regarding Plaintiff's November 4, 2025 letter seeking leave to submit a declaration and **seven exhibits** under seal. The pending motions (DE 566, 567) do not seek to reopen any factual record. They concern only: (1) reconsideration of the October 9 and 20, 2025 orders and (2) a Rule 60(b)(4) challenge to strike *ultra vires* language entered after the notice of appeal. The issues are narrow, purely legal and confined to existing judicial statements and jurisdictional limits. Plaintiff's attempt to again inject unrelated collateral issues under the guise of sealing to these narrow motions should be summarily denied.

**Plaintiff's Letter States Its Improper Purpose**

   Plaintiff's bare references to "reputationally sensitive information" and "candor obligations" fall far short of the sealing standard, which requires specificity, compelling reasons, and narrow tailoring (*Lugosch v. Pyramid Co.*, 435 F.3d 110 (2d Cir. 2006)), not the bare assertions Plaintiff's letter claims. In fact, Plaintiff has violated this Court's Individual Rules on sealing in multiple ways, including Appendix B(4) directing *Lugosch* and *Bernstein* factors be addressed. Plaintiff did none of these. Instead, she seeks advance leave to inject collateral accusations, which is improper and confirms the abusive purpose of the request.

   Critically, Plaintiff explicitly states that the sealing request is to "assist the Court in evaluating the accuracy of Defendant's statements" and to "safeguard the integrity of the record." Notwithstanding those buzz-words lack any legal or factual basis, but there is also nothing to evaluate about Defendant and her so-called statements as the motions are limited to specific court statements and ultra vires law to the court.  Further, Plaintiff's admission confirms Plaintiff's improper purpose to submit collateral reputational material to influence

the Court's view of Defendant, not to address the limited legal questions presented.

*Brown v. Maxwell*, 929 F.3d 41, 51-53 (2d Cir. 2019) instructs courts to prevent their files from becoming "a vehicle for improper purposes." Courts must ensure records are not used to"gratify private spite or promote public scandal." *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978). Plaintiff's purported sealed submissions are not only irrelevant to the narrow legal issues and the closed record, but are expressly intended to inject collateral character assertions and extra-record material under the guise of "candor" or "protecting the record"- the very misuse *Brown* and *Nixon* warn against.

There is no basis for Plaintiff to expand the record with private life or other private matters considering the limited motions. Such material cannot be considered and should not be received.


**No new factual submissions are permitted**

A motion for reconsideration is confined to matters already before the court, and is not an opportunity for making new arguments or submitting new proof. *Analytical Surveys, Inc. v. Tonga Partners, L.P.,* 684 F.3d 36, 52 (2d Cir. 2012). Likewise, a challenge to *ultra vires* findings turns only on the record as it existed when the notice of appeal was filed. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).

Plaintiff seeks to do what the law prohibits: cure post-appeal findings by supplementing the record after jurisdiction was divested. *Toliver v. Cnty. of Sullivan*, 957 F.2d 47, 49 (2d Cir. 1992). Plaintiff is attempting to alter the very record now on appeal - the precise conduct at issue in Defendant's motion.


**Pattern of improper record-expansion and mischaracterization of the motions**

Plaintiff's request is consistent with her repeated pattern of attempting to expand the record by injecting collateral factual and reputational material by Plaintiff's own motions or when Defendant files a narrow procedural motion. That pattern is the very conduct that precipitated the *ultra vires* language challenged here, and the pending motions exist to prevent further improper record expansion and ensure the proceedings remain confined to lawful, jurisdictionally appropriate issues. The current motions concern jurisdictional limits and judicial language. They do not open the record to new factual submissions. Plaintiff may not use a sealing application as a vehicle to re-inject personal material and create an extraneous reputational record under the guise of "candor."


Plaintiff's November 4 letter also mischaracterizes the relief sought. For clarity: ECF 566 is a Local Rule 6.3 motion for reconsideration; ECF 567 presents a Rule 59(e) / Rule 60(b)(4) argument directed at the ultra vires language entered after the notice of appeal (a voidness/jurisdictional challenge). It is not a "supplemental reconsideration" as Plaintiff mischaracterizes before the court. Accurate characterization matters because a Rule 60(b)(4) concerns void judgments and jurisdictional defects, not re-litigation of merits or factual submissions. This Court should not permit further procedural distortions. The docket in this case has seen repeated attempts to reframe narrow procedural issues into collateral disputes; precision in characterizing the motions is therefore critical to maintaining the integrity of this record.

**Sealing cannot be used to inject character attacks**

   As stated at the outset of this letter, nothing in the pending motions concerns private life matters, confidential information, or reputational content. Plaintiff's request to file sealed "reputationally sensitive" materials unrelated to the questions presented is an improper attempt to expand the scope of review and to relitigate collateral matters that are not before the Court and prohibited under *Brown* and *Lugosch,* 435 F.3d at 119–20.

**Notice regarding further improper submissions**

   If Plaintiff or counsel continue filing collateral or defamatory material to expand the record or smear Defendant in connection with these narrow motions, Defendant will seek all appropriate remedies, including:

- Sanctions under Rule 11

- Sanctions under 28 U.S.C. § 1927

- Relief under the Court's inherent authority (*Chambers v. NASCO*, 501 U.S. 32 (1991))

- Referral for disciplinary review where warranted (*Oliveri v. Thompson*, 803 F.2d 1265 (2d Cir. 1986))

These are not retaliatory threats; they are the procedures to prevent abuse of the judicial process and to preserve the integrity of the record.

   As Defendant's motions are concise and directed solely to discrete language in judicial orders and controlling law then no purported seven exhibits, sealed or otherwise, belong in this record for purposes of these motions.

**Relief Requested**

Defendant respectfully requests that the Court:

1. Deny Plaintiff's request to file new factual declarations and exhibits, sealed or otherwise; and

2. Direct Plaintiff to confine any response to purely legal argument based on the existing record, and to refrain from submitting collateral material or character evidence unrelated to the limited jurisdictional issues presented.

                    Very truly yours,

                    **LAW OFFICES OF SUSAN CHANA LASK**

                    /s/ Susan Chana Lask
                    **SUSAN CHANA LASK**