*Law Office of*
*Douglas R. Dollinger, P.C.*
*& Associates, Counselors at Law*
*Admitted to Both*
*State and Federal Practice*

*Telephone*
845.741.9363

*Affiliated Offices*
San Francisco California
New York City New York

570 County Route 49
Middletown, New York 10940
ddollingeresq@gmail.com

November 7, 2025

Hon. Robert W. Lehrburger
US District Court-Southern District of New York
500 Pearl Street
New York, New York 10007

    **Re:** Response to Court's Order (ECF 573)
      Legal Basis for Consideration of Sealed Declaration (ECF 571)

Your Honor:

  Plaintiff Margaret Rhee-Karn and undersigned counsel respectfully submit this letter pursuant to the Court's November 6, 2025, Order (ECF 573), directing Plaintiff to explain the legal basis for the Court to consider the sealed declaration (ECF 571), filed in opposition to Defendant's motions and why Plaintiff's Declaration should not be stricken. This submission adheres strictly to the Court's instruction and does not discuss the declaration's substantive content.

  The declaration was prepared and filed under seal as a professional obligation of counsel and in direct compliance with the Court's prior instruction. It was not offered to advance new factual claims, but to assist the Court in evaluating the integrity of the record considering Defendant Lask's overall conduct in these proceedings. The submission is necessary to ensure that the Court's prior findings and the findings of other jurists presiding in this case remain intact, finding that the Defendant's submissions lacked candor or were improper, ensuring that they are not later undermined by selective or distorted filings available for proper appellate review.

  The Court's authority to review and retain the Declaration proper rebuttal is grounded in its inherent powers and Rules 59(e) and 60(b)(3) & (6). Federal courts possess inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962). That authority includes the discretion to consider sealed or in-camera materials necessary to protect the accuracy and integrity of the Court's record. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–46 (1991).

  Rules 59(e) and 60(b)(3) and (6) likewise permit the Court to review extra-record evidence when necessary to correct or prevent manifest injustice or fraud on the Court. *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) (describing Rule 60(b)(6) as a "grand reservoir of equitable power"). The declaration thus falls within the narrow class of materials a court may review to ensure that its orders and findings rest on a truthful evidentiary foundation.

Re: Response to Court's Order (ECF 573).
Date: November 7, 2025
Pg. 2

Plaintiff's response under seal is consistent with *Watson v. City of New York*, 157 A.D.3d 510 (1st Dept. 2018), because maintaining the seal is not intended to shield any party from scrutiny, but "to protect the integrity of the judicial process itself." Federal courts have recognized the same principle. See *United States v. Amodeo*, 71 F.3d 1044, 1048–49 (2d Cir. 1995) ("Higher values such as the integrity of the judicial process may justify restrictions on access."); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). Disclosure here would risk the very distortions the declaration was meant to correct. Retaining the declaration under seal and considering its content enables the Court—not the litigants—to verify the reliability of the record, free from manipulation or misuse.

Striking the declaration would remove from the Court a tool necessary to verify the authenticity of prior representations and to ensure that its findings regarding Defendant Lask's conduct remain supported by a complete record. Because the purpose of the filing is institutional and not adversarial, its consideration is essential to protect the Court's ability to enforce candor, deter fabrication, and uphold the credibility of its proceedings.

Moreover, the Court possesses inherent authority to safeguard the integrity of its own proceedings by investigating and addressing potential fraud on the court. *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 244–46 (1944); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–46 (1991); *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1118–19 (1st Cir. 1989). Because Defendant's motions seek to strike references related to the Court's findings and related conduct associated with the Plaintiff's Declaration, the Court may, within its collateral authority, consider evidence bearing on the truth of those references and, if appropriate, even hold a limited evidentiary hearing to ensure that the record accurately reflects the parties' conduct and that the Court's orders are predicated on fact rather than misrepresentation.

Finally, it cannot be ignored that Defendant's Exhibit "A" exemplifies her ongoing effort to conflate unrelated filings and distort the context of prior orders addressing here conduct, doing so in a transparent attempt to sidestep and otherwise misdirect the focal point of the Court's record findings. The inclusion of this document continues a pattern of misrepresentation already noted by this Court and others, and underscores the need for judicial oversight. The declaration referenced therein, filed in the New Mexico matter, was prepared as a matter of professional obligation on behalf of a client ADMI and submitted as required in that proceeding. My role was confined to fulfilling my ethical duty as ADMI's in-house counsel. I had neither control nor involvement in how or when it was filed. Its use here is wholly improper, serving no purpose other than as an attempt to intimidate opposing counsel and perpetuate reputational harm. I did not appear on the record in the matter itself, which is further evidence and proof of the extent the defendant will engage in her continued stalking of me and my clients.

The Court should view this tactic for what it is, a deliberate attempt to chill advocacy and manipulate the record of these proceedings through harassment, rather than proper argument. This act reflects the same predatory conduct Judge Preska found. It further demonstrates why the Court should consider and apply Plaintiff's Declaration as part of the sealed record and inherent powers to preserve the integrity of the record in these proceedings and others to follow. It is the responsibility of the Court to ensure the record remains intact for that purpose.

Re: Response to Court's Order (ECF 573).
Date: November 7, 2025
Pg. 3

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Decline to strike the sealed declaration at Dkt. 571;

2. Maintain the sealing order to preserve judicial integrity consistent with *Watson v. City of New York*; *United States v. Amodeo*, 71 F.3d 1044, 1048–49 (2d Cir. 1995); and *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

3. Consider the declaration and its exhibits (including Exhibits 1-7) in camera for the limited purpose of verifying the accuracy of the record and protecting the Court's own findings.

Respectfully,

*Douglas R. Dollinger, Esq.*
Douglas R. Dollinger, Esq.

DRD/mg ECF filed.