*Law Offices of*
***SUSAN CHANA LASK***

***244 Fifth Avenue, Suite 2369***
***New York, N.Y. 10001***

**(917) 300-1958** **www.appellate-brief.com**

**<u>VIA ECF</u>**
November 10, 2025

Honorable Robert W. Lehrburger
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: <u>Rhee-Karn v Lask Case No.: 15-cv-9946</u>

Dear Magistrate Lehrburger:

I write in response to Plaintiff's November 7 letter, filed today at Dkt. 575. Although the Court's November 6 Order to Show Cause directed only Plaintiff to supply legal authority, Defendant must respond because Plaintiff's submission is not limited to law. Instead, it injects extra-record factual assertions, new narratives, misstatements of controlling precedent, and fabricated quotations that—if left unaddressed—risk distorting the record relevant to the pending Rule 59(e), Rule 60(b), and Local Rule 6.3 motions. A limited response is therefore necessary to prevent an inaccurate record from being created through Plaintiff's improper filing and to assist the Court in identifying the fabrication and misuse of authority.

**1. Plaintiff Provides No Authority—Because None Exists**

Plaintiff claims that her submission was required by a "professional obligation" and by "the Court's prior instruction." Both statements are false. No such instruction was given, and any professional obligation would have required *not* filing the submission.

Plaintiff further admits the purpose of her filing is to "ensure" that her preferred narrative is available for appellate review. That admission confirms the improper purpose to influence the appellate record, in contravention to unequivocal law:

- **Local Rule 6.3**, **Rule 59(e)**, and **Rule 60(b)**: reconsideration is limited to matters previously before the Court. *Shrader*, *Virgin Atlantic*, *Kolel Beth Yechiel*.
- **Rule 60(b)(4)**: addresses jurisdictional defects, not factual supplementation.
- After a notice of appeal, the district court is **divested of jurisdiction** over any matter "embraced by the appeal," including factual supplementation. *Griggs*; *Toliver*.

Plaintiff cites no rule authorizing her new material because there is none. As such, Plaintiff has violated the court's order directing she provide law. Rather, she fabricated it, as follows.

**2. Plaintiff Again Cites Fabricated Authority/Quotes - Exactly the Pattern Previously Identified in Defendant's Motions**

Plaintiff's new letter repeats the same pattern of fabricated propositions, invented quotations and mischaracterized precedent that Defendant and this Court previously identified, and authorities that simply do not stand for what Plaintiff claims.

*a. Link and Chambers*

Plaintiff asserts that *Link* and *Chambers* authorize the Court to consider "sealed" extra-record materials to protect the "integrity of the Court's record." Not only is that false, but it is conceptually backwards. *Link* concerns dismissal for failure to prosecute. *Chambers* concerns sanctions. Neither provides a basis to expand a record on reconsideration or after a notice of appeal. *Chambers* expressly cautions that inherent authority cannot override the Federal Rules. If anything, Chambers supports sanctioning Plaintiff and counsel for abusing the judicial process.

Her reliance on sealing cases such as *Lugosch* and *Amodeo* is equally misplaced. Those cases concern the public right of access—not admissibility or post-appeal expansion of the record. The "fraud on the court" cases (e.g., *Hazel-Atlas*, *Aoude*) are extremely misleading. They do not answer this Court's OSC for a legal basis to consider extra-record filings in the extremely narrow context of the motions before it. Nor is *Aoude* from this Circuit. Those cases also involve a party filing a separate, noticed motion supported by clear-and-convincing evidence. Plaintiff filed no such motion, nor can she. The actual inherent power rule is the opposite of what Plaintiff represents. Inherent power cannot override the Federal Rules, which are Rule 59(e), 60(b)(4), Loc R 6.3, FRAP 10 and decisional law in *Griggs*. Plaintiff's taking of a narrow doctrine and stretching it into a free-floating-excuse to dump documents under the guise of sealing into a closed record is expressly forbidden.

Last, the court will recall all of Plaintiff's accusations regarding family-court representation, the second federal action, billing, education, and employment were raised in her complaint and rejected—first through Rule 12 and Rule 56 rulings, and again during the May, June, and July 2024 conferences where the Court ruled each irrelevant, stricken, and already adjudicated. Plaintiff now attempts to circumvent those rulings through a sealed evidentiary dump that is fraudulent in itself considering the law against it, and the law Plaintiff fabricated in her letter.

*b. Fake quotations from Sequa and Watson*

Plaintiff cites: "Sequa … describing Rule 60(b)(6) as a 'grand reservoir of equitable power.'" *Sequa* contains no such phrase. It does not authorize new evidence on a reconsideration motion and does not support post-judgment factual submissions. The quote is false and the cite is misleading and inapplicable.

