```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MARGARET RHEE-KARN,                            :
                                               :
                        Plaintiff,             :        15-CV-9946 (RWL)
                                               :
        - against -                            :
                                               :        ORDER
SUSAN CHANA LASK, ESQ.,                        :
                                               :
                        Defendant.             :
-------------------------------------------------------------X
```

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This attorney malpractice case has been tried; post-trial motions have been fully resolved; judgment has been entered; and Defendant Lask has filed an appeal. Collateral disputes nonetheless have persisted, as the parties and attorneys continue to seek sanctions against each other and take issue with the Court's rulings on those motions. On October 9, 2025, the Court issued an order denying Lask's motion for sanctions against Plaintiff and her attorney, Douglas Dollinger, for their conduct during the litigation. (Dkt. 562 (the "October 9 Order").) On October 20, 2025, the Court issued an order denying Plaintiff and Dollinger's request for reconsideration of the Court's October 9, 2025, which they filed even though the Court ruled in their favor. (Dkt. 565. (the "October 20 Order).)

On October 24, 2025, Lask filed her own motion for reconsideration of the October 9 Order. (Dkt. 566.) Then, on November 3, 2025, Lask filed another motion concerning both the October 9 Order and the October 20 Order, seeking to have portions of them vacated as *ultra vires* in light of her pending appeal. (Dkt. 567.) Neither motion has merit.

1

**Motion For Reconsideration**

Lask's brief argues that the October 9 Order erred in mischaracterizing the record, wrongly accusing Lask of having engaged in misrepresentations, fabrications, and vexatious conduct, and thereby demonstrating the Court's bias and personal animus. (Dkt. 566-1 ("Def. Mem.").)  The Court does not agree.

First, Lask misconstrues the Court's remark in the October 9 Order asking "Should the Court sanction Lask for these misrepresentations and fabrications?" (*See* Def. Mem. at 3-4.)  The Court posed that rhetorical question after having demonstrated that both Dollinger and Lask made mistakes, miscited matters, and asserted unsuccessful arguments that did ***not*** warrant imposing sanctions.  (*See* October 9 Order at 3-5.)  Far from branding Lask's errors as sanctionable conduct, the Court employed them to explain in part why the Court declined to impose sanctions on Dollinger.

Second, the Court finds no error in its discussion of the law about litigants' citation to non-existing or miscited cases whether due to use of artificial intelligence or otherwise. (*See* Def. Mem. at 5-6.)  The Court observed, correctly, that some courts had imposed sanctions and some have not, and that the Second Circuit's decision in *Park v. Kim*, 91 4.th 610, 615 (2d Cir. 2024) did not "mandate" sanctions as characterized by Lask. (October 9 Order at 4.)

Third, the Court did not err in asserting that the jury awarded Plaintiff $40,300 in damages for malpractice.  (*See* Def. Mem. at 9-10.)  That is exactly what happened.  The jury verdict form, which Lask did not object to, posed one question, which the jury answered:  "What amount of damages, if any, do you find were caused by Defendant Lask's malpractice with respect to the First Federal Action?"  (*See* Dkt. 452.)  The jury

2

wrote in "$40,300." (*Id.*)  That Lask already had been found liable for malpractice on summary judgment, affirmed on appeal, does not change the fact that the jury determined the amount of, and awarded damages, to Plaintiff caused by Lask's malpractice. According to Lask, "[t]he correct description is: 'After summary judgment found a limited the [sic] measure of recoverable damages to fees paid for the filing of a first federal action, the case proceeded to a jury solely limited to determine what portion of those fees applied. The jury awarded $40,300.'"  (Def. Mem. at 10.)  That may be Lask's preferred formulation, but there is nothing "legally incorrect" about the Court's explanation of what the jury did.

Fourth, the Court did not err in stating that Lask had "vexatiously protracted the litigation." (*See* Def. Mem. at 7-8.)  The October 9 Order noted that Lask's motion for sanctions was an example, having been based in large part, and belatedly, on matters that could and should have been raised in post-trial briefing and the deadlines previously set by the Court.[1] (*See* October 9 Order at 5.)  Lask argues that her sanctions motion cannot be considered vexatious and untimely because both the Supreme Court and the Second Circuit recognize the propriety of making sanctions motions after determination