Plaintiff cites: "Watson v. City of New York, 157 A.D.3d 510 (1st Dep't 2018), because maintaining the seal is not intended to shield any party from scrutiny, but 'to protect the

integrity of the judicial process itself.'" Once again, that quotation does not appear anywhere in *Watson*, which is a New York state discovery-sanctions decision under CPLR 3126, entirely irrelevant to federal reconsideration, Rule 60, or record expansion post-appeal.

At this point, the systemic problem is unmistakable. Plaintiff and counsel again rely on invented quotations and mischaracterized precedent—exactly the pattern Defendant identified in her sanctions motion and reconsideration motion. Plaintiff's letter does not engage the governing law; it simply repeats the conduct Your Honor's OSC sought to halt. DE 574.

**3. DE 571 Violates SDNY Local Rule 7.1**

Local Civil Rule 7.1 allows declarations only in support of or opposition to a motion. Plaintiff filed no motion, no opposition brief, and no procedural vehicle to which a declaration could attach. A free-standing declaration by a party who is not an attorney and its seven exhibits violate the Rule on their face. See, e.g., *Blue Bus Tours, LLC v. Gore*, 2025 WL 2816891, at *6 (E.D.N.Y. Oct. 3, 2025)* (enforcing Local Rule 7.1(a)).

**4. Plaintiff Weaponized the Public Docket Text in Violation of the Sealing Order**

Although DE. 571 was filed under seal, Plaintiff used the ECF description to publicly broadcast titles of her exhibits—referencing decades-old matters, employment, education, and other reputational allegations this Court has repeatedly held irrelevant. This tactic frustrates the purpose of sealing and causes immediate, irreversible prejudice. See *Gambale*, 377 F.3d at 142–44 ("the genie is out of the bottle"). The solution is straightforward: a neutral docket entry should replace the current descriptive one.

**5. Plaintiff's Claim About the New Mexico Order Misfires**

Plaintiff objects to the citation of the New Mexico order, but the reference served the narrow purpose stated in Defendant's prior letter: other federal courts have responded appropriately when counsel attempted to inject extrajudicial materials into ongoing proceedings. Plaintiff's objection underscores she has no legal basis for her filing and instead shifts to collateral grievances—the very behavior Your Honor's OSC addressed.

Plaintiff's "chilling advocacy" rhetoric is a deliberate inversion of reality. Plaintiff attempts to reframe Defendant's procedural objections - grounded in the Federal Rules, SDNY Local Rules, and binding appellate authority - as an effort "chill advocacy." That is legally baseless and structurally dishonest. Advocacy is protected, but fabricated quotations, false case law, sealed extra-record smears, and repeated accusations of "stalking" are not advocacy and are never insulated from scrutiny. The attempt to convert Plaintiff's own misconduct into a shield by labeling Defendant's objections as "harassment" only underscores the systemic problem: Plaintiff uses false citations and personal attacks to burden and distort these proceedings, then claims immunity by calling it "advocacy." Nothing in the Federal Rules or the case law supports this repeated tactic by Plaintiff to project her own misconduct onto others to wear out the Court and Defendant.

Thus, Plaintiff's renewed attempt to label Defendant as a "stalker" or "fabricator" has no grounding in any ruling of this Court. It is merely a continuation of the same improper personal-attack strategy this Court has previously rejected, struck, and instructed Plaintiff to stop.

**REQUESTED RELIEF**

Because Plaintiff cannot justify the sealed filing, and because both the submission and its docket text violate the Federal Rules, the Local Rules, and Your Honor's OSC (DE 574), Defendant respectfully requests that the Court:

1. **Strike and remove** Plaintiff's declaration and all seven exhibits (Dkt. 571) as procedurally improper and legally impermissible; and
2. **Direct the Clerk** to replace the current ECF descriptions with a neutral entry such as: *"Declaration filed under seal" and "Exhibit 1-7"*

Striking is required because, on appeal, the automated docket-retrieval system transmits every docket entry unless the district court formally strikes it. Merely declining to consider the filing does not prevent its inclusion in the appellate record or avoid an improper post-appeal expansion of that record. This relief is necessary to preserve record integrity, enforce the limits of reconsideration practice, and prevent further misuse of sealed filings for reputational attack.

Very truly yours,

**LAW OFFICES OF SUSAN CHANA LASK**

/s/ Susan Chana Lask
**SUSAN CHANA LASK**