---

[1] Another example is Lask's insistence that neither the summary judgment decision nor the Second Circuit's affirmance found her liable for legal malpractice even though they expressly did so. *Compare* Dkts. 361 at 6 (arguing in limine that Lask had not been found liable for legal malpractice), 367 at 3 (arguing in limine that the determination that Lask had committed malpractice was not law of the case and that "[a]ll that order did was to affirm this court's March, 2020 summary judgment finding of negligence - not legal malpractice), *with Rhee-Karn v. Lask*, 2020 WL 1046595, at *6 (S.D.N.Y. Mar. 4, 2020) ("Rhee-Karn is entitled to summary judgment on her legal malpractice claim in connection with Lask's filing of the First Federal Action"), *reconsideration denied*, 2020 WL 1435646 (Mar. 24, 2020), *aff'd Rhee-Karn v. Lask*, 2022 WL 619695, at *2 (Mar. 3, 2022) ("We agree that Rhee-Karn is entitled to entitled to summary judgment on her legal malpractice claim in connection with the first federal action").

of the merits to avoid piecemeal litigation. (Def. Mem. at 7-8.) The propriety of post-merits sanctions motions is beside the point. None of the cases Lask cites say that a Court may not impose deadlines to file sanctions motions for past conduct.

Lask suggests that the motion deadline was merely an option for her to try "her best," but ignores the Court's statement that the deadline was "definite" (October 9 Order at 1 (citing Trial Tr. 434-35)), and she eschews the scheduling order requiring all post-trial motions, including "Defendant's motion for sanctions" (Dkt. 453), to be filed by September 23, 2024. (*See* Def. Mem. at 7-8.) Lask then states that the October 9 Order "incorrectly asserts that sanctions were required to be filed by September 2024" (Def. Mem. at 8), while overlooking that the October 9 Order expressly stated that several extensions of the deadline were granted resulting in Lask having filed her post-trial motion on December 9, 2024. (October 9 Order at 2.)

In any event, Lask's argument again misses the point. The Court did not find Lask's sanctions motion belated because she filed it in December 2024 instead of in September 2024. Rather, the motion was belated because Lask filed it on September 25, 2025, more than nine months after the extended deadline. Had Lask wanted to object to the earlier deadline, she could have done so but did not. She instead asked for or consented to multiple extensions of the deadline, which the Court granted. (*See* Dkts. 474, 476, 480, 482, 484, 492.) Had she wanted to hold off on her sanctions motion altogether until after the completion of post-trial motions, she could have asked to do so but did not. Had she been concerned about piecemeal litigation of sanctions, she could have said so but did not. And, to be clear, the October 9 Order expressly acknowledged the part of Lask's sanctions motion that could not have been raised earlier – because it

4

concerned conduct in connection with the post-trial briefing – and addressed it on the merits. (October 9 Order at 3-5 (discussing the "one aspect of Lask's motion that concerns conduct of more recent vintage that could not have been addressed in the earlier post-trial motions").)

Fifth, Lask once again raises concerns about the Court's discussion of Judge Preska's recusal order stating Judge Preska's view that Lask had been stalking her and her chambers staff. (Def. Mem. at 1-2.) But Lask's grievance is directed to the Court's August 27, 2025 Order for which Lask did not seek reconsideration. (*See* Def. Mem. at 10-11.) Regardless, as set forth in the August 27, 2025 Order, there was nothing "false and misleading" about the two references to "stalking" at issue – one reference accurately described what Plaintiff "complains" of; the other accurately described Judge Preska's recusal order, quoting it verbatim. (Dkt. 555.)

Lask also takes issue with statements regarding Judge Preska's recusal in the October 9 and October 20 Orders. In those orders, the Court only referred to the stalking allegation in noting that it agreed with Lask that "no evidentiary findings had been made in that regard." (October 9 Order at 2; *see also* October 20 Order (noting the "Court agreed with Lask that no evidentiary findings had been made to determine whether Lask engaged in stalking").) None of those orders "needlessly repeat[ed Judge] Preska's recusal language"; instead, the Court appropriately addressed arguments the parties – often Lask – raised. (Def. Mem. at 1 n.1.)

Sixth, although the October 9 Order noted Lask's failure to file a pre-motion conference letter as required by the Court's individual rules of practice, the Court did not deny Lask's motion on that basis. (*See* October 9 Order at 2-3.)

5

Seventh, Lask predicates her motion on the Second Circuit's decisions in *Keach v. County of Schenectady*, 593 F.3d 218 (2d Cir. 2010), and *Mickle v. Morin*, 297 F.3d 114 (2d Cir. 2002). (Dkt. 566.) Neither case warrants reconsideration here. In *Keach*, the district court questioned an attorney's "candor and honesty" and found the attorney's conduct "troubling" but did not explicitly find that the attorney had breached a rule of professional conduct and did not impose sanctions. The Court of Appeals declined jurisdiction of the attorney's appeal, holding that "the district court's comments were in the nature of the kind of routine judicial commentary." 593 F.3d at 225 (internal quotation marks omitted). So too here. In *Mickle*, the court reversed the district court's imposition of sanctions without having afforded the attorney an opportunity to be heard. Here, in contrast, the Court did not impose any sanctions.

Finally, the Court does not harbor any "bias [or] personal animus" toward any party or attorney. (Def. Mem. at 2.) While the Court has at times taken issue with attorney and party conduct in this case, it has done so with respect to both sides as the circumstances warrant.

As the Court finds no error, oversight of law or fact, or manifest injustice, Lask's motion for reconsideration of the October 9 Order is denied. *See Virgin Atlantic Airways, Ltd. v. National Mediation Board*, 956 F.2d 1245, 1255 (2d Cir.1992) ("The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice") (internal quotation marks omitted). To the extent not discussed herein, the Court has considered all of Lask's arguments and finds them to be either moot or without merit.

**Motion To Vacate**

Lask's motion to vacate focuses on comments in the October 9 Order and the October 20 Order concerning Lask's conduct in this litigation. (*See* Dkt. 567, seeking to vacate and strike language from the October 9 Order referring to Lask's "misrepresentations and fabrications," "meritless arguments," and "vexatiously protracting" the litigation; and related language from the October 20 Order asserting that Lask engaged in personal attacks and "name-calling").) The Court already has explained why those references should not be stricken in connection with Lask's motion for reconsideration discussed above. Much of Lask's motion to vacate raises arguments she made in support of her motion for reconsideration. The Court need not revisit them here.

The Court will address, however, Lask's new *ultra vires* argument. Lask argues that the statements concerning her conduct in the October 9 Order and October 20 Order are *ultra vires* rulings for which the Court does not have jurisdiction since Lask filed her appeal on August 13, 2025. (*See* Dkt. 540.) "The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S. Ct. 400 (1982). However, a district court retains jurisdiction to resolve collateral issues such as motions for sanctions. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395-96, 110 S. Ct. 2447 (1990) ("a federal court may consider collateral issues after an action is no longer pending," including motions for costs, attorney's fees, contempt sanctions, and Rule 11 sanctions because they are "not a judgment on the merits of an action"); *Tancredi v. Metropolitan Life Insurance Co.*, 378 F.3d 220, 225 (2d Cir. 2004) ("notwithstanding a

7

pending appeal, a district court retains residual jurisdiction over collateral matters, including claims for attorneys' fees"); *Wilson v. Dynatone Publishing Co.*, No. 16-CV-104, 2018 WL 485970, at *4 (S.D.N.Y. Jan. 18, 2018) (even after a "final decision," a district court retains jurisdiction over collateral matters, including sanctions under Rule 11 and relief from judgment under Rule 60(b)).  The October 9 Order, resolving a motion for sanctions, and the October 20 Order, resolving Plaintiff's motion for reconsideration denying sanctions, are collateral and therefore not *ultra vires*.

Lask asserts that the Court's statements about her conduct in the October 9 Order and October 20 Order "are matters intertwined with the appeal."  (Dkt. 567-1 at 4.)  That is not correct.  The appeal addresses the judgment (damages awarded for legal malpractice), the orders subsumed therein, and the Court's denial of Lask's post-trial motions.  (See Dkt. 540 (Notice of Appeal).)  One of Plaintiff's post-trial motions sought an award of attorney's fees as a sanction against Lask based on her litigation conduct.  (Dkt. 494.)  In resolving that motion, the Court found, *inter alia*, that some of Lask's counterclaims were "legally deficient on their face" but observed that Lask had voluntarily withdrawn them (Dkt. 551 at 40-41), and referenced an earlier order commenting that both Lask and Dollinger had exhibited "a degree of unprofessionalism ill befitting attorneys appearing in this court" (*id.* at 42-43).  The Court, however, denied Plaintiff's motion for sanctions against Lask, finding that Plaintiff had not established Lask's bad faith.  (*Id.* at 43.)  Although Lask has filed an appeal of rulings against her, Plaintiff has not.  Lask's litigation conduct thus is not at issue on appeal.[2]

---

[2] Even if the Court lacked authority to grant the relief about which Lask complains due to the pending appeal, Federal Rule of Civil Procedure permits the district court to deny it, which is what the Court did.  Fed. R. Civ. P. 62.1(a)(2).

8

To the extent not discussed above, the Court has considered Lask's other arguments and finds them to be without merit.

The Clerk of Court is respectfully directed to terminate the motion at Dkts. 566 and 567.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: November 11, 2025
   New York, New York

Copies transmitted on this date to all counsel of record.